**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA,[1] | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION OF DEBTOR FOR ENTRY OF ORDER**
**APPOINTING EPIQ CORPORATE RESTRUCTURING, LLC AS**
**CLAIMS AND NOTICING AGENT EFFECTIVE AS OF PETITION DATE**

Yueting Jia, as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), hereby submits this application (this "Section 156(c) Application"),[2] pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), appointing Epiq Corporate Restructuring, LLC ("Epiq") as the claims and noticing agent in the Debtor's chapter 11 case effective as of the Petition Date (as defined below).  In support of this Section 156(c) Application, the Debtor relies upon the *Declaration of Susan Persichilli in Support of Application of Debtor for Entry of Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of Petition Date* (the "Persichilli Declaration"), a copy of which is attached hereto as **Exhibit B**.  In further support of this Section 156(c) Application, the Debtor respectfully states as follows:

---

[1]  The last four digits of the Debtor's federal tax identification number is 8972.  The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA  90275.

[2]  The facts and circumstances supporting the relief requested herein are set forth in the Omnibus Declaration (as defined below), filed contemporaneously herewith and incorporated herein by reference.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Declaration.

## JURISDICTION

1.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order or judgment by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgements consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2002, Local Rule 2002-1(f), and the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)*, instituted by the Office of the Clerk of the Bankruptcy Court (the "Clerk") on February 1, 2012 (the "Claims Agent Protocol").

## BACKGROUND

4.      On October 14, 2019 (the "Petition Date"), the Debtor commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtor is authorized to remain in possession of his property and continue managing his affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in this chapter 11 case.

5.      Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the

DOCS_DE:225760.2 46353/001

omnibus declaration filed in support of this and other retention applications (the "Omnibus Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

6.      By this Section 156(c) Application, the Debtor seeks entry of the Order appointing Epiq to act as the claims and noticing agent in the Debtor's chapter 11 case (the "Claims and Noticing Agent") to assume full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in the Debtor's chapter 11 case effective as of the Petition Date.  The terms of Epiq's proposed retention are set forth in that certain Standard Services Agreement between Epiq and the Debtor, dated as of October 6, 2019 (the "Retention Agreement"),[3] a copy of which is attached hereto as **Exhibit C**. Notwithstanding the terms of the Retention Agreement, the Debtor is seeking to retain Epiq solely on the terms set forth in this Section 156(c) Application and the Order.

7.      By separate application, the Debtor will seek authorization to retain and employ Epiq as administrative advisor in this chapter 11 case, pursuant to section 327(a) of the Bankruptcy Code, as the administration of this chapter 11 case may require Epiq to perform duties outside the scope of 28 U.S.C. § 156(c).

## EPIQ'S QUALIFICATIONS AND NEED FOR EPIQ'S SERVICES

8.      Epiq is one of the country's leading chapter 11 administrators, with significant expertise in noticing, claims administration, soliciting, balloting, and facilitating other administrative aspects of chapter 11 cases.  Epiq has acted as the claims and noticing agent in

---

[3]  Epiq has agreed to provide claims and noticing services to the Debtor at the rates stated on the pricing schedule attached to the Retention Agreement.  Epiq may provide such services at the same rates to counsel for any official committee appointed in this chapter 11 case, and any other party in interest upon request.

numerous recent cases of varying size and complexity, including a number of recent cases filed in this District.[4]

9.      The appointment of Epiq as the Claims and Noticing Agent in this chapter 11 case will expedite the distribution of notices and the processing of claims, facilitate other administrative aspects of this chapter 11 case, and relieve the Clerk of these administrative burdens.  Also, the claims administration and noticing functions in this case may be particularly challenging due to the large Chinese creditor base.  The Debtor believes that the appointment of Epiq as the Claims and Noticing Agent will thus serve to maximize the value of the Debtor's estate for all stakeholders.

## SCOPE OF SERVICES

10.      This Section 156(c) Application pertains only to the services to be performed by Epiq under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f).  Any services to be performed by Epiq that are set forth in the Retention Agreement but outside of the scope of 28 U.S.C. § 156(c) are not covered by this Section 156(c) Application or by the Order.  Specifically, Epiq will perform the following tasks in its role as the Claims and Noticing Agent, as well as all quality control relating thereto (collectively, the "Claims and Noticing Services"), to the extent requested by the Debtor:

a.      Prepare and serve required notices and documents in this chapter 11 case in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtor and/or the Court, including, if

---

[4]  *See, e.g.*, *In re RUI Holding Corp.,* Case No. 19-11509, (JTD) (Bankr. D. Del. Jul. 7, 2019); *In re THG Holdings LLC,* Case No. 19-11689 (JTD) (Bankr. D. Del. Jul 30, 2019); *In re HDR Holding, Inc.,* Case No. 19-11396 (MFW) (Bankr. D. Del. Jun. 24, 2019); *In re Joerns WoundCo Holdings, Inc.,* Case No. 19-11401 (JTD) (Bankr. D. Del. June 24, 2019); *In re Insys Therapeutics, Inc.,* Case No. 19-11292 (KG) (Bankr. D. Del. Jun 10, 2019); *In re Kona Grill, Inc.,* Case No. 19-10953 (CSS) (Bankr. D. Del. Apr. 30, 2019); *In re WMC Mortgage, LLC,* Case No. 19-10879 (CSS) (Bankr. D. Del. Apr. 23, 2019); *In re F+W Media, Inc.,* Case No. 19-10479 (KG) (Bankr. D. Del. Mar. 10, 2019); *In re Avadel Specialty Pharmaceuticals, LLC,* Case No. 19-10248 (CSS) (Bankr. D. Del. Feb 06, 2019); *In re HCR ManorCare, Inc.,* Case No. 18-10467 (KG) (Bankr. D. Del. Mar. 6, 2018); *In re Herald Media Holdings, Inc.,* Case No. 17-12881 (LSS) (Bankr. D. Del. Dec. 8, 2017); and *In re Maurice Sporting Goods, Inc.*, Case No. 17-12481 (CSS) (Bankr. D. Del. Nov. 20, 2017).

applicable, (i) notice of the commencement of this chapter 11 case and the initial meeting of creditors under section 341(a) of the Bankruptcy Code (as applicable), (ii) notice of any claims bar date (as applicable), (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the a plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan or plans, and (vii) all other notices, orders, pleadings, publications, and other documents as the Debtor or the Court may deem necessary or appropriate for an orderly administration of this chapter 11 case;

b.    If applicable, maintain an official copy of the Debtor's schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules"), listing the Debtor's known creditors and the amounts owed thereto;

c.    Maintain (i) a list of all potential creditors, equity holders, and other parties in interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rules 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party in interest or the Clerk;

d.    Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim;

e.    Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

f.    For *all* notices, motions, orders or other pleadings or documents served, prepare and file or caused to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

g.    Process all proofs of claim received, including those received by the Clerk, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h.    Maintain an electronic platform for purposes of filing proofs of claim;

i.    Maintain the official claims register for the Debtor (the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with a certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed: (i) the claim

5

number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), and (vi) any disposition of the claim;

j. Provide public access to the Claims Register, including complete proofs of claim with attachments, if any, without charge;

k. Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original proofs of claim;

l. Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

m. Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to Epiq's offices, not less than weekly;

n. Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Register for the Clerk's review (upon the Clerk's request);

o. Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Register and any service or mailing lists, including to identify and eliminate duplicate names and addresses from such lists;

p. Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

q. Assist in the dissemination of information to the public and respond to requests for administrative information regarding this chapter 11 case as directed by the Debtor or the Court, including through the use of a case website and/or call center;

r. Monitor the Court's docket in this chapter 11 case and, when filings are made in error or containing errors, alert the filing party of such error and work with them to correct any such error;

s. If this chapter 11 case is converted to chapter 7 of the Bankruptcy Code, contact the Clerk's office within three (3) days of the notice to Epiq of entry of the order converting the case;

t. Thirty (30) days prior to the close of this chapter 11 case, to the extent practicable, request that the Debtor submit to the Court a proposed order dismissing Epiq as Claims and Noticing Agent and terminating its services

in such capacity upon completion of its duties and responsibilities and upon the closing of this chapter 11 case;

u.     Within seven (7) days of notice to Epiq of entry of an order closing this chapter 11 case, provide to the Court the final version of the Claims Register as of the date immediately before the close of the case; and

v.     At the close of this chapter 11 case, (i) box and transport all original documents, in proper format, as provided by the Clerk's office, to (A) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154-1096 or (B) any other location requested by the Clerk's office; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

11.     The Claims Register shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Epiq.

## **COMPENSATION**

12.     The Debtor is proposing to compensate Epiq for the Claims and Noticing Services set forth above in accordance with the pricing schedule attached to the Retention Agreement.  The Debtor respectfully requests that the undisputed fees and expenses incurred by Epiq in the performance of the Claims and Noticing Services be treated as administrative expenses of the Debtor's chapter 11 estate pursuant to 28 U.S.C. § 156(c) and 11 U.S.C. § 503(b)(l)(A) and be paid in the ordinary course of business without further application to or order of the Court.

13.     Epiq agrees to maintain records of all Claims and Noticing Services, including dates, categories of Claims and Noticing Services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtor, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), counsel for the Debtor, counsel for any statutory committee, and any party in interest that specifically requests service of the monthly invoices.  If any dispute arises relating to the Retention Agreement or monthly invoices, the parties shall meet

7

and confer in an attempt to resolve the dispute.  If resolution is not achieved, the parties may

seek resolution of the matter from the Court.

14.     Before the Petition Date, the Debtor provided Epiq a retainer in the

amount of $15,000.00.  Epiq seeks to first apply the retainer to all prepetition invoices, which

retainer shall be replenished to the original retainer amount of $15,000.00 and, thereafter, to hold

the retainer as security of payment of Epiq's final invoice for services rendered and expenses

incurred in performing the Claims and Noticing Services.

15.     Additionally, under the terms of the Retention Agreement, the Debtor has

agreed, subject to certain exceptions, to indemnify, defend, and hold harmless Epiq and its

affiliates, parent, officers, members, directors, agents, representatives, managers, consultants,

and employees, under certain circumstances specified in the Retention Agreement, except in

circumstances resulting from Epiq's gross negligence or willful misconduct or as otherwise

provided in the Retention Agreement or the Order.  The Debtor believes that such an

indemnification obligation is customary, reasonable, and necessary to retain the services of a

Claims and Noticing Agent in this chapter 11 case.

## EPIQ'S DISINTERESTEDNESS

16.     Although the Debtor does not propose to employ Epiq under section 327

of the Bankruptcy Code pursuant to this Section 156(c) Application (such retention will be

sought by separate application), Epiq has nonetheless reviewed its electronic database to

determine whether it has any relationships with the creditors and parties in interest provided by

the Debtor, and, to the best of the Debtor's knowledge, information, and belief, and except as

disclosed in the Persichilli Declaration, Epiq has represented that it neither holds nor represents

any interest materially adverse to the Debtor's estate in connection with any matter on which it

would be employed.

8

17.    Moreover, in connection with its retention as Claims and Noticing Agent, Epiq represents in the Persichilli Declaration, among other things, that:

 a.    Epiq is not a creditor of the Debtor;

 b.    Epiq will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in this chapter 11 case;

 c.    By accepting employment in this chapter 11 case, Epiq waives any rights to receive compensation from the United States government in connection with this chapter 11 case;

 d.    In its capacity as the Claims and Noticing Agent in this chapter 11 case, Epiq will not be an agent of the United States and will not act on behalf of the United States;

 e.    Epiq will not employ any past or present employees of the Debtor in connection with its work as the Claims and Noticing Agent in this chapter 11 case;

 f.    Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

 g.    In its capacity as Claims and Noticing Agent in this chapter 11 case, Epiq will not intentionally misrepresent any fact to any person;

 h.    Epiq shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

 i.    Epiq will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

 j.    None of the services provided by Epiq as Claims and Noticing Agent in this chapter 11 case shall be at the expense of the Clerk's office.

18.    Epiq will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## BASIS FOR RELIEF REQUESTED

19.    The Court is permitted to appoint Epiq as Claims and Noticing Agent in this chapter 11 case.  Pursuant to 28 U.S.C. § 156(c), the Court is authorized to utilize agents and

9

facilities other than the Clerk for the administration of bankruptcy cases.  Specifically, 28 U.S.C.

§ 156(c) provides, in relevant part, as follows:

> Any court may utilize facilities or services, either on or off the
> court's premises, which pertain to the provision of notices,
> dockets, calendars, and other administrative information to parties
> in cases filed under the provisions of title 11, United States Code,
> where the costs of such facilities or services are paid for out of the
> assets of the estate and are not charged to the United States.

11 U.S.C. § 105(a).  Moreover, Bankruptcy Rule 2002, which regulates the notices that must be

provided to creditors and other parties in interest in a bankruptcy case, provides that the Court

may direct that a person other than the Clerk give notice of the various matters described therein.

*See* Fed. R. Bankr. P. 2002.  In addition, Local Rule 2002-1(f) provides that "[u]pon motion of

the debtor or trustee, at any time without notice or hearing, the Court may authorize the retention

of a notice and/or claims clerk under 28 U.S.C. § 156(c)."  Del. Bankr. L.R. 2002-1(f).

20.    The appointment of Epiq as Claims and Noticing Agent will help to

expedite and more efficiently facilitate the administration of this chapter 11 case, and will relieve

the Clerk's office of administrative burdens.  For these reasons, the Debtor respectfully submits

that Epiq's appointment as Claims and Noticing Agent is necessary and in the best interests of

the Debtor and his estate and will serve to maximize the value of the Debtor's estate for all

stakeholders.

## COMPLIANCE WITH CLAIMS AGENT PROTOCOL

21.    The Debtor's selection of Epiq to act as the Claims and Noticing Agent

has satisfied the Claims Agent Protocol, in that the Debtor has obtained and reviewed

engagement proposals from at least two other court-approved claims and noticing agents to

ensure selection through a competitive process.  Moreover, the Debtor submits, based on all

engagement proposals obtained and reviewed, that Epiq's rates are competitive and reasonable given Epiq's quality of services and expertise.

## **RELIEF AS OF PETITION DATE IS APPROPRIATE**

22.     In accordance with the Debtor's request, Epiq has agreed to serve as Claims and Noticing Agent on and after the Petition Date with assurances that the Debtor would seek approval of its employment and retention, effective as of the Petition Date, so that Epiq can be compensated for services rendered before approval of this Section 156(c) Application.  The Debtor believes that no party in interest will be prejudiced by the granting relief as of the Petition Date as proposed in this Section 156(c) Application, because Epiq has provided and continues to provide valuable services to the Debtor's estate during the interim period.

23.     Accordingly, the Debtor respectfully requests entry of the Order authorizing the Debtor to retain and employ Epiq as Claims and Noticing Agent effective as of the Petition Date.

## **NOTICE**

24.     Notice of this Section 156(c) Application will be provided to (a) the Office of the U.S. Trustee; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the United States Attorney's Office for the District of Delaware; (d) the Internal Revenue Service; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  As this Section 156(c) Application is seeking "first day" relief, the Debtor will serve copies of this Section 156(c) Application and any order entered in respect of this Section 156(c) Application as required by Local Rule 9013-1(m).  The Debtor believes that no further notice is required.

25.     A copy of this Section 156(c) Application is available the website maintained by Epiq, at https://dm.epiq11.com/case/YT1

WHEREFORE the Debtor respectfully requests entry of the Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 16, 2019                    PACHULSKI STANG ZIEHL & JONES LLP
Wilmington, Delaware


                                            _/s/ James E. O'Neill_
                                            Richard M. Pachulski (CA Bar No. 90073)
                                            Jeffrey W. Dulberg (CA Bar No. 181200)
                                            Malhar S. Pagay (CA Bar No. 189289)
                                            James E. O'Neill (DE Bar No. 4042)
                                            919 N. Market Street, 17th Floor
                                            PO Box 8705
                                            Wilmington, DE  19801-8705 (Courier 19801)
                                            Telephone: 302-652-4100
                                            Facsimile: 302-652-4400
                                            Email: rpachulski@pszjlaw.com
                                                   jdulberg@pszjlaw.com
                                                   mpagay@pszjlaw.com
                                                   joneill@pszjlaw.com


                                            *[Proposed] Counsel for Debtor and Debtor in Possession*