**<u>EXHIBIT B</u>**

**Persichilli Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA, [1] | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DECLARATION OF SUSAN PERSICHILLI IN SUPPORT**
**OF APPLICATION OF DEBTOR FOR ENTRY OF ORDER**
**APPOINTING EPIQ CORPORATE RESTRUCTURING, LLC AS**
**CLAIMS AND NOTICING AGENT EFFECTIVE AS OF PETITION DATE**

I, Susan Persichilli, being duly sworn, state the following under penalty of perjury and that the following is true to the best of my knowledge, information and belief:

1.       I am a Consultant with Epiq Corporate Restructuring, LLC ("Epiq"), with offices located at 777 3rd Ave., 12th Floor, New York, NY 10017.  I am authorized to submit this declaration (this "Declaration") in support of the *Application of Debtor for Entry of Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of Petition Date* (the "Section 156(c) Application").[2]  Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.       Epiq is one of the country's leading chapter 11 administrators, with significant expertise in noticing, claims administration, soliciting, balloting, and facilitating other administrative aspects of chapter 11 cases.  Epiq has acted as the claims and noticing agent in numerous recent cases of varying size and complexity, including the following recent cases filed in this District:  *In re   RUI Holding Corp.,* Case No. 19-11509 (JTD) (Bankr. D. Del. Jul. 7,

---

[1]  The last four digits of the Debtor's federal tax identification number is 8972.  The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA  90275.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Section 156(c) Application.

2019); *In re THG Holdings LLC,* Case No. 19-11689 (JTD) (Bankr. D. Del. Jul 30, 2019); *In re: HDR Holding, Inc.,* Case No. 19-11396 (MFW) (Bankr. D. Del. Jun. 24, 2019); *In re Joerns WoundCo Holdings, Inc.,* Case No. 19-11401 (JTD) (Bankr. D. Del. June 24, 2019); *In re Insys Therapeutics, Inc.,* Case No. 19-11292 (KG) (Bankr. D. Del. Jun 10, 2019); *In re: Kona Grill, Inc.,* Case No. 19-10953 (CSS) (Bankr. D. Del. Apr. 30, 2019); *In re WMC Mortgage, LLC,* Case No. 19-10879 (CSS) (Bankr. D. Del. Apr. 23, 2019); *In re F+W Media, Inc.,* Case No. 19-10479 (KG) (Bankr. D. Del. Mar. 10, 2019); *In re Avadel Specialty Pharmaceuticals, LLC,* Case No. 19-10248 (CSS) (Bankr. D. Del. Feb 06, 2019); *In re HCR ManorCare, Inc.*, Case No. 18-10467 (KG) (Bankr. D. Del. Mar. 6, 2018); *In re Herald Media Holdings, Inc.*, Case No. 17-12881 (LSS) (Bankr. D. Del. Dec. 8, 2017); and *In re Maurice Sporting Goods, Inc.*, Case No. 17-12481 (CSS) (Bankr. D. Del. Nov. 20, 2017).

3.      As agent and custodian of the Court records pursuant to 28 U.S.C. § 156(c), Epiq will perform, at the request of the Clerk's office, the noticing and claims services specified in the Section 156(c) Application and Retention Agreement.  In addition, at the Debtor's request, Epiq will perform such other claims and noticing services specified in the Section 156(c) Application.  For the avoidance of doubt, pursuant to the Retention Agreement, Epiq will perform the Claims and Noticing Services for the Debtor in this chapter 11 case.

4.      Subject to Court approval, the Debtor has agreed to compensate Epiq for professional services rendered pursuant to 28 U.S.C. §156(c) in connection with this chapter 11 case according to the terms and conditions of the Retention Agreement.  Payments are to be based upon the submission of a billing statement by Epiq to the Debtor after the end of each calendar month which includes a detailed listing of services and expenses.  Epiq has received a $15,000.00 retainer from the Debtor and will first apply the retainer to all prepetition invoices,

which retainer shall be replenished to the original retainer amount of $15,000.00 and, thereafter, to hold the retainer as security of payment of Epiq's final invoice for services rendered and expenses incurred in performing the Claims and Noticing Services.

5.      Epiq represents, among other things, the following:

a.      Epiq is not a creditor of the Debtor;

b.      Epiq will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in this chapter 11 case;

c.      By accepting employment in this chapter 11 case, Epiq waives any rights to receive compensation from the United States government in connection with this chapter 11 case;

d.      In its capacity as the Claims and Noticing Agent in this chapter 11 case, Epiq will not be an agent of the United States and will not act on behalf of the United States;

e.      Epiq will not employ any past or present employees of the Debtor in connection with its work as the Claims and Noticing Agent in this chapter 11 case;

f.      Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

g.      In its capacity as Claims and Noticing Agent in this chapter 11 case, Epiq will not intentionally misrepresent any fact to any person;

h.      Epiq shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

i.      Epiq will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

j.      None of the services provided by Epiq as Claims and Noticing Agent in this chapter 11 case shall be at the expense of the Clerk's office.

6.      Although the Debtor does not propose to retain Epiq under section 327 of the Bankruptcy Code pursuant to the Section 156(c) Application (such retention will be sought by separate application), I caused to be submitted for review by our conflicts system the names

of identified potential parties in interest (the "Potential Parties in Interest") in this chapter 11 case.  The list of Potential Parties in Interest was provided by the Debtor and is attached hereto as Schedule 1.  Epiq is not aware of any relationship that would present a disqualifying conflict of interest.  To the extent that Epiq's conflicts check has revealed that certain Potential Parties in Interest were current or former clients of Epiq within the past three years, these parties have been identified on a list annexed hereto as Schedule 2 (the "Client Match List").  However, given Epiq's neutral position as claims and noticing agent or administrative advisor for any parties listed on the Client Match List, Epiq does not view such relationships as real or potential conflicts.  Further, to the best of my knowledge, any such relationship between Epiq and any parties on the Client Match List is completely unrelated to this chapter 11 case.

7.      In addition, to the best of my knowledge, none of Epiq's employees are related to bankruptcy judges in the District of Delaware, the United States Trustee for Region 3, any attorney known by Epiq to be employed in the Office of the United States Trustee serving the District of Delaware or are equity security holders of the Debtor.

8.      To the best of my knowledge, and based solely upon information provided to me by the Debtor, and except as provided herein, neither Epiq, nor any of its professionals, has any materially adverse connection to the Debtor, his creditors or other relevant parties.  Epiq may have relationships with certain of the Debtor's creditors as vendors or in connection with cases in which Epiq serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

9.      Epiq is a wholly owned subsidiary of Epiq Systems, Inc., which is corporate parent to certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions,

4

chapter 7 and 13 bankruptcy, litigation, and regulatory compliance. Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate parent.

10.    Epiq Systems, Inc., is a wholly owned subsidiary of Document Technologies, LLC ("DTI"), a global legal process outsourcing company, which is an ultimate wholly owned subsidiary of DTI Topco, Inc. ("DTI Topco"). DTI Topco is a privately-held entity with majority ownership held by OMERS Administration Corporation ("OAC"), the administrator of the OMERS pension funds, and managed by OMERS Private Equity Inc. ("OPE", which together with OAC are referred to as "OMERS"), and funds managed by Harvest Partners, LP, ("Harvest") a leading private equity investment firm.

11.    Neither OMERS nor Harvest are currently identified on the Potential Parties in Interest list. However, the following disclosure is made out of an abundance of caution and in an effort to comply with the Bankruptcy Code and Bankruptcy Rules.

12.    Designees of OMERS and Harvest are members of the Board of Directors of DTI Topco ("Parent Board Designees"). No designees of OMERS or Harvest are members of the Board of Directors of DTI or Epiq, or any other subsidiaries of DTI. Further, Epiq has the following restrictions in place (collectively, the "Barrier"):  (i) prior to the Debtor commencing this case, Epiq did not share the names or any other information identifying the Debtor with OMERS, Harvest, or the Parent Board Designees; (ii) Epiq has not and will not furnish any material nonpublic information about the Debtor to OMERS, Harvest, or the Parent Board Designees; (iii) no OMERS or Harvest personnel, including the Parent Board Designees, work on Epiq client matters or have access to Epiq client information, client files, or client personnel;

5

(iv) no OMERS or Harvest personnel, including the Parent Board Designees, work in Epiq's offices; (v) other than the Parent Board Designees, Epiq operates independently from OMERS and Harvest, including that it does not share any employees, officers or other management with OMERS or Harvest, has separate offices in separate buildings, and has separate IT systems; and (vi) no Epiq executive or employee is a director, officer or employee of OMERS or Harvest (or vice versa other than the Parent Board Designees).

13.     Epiq has searched the names of OMERS and Harvest against the Debtor and the Potential Parties in Interest list provided by the Debtor. Based solely on the foregoing search, Epiq has determined, to the best of its knowledge, that there are no material connections that require disclosure. Because of any applicable securities laws and the fact that Epiq operates independently from OMERS and Harvest, prior to the Petition Date, Epiq was unable to further investigate with either OMERS or Harvest, to the extent necessary, any potential or actual connection between either OMERS or Harvest and the Debtor and the potential parties in interest.

14.     Epiq has working relationships with certain of the professionals retained by the Debtor and other parties herein but such relationships are completely unrelated to this chapter 11 case.  Epiq has represented, and will continue to represent, clients in matters unrelated to this chapter 11 case, and has had, and will continue to have, relationships in the ordinary course of its business with certain professionals in connection with matters unrelated to this chapter 11 case.

15.     Epiq has not been retained to assist any entity or person other than the Debtor on matters relating to, or in connection with, this chapter 11 case.  If Epiq's proposed

DOCS_DE:225760.2 46353/001

retention is approved by this Court, Epiq will not accept any engagement or perform any service for any entity or person other than the Debtor in this chapter 11 case.

16.     Based on the foregoing, I believe Epiq is a "disinterested person" as that term is referenced in section 327(a) of the Bankruptcy Code and as defined in section 101(14) of the Bankruptcy Code.  Moreover, to the best of my knowledge, neither Epiq nor any of its partners or employees hold or represent any interest materially adverse to the Debtor's estate with respect to any matter upon which Epiq is to be engaged.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.


Dated: <u>October 14, 2019</u>
       New York, New York


                                              _*/s/ Susan Persichilli*_____
                                              Susan Persichilli
                                              Consultant

7

## **SCHEDULE 1**

**Potential Parties in Interest**

1.  **Debtor**

Yueting Jia

2.  **Restructuring Professionals**

Pachulski Stang Ziehl & Jones LLP
O'Melveny & Myers LLP
Epiq Corporate Restructuring, LLC

3.  **Potential Creditors**

Beijing Baiding New Century Business Management Co., Ltd.
Beijing Bairui Culture Media Co, Ltd
Beijing Blue Giant Real Estate Invest.
Beijing Century Ruike Sys. Tech Co Ltd
Beijing Chuangjin Xingye Investment Ctr
Beijing Deheng (Hangzhou) Law Office
Beijing DongFang CheYun Information Tech
Beijing Fortune Times Properties Co. Ltd
Beijing Haidian Tech Fin Cap Hld Grp Co
Beijing Hongcheng Xintai Properties Ltd
BEIJING HUAXING MOBILE ASSET MGT CTR LLP
Beijing Jiaxin Tengda Inf Consulting Co
Beijing Siwei Equity Investment Mgmt Ctr
Beijing Yingda Capital Management Co Ltd
Changjiang SecuritiesShanghaiAssetMgtLtd
China CITC Bank Co Ltd Head Ofc Sales
CHINA CONSUMER CAPITAL FUND II, L.P.
China Evergrande Group
China Merchants Bank Co., Ltd. Shanghai
China Minsheng Trust Co., Ltd.
China Soft Growing Invest Wuxi Partshp.
CHINA ZHESHANG BANK CO., LTD. Beijing Br
Chongqing Strategic Emerging Ind LeEco
Chongqing Yingfei Hengxin Inv Mgt Co Ltd
Dentons LLP
E-TOWN INT'L HOLDING (HONG KONG) CO LTD
Everbright Xinglong Trust Co., Ltd.
Guotai Junan Securities Co., Ltd
Haixia Bank of Fujian
Han's San Jose Hospitality
Hong Liu
Honghu Da
Huafu Securities Co., Ltd.
Huarong Securities Co., Ltd.

Huaxia Life Insurance Co. Ltd.
Huaxin International Trust Co., Ltd.
Huitian Network Technology Co., Ltd.
Huizhou Speed & Second Curve Cap Mgt Psh
Jiangsu Hongtu Venture Cap Mgmt Co Ltd
Jiangyin Hailan Investment Holding Co.,
Jiaxing Haiwen Investment Partnership
Jilin Jiutai Rural Commercial Bank
Jinan Rui Si Le Enters Mgt Consulting LP
Jinhua Zumo Network Technology Co., Ltd.
Justin C. Hsiang
Kobre and Kim LLP
Latham & Watkins LLP
Le Holdings (Beijing) Co. Ltd.
Lean Yingyun (Tianjin) Culture
Lepu Yingtian (Tianjin) Culture
Lesai Mobile (Beijing) Co Ltd
Lesai Mobile HK Limited
Leshi Internet Information & Technology
Leshi Mobile Intelligent Info Technology
Leshi Zhixin Electronic Technology
LeTV Film (Beijing) Co., Ltd.
LETV Sports Culture Industry Development
Leview Mobile HK Limited
Lewis & Llewellyn LLP
Lezheng Rongtong (Tianjin) Culture
Lijie Yang
Linfen Investment Group Co. Ltd
Macrolink Group Holdings Co., Ltd.
Marvel Best Technology Limited
MengWu
Nanjing Dejin Investment Management Co.
Nanjing Kaen Industry and Trade Co., Ltd
Nelson Wilson Goodell
Ningbo Hangzhou Bay New Area Leran Inves
Ocean View Drive Inc.
O-Film Global (HK) Trading Limited &
Orient Securities Co., Ltd.
Oriental Light Consulting Limited
Pacific Technology Holding LLC
Paul David Murphy
Peng Shi
Ping An Bank Co. Ltd. - Shenzhen Branch
Ping An Bank Co., Ltd. Beijing Branch
Ping An Securities Co., Ltd
Ping An Securities Co., Ltd.

Qingdao Huanghai Pharm Football Club Co
Quanzhou Ding's Investment Mgmt Co Ltd
SANPOWER (HONG KONG) COMPANY LIMITED
Sanya Shuguang Real Estate Dev Co Ltd
Shanghai Biaopu Investment Mgmt Co Ltd
Shanghai Chunhua Jingli Investment Ctr
Shanghai Haiyue Investment Mgmt Co Ltd
Shanghai Junying Asset Mgt Partnership
Shanghai Lan Cai Asset Management
Shanghai Lan Cai Asset Management Co Ltd
Shanghai Leyu Chuangye Inv. Mgmt. Ctr
Shanghai Leyu Investment Center (LP)
Shanghai Qichengyueming Invt Partnership
Shenzhen Jincheng Com. Factoring Co Ltd
Shenzhen Jincheng Commer. Factoring Co.
Shenzhen Letv xingen M&A Fund Invest Mgt
Shenzhen Letv xingen No.1 Invest Mgt
Shenzhen Qianhai Anxing
Shenzhen Winzhongtong NonFin Guar Co Ltd
Shenzhen Yingda Capital Management Co.,
Sichuan Xunling Technology Co. Ltd.
Smart King Ltd.
Smart Technology Holdings Ltd.
Sunflower Asset Management
Swift Talent Investments Limited
The Goodell Law Firm
Tianjin Nord Investment Co., Ltd.
TWC Group Co., Ltd.
Walker Stevens Cannom LLP
Warm Time Inc.
Wei Gan
Weidong Zhu
Weihua Qiu
Western Securities Co., Ltd
Wuhan Credit Loan Co., Ltd.
Wuxi Leyike Electric Vehicle Inv Entprs
WUXI PULEYONGHUI INVESTMENT ENTERPRISE
Xiamen Octupus Int. Network Tech
Xiamen Zejin Fangfu Investment P'shp
Xinyu Dingfeng Yingtong Investment Manag
Xizang Jinmeihua Investment Co., Ltd.
Yongqiang Yang
Yuanxin Xu
Yuefang Jia
Yuemin Jia
Zhejiang Zhongtai Chuangzhan Entrs Mgmt

3

Zhijian Dong
Zhongtai Venture Capital (Shenzhen)  Co.
Zhongying (Tianjin) Supply Chain Mgmt
Zhuhai Rongle Equity Investment LP

4. **Taxing and Other Significant Governmental Authorities**

California Franchise Tax Board
Internal Revenue Service
Los Angeles County Tax Collector

5. **United States Bankruptcy Judges in the District of Delaware**

The Honorable Brendan L. Shannon
The Honorable Christopher S. Sontchi, Chief Judge
The Honorable John T. Dorsey
The Honorable Karen B. Owens
The Honorable Kevin Gross
The Honorable Kevin J. Carey
The Honorable Laurie Selber Silverstein
The Honorable Mary F. Walrath

6. **United States Trustee for the District of Delaware (and Key Staff Members)**

Andrew Vara, Acting US Trustee
Benjamin Hackman, Trial Attorney
Brya Keilson, Trial Attorney
Christine Green, Paralegal Specialist
David Buchbinder, Trial Attorney
Diane Giordano, Bankruptcy Analyst
Dion Wynn, Paralegal Specialist
Edith A. Serrano, Paralegal Specialist
Hannah M. McCollum, Trial Attorney
Holly Dice, Auditor (Bankruptcy)
Jaclyn Weissgerber, Trial Attorney
James R. O'Malley, Bankruptcy Analyst
Jane Leamy, Trial Attorney

Jeffrey Heck, Bankruptcy Analyst
Juliet Sarkessian, Trial Attorney
Karen Starr, Bankruptcy Analyst
Linda Casey, Trial Attorney
Linda Richenderfer, Trial Attorney
Lauren Attix, OA Assistant
Michael Panacio, Bankruptcy Analyst
Michael West, Bankruptcy Analyst
Ramona Vinson, Paralegal Specialist
Richard Schepacarter, Trial Attorney
Shakima L. Dortch, Paralegal Specialist
T. Patrick Tinker, Assistant U.S. Trustee
Timothy J. Fox, Jr., Trial Attorney

7. **Clerk of Court and Deputy for the District of Delaware**

Stacey Drechsler, Chief Deputy Clerk
Una O'Boyle, Clerk of Court

4

## **SCHEDULE 2**

### **Client Match List**

NONE