**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA,[1] | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF EPIQ CORPORATE
RESTRUCTURING, LLC AS ADMINISTRATIVE ADVISOR FOR THE DEBTOR,
*NUNC PRO TUNC* TO THE PETITION DATE**

Yueting Jia, the above-captioned debtor (the "Debtor") submits this application (this "Application"), pursuant to sections 327(a) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtor to retain and employ Epiq Corporate Restructuring, LLC ("Epiq") as the administrative advisor (the "Administrative Advisor") for the Debtor, effective *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtor submits the *Declaration of Susan Persichilli in Support of the Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Epiq Corporate Restructuring, LLC as Administrative Advisor for the Debtor, Nunc Pro Tunc to the Petition Date*, attached hereto as **Exhibit B** (the "Persichilli Declaration") and incorporated herein by reference. In further support of this Application, the Debtor respectfully states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

**STATUS OF THE CASES AND JURISDICTION**

1. On October 14, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). No party has requested the appointment of a trustee or examiner in this case, and no statutory committee has been appointed.

2. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the omnibus declaration filed in support of this and other retention applications (the "Omnibus Declaration"), filed contemporaneously herewith and incorporated herein by reference.[2]

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms his consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and other bases for the relief requested in this Application are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

---

[2] The facts and circumstances supporting the relief requested herein are set forth in the Omnibus Declaration (as defined below), filed contemporaneously herewith and incorporated herein by reference. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Declaration.

**RELIEF REQUESTED**

6.      By this Application, the Debtor requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to retain and employ Epiq as the Administrative Advisor in the Debtor's chapter 11 case, *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions of that certain Standard Services Agreement between Epiq and the Debtor, dated as of October 6, 2019 (the "Retention Agreement"), a copy of which is attached hereto as **Exhibit C**.[3]

**EPIQ'S QUALIFICATIONS**

1.      Epiq is one of the country's leading chapter 11 administrators, with significant experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases. Epiq has substantial experience providing services, including administrative services, in numerous recent cases of varying size and complexity, including a number of recent cases filed in this District. See, e.g., *In re RUI Holding Corp.,* Case No. 19-11509 (JTD) (Bankr. D. Del. Jul. 7, 2019); *In re THG Holdings LLC,* Case No. 19-11689 (JTD) (Bankr. D. Del. Jul 30, 2019); *In re: HDR Holding, Inc.,* Case No. 19-11396 (MFW) (Bankr. D. Del. Jun. 24, 2019); *In re Joerns WoundCo Holdings, Inc.,* Case No. 19-11401 (JTD) (Bankr. D. Del. June 24, 2019); *In re Insys Therapeutics, Inc.,* Case No. 19-11292 (KG) (Bankr. D. Del. Jun 10, 2019); *In re: Kona Grill, Inc.,* Case No. 19-10953 (CSS) (Bankr. D. Del. Apr. 30, 2019); *In re WMC Mortgage, LLC,* Case No. 19-10879 (CSS) (Bankr. D. Del. Apr. 23, 2019); *In re F+W Media, Inc.,* Case No. 19-10479 (KG) (Bankr. D. Del. Mar. 10, 2019); *In re Avadel Specialty Pharmaceuticals, LLC,* Case No. 19-10248 (CSS)

---

[3] On the Petition Date, the Debtor filed an application under 28 U.S.C. § 156(c) to appoint Epiq as the claims and noticing agent in this chapter 11 case (the "Section 156(c) Application"). Given that the administration of this case will require Epiq to perform duties outside the scope of 28 U.S.C. § 156(c), the relief requested in this Application supplements the scope of Epiq's services under the Section 156(c) Application.

3

(Bankr. D. Del. Feb 06, 2019); *In re HCR ManorCare, Inc.*, Case No. 18-10467 (KG) (Bankr. D. Del. Mar. 6, 2018); *In re Herald Media Holdings, Inc.*, Case No. 17-12881 (LSS) (Bankr. D. Del. Dec. 8, 2017); and *In re Maurice Sporting Goods, Inc.*, Case No. 17-12481 (CSS) (Bankr. D. Del. Nov. 20, 2017).

7. The Debtor selected Epiq to perform the Administrative Services (as defined below) because of Epiq's experience, reputation, and the competitiveness of its fees. The Debtor submits that using Epiq to provide the Administrative Services has provided and will continue to provide the most cost-effective and efficient administration of this case. Further, retaining Epiq to perform the Administrative Services has allowed, and will continue to allow, the Debtor and his professionals to focus on key aspects of the Debtor's restructuring efforts. Accordingly, the Debtor believes that Epiq is qualified to provide the Administrative Services and that Epiq's retention in such capacity is in the best interests of the Debtor's estate, his creditors and other parties in interest.

## SCOPE OF SERVICES

8. Pursuant to the Retention Agreement, the Debtos proposes that Epiq provide certain bankruptcy professional services that may be outside the scope of 28 U.S.C. § 156(c) (the "Administrative Services"), including, without limitation, the following:

   a. assisting with, among other things, solicitation, balloting, tabulation, and calculation of votes, if necessary, as well as preparing any appropriate reports, as required in furtherance of confirmation of any chapter 11 plan;

   b. generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results for any chapter 11 plan(s) in this case;

   c. providing assistance with preparation of the Debtor's schedules of assets and liabilities and statements of financial affairs, if necessary; and

   d. providing such other claims processing, noticing, solicitation, balloting, and administrative services described in the Retention Agreement, but not

included in the Section 156(c) Application, as may be requested by the Debtor from time to time.

**COMPENSATION**

11. The Debtor has agreed to compensate Epiq for the Administrative Services described above in accordance with the pricing schedule attached to the Retention Agreement. The Debtor respectfully submits that Epiq's rates are competitive and comparable to the rates that Epiq's competitors charge for similar services. Furthermore, the Debtor believes that Epiq's rates are reasonable given the quality of Epiq's services and its prior bankruptcy expertise. In connection with providing the Administrative Services, Epiq will seek reimbursement from the Debtor for reasonable expenses in accordance with the terms of the Retention Agreement.

12. Notwithstanding anything to the contrary in this Application or the Retention Agreement, Epiq will apply for compensation and reimbursement of expenses incurred in connection with the services it provides pursuant to this Application as the Administrative Advisor in this case, subject to Court approval and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy code, applicable Bankruptcy Rules, applicable Local Rules, any guidelines (the "U.S. Trustee Guidelines") established by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and further orders of this Court.

13. Before the Petition Date, the Debtor provided Epiq a retainer in the amount of $15,000.00. Epiq seeks to hold the retainer as security of payment of Epiq's final invoice for services rendered and expenses incurred pursuant to the Retention Agreement.

14. Additionally, under the terms of the Retention Agreement, the Debtor has agreed, subject to certain exceptions, to indemnify, defend and hold harmless Epiq and its affiliates, parent, officers, members, directors, agents, representatives, managers, consultants and employees, under certain circumstances specified in the Retention Agreement, except in

circumstances resulting from Epiq's gross negligence or willful misconduct or as otherwise provided in the Retention Agreement and the Proposed Order. The Debtor believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Advisor in this chapter 11 case.

## EPIQ'S DISINTERESTEDNESS

15. Epiq has represented to the Debtor that, to the best of his knowledge, and except as set forth in the Persichilli Declaration, neither Epiq nor any of its professional personnel have any relationship with the Debtor that would impair Epiq's ability to serve as the Administrative Advisor. To the extent that Epiq or its personnel have, or may have had, relationships with certain of the Debtor's creditors, as described in the Persichilli Declaration, Epiq has represented to the Debtor that those matters are completely unrelated to this chapter 11 case.

16. Moreover, in connection with its retention as the Administrative Advisor, Epiq represents in the Persichilli Declaration, among other things, that Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Epiq and its professional personnel:

    a.     are not creditors, equity security holders, or insiders of the Debtor;

    b.     are not, and were not, within two years before the date of the filing of this chapter 11 case, directors, officers, or employees of the Debtor; and

    c.     do not have an interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

17. Epiq will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional assistance.

**BASIS FOR RELIEF**

18. Section 327(a) of the Bankruptcy Code provides, in relevant part, that a debtor, "with the court's approval, may employ . . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the debtor in fulfilling its duties under the Bankruptcy Code. 11 U.S.C. § 327(a).

19. Bankruptcy Rule 2014(a) requires, in relevant part, that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

20. The Debtor selected Epiq to perform the Administrative Services because of Epiq's experience, reputation, and the competitiveness of its fees. The Debtor submits that using Epiq to provide the Administrative Services has provided and will continue to provide for the cost-effective and efficient administration of this case. Further, retaining Epiq to perform the Administrative Services has allowed—and will continue to allow—the Debtor and his professionals to focus on key aspects of the Debtor's restructuring efforts. Accordingly, the Debtor believes that Epiq is qualified to provide the Administrative Services and that Epiq's retention in such capacity is in the best interests of the Debtor's estate, his creditors and other parties in interest.

### *NUNC PRO TUNC* RELIEF IS APPROPRIATE

21. In accordance with the Debtor's request, Epiq has agreed to serve as the Administrative Advisor on and after the Petition Date with assurances that the Debtor would seek approval of its employment and retention, *nunc pro tunc* to the Petition Date, so that Epiq may be compensated for services rendered before approval of this Application. The Debtor believes that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment as proposed in this Application. Moreover, courts in this District routinely approve *nunc pro tunc* employment similar to that requested herein.[4]

22. Accordingly, the Debtor requests entry of the Proposed Order authorizing the Debtor to retain and employ Epiq as the Administrative Advisor, *nunc pro tunc* to the Petition Date.

### NOTICE

23. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known to (a) the Office of the U.S. Trustee; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the United States Attorney's Office for the District of Delaware; (d) the Internal Revenue Service; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

24. No prior request for the relief sought in this application has been made to this or any other court.

---

[4] See, e.g., In re Triangle USA Petroleum Corp., Case No. 16-11566 (MFW) (Bankr. D. Del. Aug. 1, 2016) (approving *nunc pro tunc* employment of an administrative agent to perform administrative services); In re ESML Holdings, Inc., Case No. 16-11626 (BLS) (Bankr. D. Del. Jul. 8, 2016) (same); In re Seventy Seven Fin. Inc., Case No. 16-11409 (LSS) (Bankr. D. Del. June 7, 2016) (same); In re Source Home Entm't, LLC, Case No. 14-11553 (KG) (Bankr. D. Del. July 18, 2014).

WHEREFORE, the Debtor respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

Dated: October 16, 2019  
Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

 */s/ James E. O'Neill*

Richard M. Pachulski (CA Bar No. 90073)  
Jeffrey W. Dulberg (CA Bar No. 181200)  
Malhar S. Pagay (CA Bar No. 189289)  
James E. O'Neill (DE Bar No. 4042)  
919 N. Market Street, 17th Floor  
PO Box 8705  
Wilmington, DE  19801-8705 (Courier 19801)  
Telephone: 302-652-4100  
Facsimile: 302-652-4400  
Email: rpachulski@pszjlaw.com  
       jdulberg@pszjlaw.com  
       mpagay@pszjlaw.com  
       joneill@pszjlaw.com

*[Proposed] Counsel for Debtor and Debtor in Possession*