## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>               Debtor. | Chapter 11<br><br>Case No. 19-12220 (KBO) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING COMBINED HEARING ON (A) DISCLOSURE STATEMENT, (B) PREPETITION SOLICITATION PROCEDURES, AND (C) CONFIRMATION OF PREPACKAGED PLAN; (II) FIXING DEADLINE TO OBJECT TO PREPACKAGED PLAN AND DISCLOSURE STATEMENT; (III) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING AND OBJECTION DEADLINE; (IV) CONDITIONALLY CANCELING MEETING OF CREDITORS; AND (IV) GRANTING RELATED RELIEF**

Yueting Jia, as debtor and debtor in possession in the above-captioned case ("YT" or the "Debtor"), respectfully represents as follows:

### INTRODUCTION

1.      On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of his property and has continued to operate as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in the Chapter 11 Case.

2.      As the founder of LeEco (formerly LeTV), the first internet-based TV streaming service in the People's Republic of China ("PRC"), YT built a global technology company and led its expansion to include LeshiZhiXin, Le Vision Pictures, Le Sports, LeMobile, and other companies. He took LeTV to a successful initial public offering on the GEM of Shenzhen Stock Exchange in 2010, and in 2014, Forbes China ranked YT as the No. 1 CEO in the country. To meet the capital demands for such expansion, YT relied heavily on borrowing

from commercial banks and other financial institutions, as it was relatively difficult for a publicly-traded company to issue new shares in the PRC at such time. The majority of YT's debt today stems from his personal guarantees or money he borrowed personally on behalf of the companies that he founded or led. YT took these loans on behalf of his previous companies in good faith to fund his vision.

3.      Now, faced with approximately $3.7 billion in Debt Claims and competing lawsuits from creditors in the PRC and the United States, YT commenced an out-of-court exchange offer, backed by a prepackaged plan of reorganization (the "Prepackaged Plan"),[1] which offered to exchange any and all rights related to the Debt Claims for a number of interests in a liquidating trust that will hold all of YT's legally recognized personal assets (other than those assets that have been frozen or seized in the PRC), including his interests in the Company (as defined below). Due to increased pressure by a small minority of YT's creditors who have pursued a long-running scheme to employ false allegations and mischaracterizations regarding YT, and to avoid a race to the courthouse, YT determined it was in the best interests of all his creditors to terminate the exchange offer and file the Chapter 11 Case to implement the restructuring through the Prepackaged Plan.[2]

4.      YT is pursing the Prepackaged Plan both to be fair to his creditors and for the benefit of his current U.S. venture, Faraday & Future Inc. ("FF"), and its employees. Upon completion of the restructuring, YT will no longer hold his existing equity interest in Smart King

---

[1] Capitalized terms used but not defined in this motion shall have the meanings used in the Prepackaged Plan.

[2] Despite the filing of the Chapter 11 Case, this scheme of false allegations and mischaracterizations has continued. *See Shanghai Lan Cai Asset Management Co, Ltd.'s Preliminary Response to the Debtor's Chapter 11 Filing* [Docket No. 22] (the "SLC Statement"). The SLC Statement is an attempt to bully YT into dismissing the Chapter 11 Case so that Shanghai Lan Cai Asset Management Co, Ltd. can "jump to the front of the line" to obtain a recovery ahead of—and at the expense of—all other creditors. Through proceeding with the Chapter 11 Case and confirmation of the Prepackaged Plan, YT will refute these false allegations and demonstrate his commitment to providing the greatest recovery to his creditors in a way that is equitable for all—not just those who resort to unsavory tactics and hold claims amounting to merely .3% of the outstanding debt.

Limited, a Cayman Islands company (the "Company"), which is the parent of FF. The Company is a pre-revenue development stage global technology company headquartered in Los Angeles, California, with additional development activities and operations in China that designs and manufactures next-generation, zero-emission smart electric vehicles and mobility ecosystems with a view to carving out a dual-market strategy and having manufacturing capabilities and operations in both the U.S. and PRC, the two largest electric vehicle markets. The Company has designed a new mobility platform that integrates clean energy, intelligent design, internet vehicle connectivity, and artificial intelligence functionality to create a seamless user experience, and has assembled a global team of automotive and technology experts and innovators to achieve its goal of redefining mobility.

5.     The Prepackaged Plan will restructure YT's Debt Claims in order to eliminate uncertainty about the ownership of the Company with the goal of placing the Company in a stronger position to obtain financing for future competitive and strategic initiatives. Moreover, the Prepackaged Plan will align the interests of YT's creditors with the future of the Company, allowing YT to repay his creditors while still fulfilling the aspirations for the Company.

## **RELIEF REQUESTED**

6.     The Debtor respectfully requests entry of an order (the "Scheduling Order")[3] (i) scheduling a combined hearing (the "Combined Hearing") to (a) approve the confidential offering memorandum, disclosure statement and consent solicitation statement (the "Disclosure Statement"), (b) approve the Solicitation Procedures (as defined below), including the form of Ballot (as defined below), and (c) consider confirmation of the

---

[3] A proposed Scheduling Order is attached as Exhibit A to this motion.

Prepackaged Plan; (ii) establishing the deadline (the "Objection Deadline") to object to the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan; (iii) approving the form and manner of notice of the Combined Hearing and the Objection Deadline; (iv) conditionally canceling the initial meeting for creditors under section 341(a) of the Bankruptcy Code scheduled for December 6, 2019 at 10:00 a.m. (ET) (the "341 Meeting"); and (v) granting related relief.

7.    Below is a table highlighting the dates relevant to the Solicitation Procedures and setting forth the Debtor's proposed dates for the mailing of the Combined Notice (as defined below), the Objection Deadline, and the Combined Hearing.

| Confirmation Timetable | |
| --- | --- |
| Voting Record Date[4] | October 9, 2019 |
| Commencement of Solicitation | October 10, 2019 |
| Voting Deadline | November 8, 2019 at 5:00 pm (prevailing Eastern Time) |
| Prepackaged Plan/Disclosure Statement Objection Deadline | December 3, 2019 at 5:00 pm (prevailing Eastern Time) |
| Prepackaged Plan/Disclosure Statement Reply Deadline | December 11, 2019, 2019 |
| Combined Hearing | December 16, 2019 |

## JURISDICTION & VENUE

8.    This Court has jurisdiction to consider this motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtor confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or

---

[4] The record date for determining ownership of the Debt Claims for the purposes of voting to accept or reject the Prepackaged Plan; only holders of Debt Claims as of the close of business on such record date may vote to accept or reject the Prepackaged Plan.

judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BASIS FOR RELIEF REQUESTED**

**A.      Scheduling a Combined Hearing**

9.      The Debtor seeks a Combined Hearing to consider approval of the Disclosure Statement, the Prepackaged Plan, and the Solicitation Procedures. The Debtor requests that the Combined Hearing be set for December 16, 2019 (the "Combined Hearing Date"). This request is consistent with the practice for prepackaged cases in this District, applicable statutes, and rules, and will facilitate an expeditious reorganization.[5]

**B.      Approval of the Disclosure Statement**

10.      At the Combined Hearing, the Debtor will seek approval of the Disclosure Statement. Under Bankruptcy Code section 1125, a plan proponent must provide holders of impaired claims with "adequate information" regarding a debtor's proposed plan of reorganization, which is defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

---

[5] The Debtor also requests that this Court order that the Combined Hearing may be continued from time to time by announcing such continuance in open court or through filing an agenda for such hearing, all without further notice to any parties in interest.

11.     Whether a disclosure statement contains adequate information is intended by Congress to be a flexible, fact-specific inquiry left within the discretion of the bankruptcy court:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection. There will be a balancing of interests in each case. In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6365. *See also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) (observing that "adequate information will be determined by the facts and circumstances of each case"); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) (opining that what constitutes adequate information is "subjective," "made on a case-by-case basis," and "largely in the discretion of the bankruptcy court").

12.     The Disclosure Statement is extensive and comprehensive. It contains descriptions of, among other things: (i) the Prepackaged Plan; (ii) key events leading to the commencement of the Chapter 11 Case; (iii) the Company and its financial condition and operations; (iv) the total claims and projected claims against YT; (v) the Trust Assets; (vi) other financial information and valuations that would be relevant to creditors' determinations of whether to accept or reject the Prepackaged Plan; (vii) risk factors affecting the Prepackaged Plan; and (viii) federal tax law consequences of the Prepackaged Plan. Additionally, prior to the Voting Deadline, the Debtor will file a liquidation analysis with the Court.

13. Based on the foregoing, the Debtor will request at the Combined Hearing that this Court approve the Disclosure Statement as meeting the requirements for "adequate information" under Bankruptcy Code section 1125(a).

## C.    Approval of the Solicitation Procedures and Forms of Solicitation Materials

14. The Debtor also requests that at the Combined Hearing the Court approve the solicitation, balloting, tabulation, and related activities undertaken in connection with the Prepackaged Plan, all of which the Debtor commenced before the Petition Date (collectively, the "Solicitation Procedures").

### 1.    Non-Solicitation of Classes Presumed to Accept the Prepackaged Plan

15. The Prepackaged Plan provides that holders of claims in Class 1 (Priority Non-Tax Claims) and Class 2 (U.S. Secured Claims) are unimpaired. Pursuant to Bankruptcy Code section 1126(f), each holder of a claim or interest in an unimpaired class is "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f). Accordingly, holders of claims in each of the above-mentioned unimpaired classes are conclusively presumed to accept the Prepackaged Plan and were not solicited. The Debtor submits that, with respect to the specific classes of claims that are presumed to accept the Prepackaged Plan (collectively, the "Non-Voting Holders"), the Solicitation Procedures undertaken by the Debtor and described in this motion comply with the Bankruptcy Code and should be approved at the Combined Hearing.

### 2.    Solicitation of the Impaired Class Entitled to Vote to Accept or Reject the Prepackaged Plan

16. As the only impaired class under the Prepackaged Plan, Class 3 (Debt Claims) (the "Voting Class"), is the only class of claims entitled to vote to accept or reject the Prepackaged Plan. Before the Petition Date, the Debtor began soliciting votes from members of

the Voting Class by transmitting copies of the solicitation package containing the Disclosure Statement, including the Prepackaged Plan and the Trust Agreement Term Sheet; and a Letter of Transmittal, Prepetition Ballot, and Release (the "Letter of Transmittal and Ballot")[6] to each holder of a Class 3 Debt Claim (the "Solicitation Package") via courier or overnight mail.

17.     The Solicitation Package advised recipients, among other things, that the deadline for voting on the Prepackaged Plan is November 8, 2019 at 5:00 p.m. (prevailing Eastern Time) (the "Voting Deadline"). The Solicitation Package further advised recipients that Letters of Transmittal and Ballots must be returned to Epiq Corporate Restructuring, LLC (the "Voting Agent"), and recommended that creditors submit their Letters of Transmittal and Ballots through the e-balloting portal on the Voting Agent's website or use an overnight mail or hand delivery service. The Solicitation Package further advised that if delivery is made by mail, it is recommended that such mail is properly insured and registered with return receipt requested. The Letter of Transmittal and Ballot also contained detailed instructions on how to complete it and how to make any applicable elections contained therein.

18.     Moreover, the materials in the Solicitation Package established and communicated how the Voting Agent will tabulate the votes and elections contained in the Letter of Transmittal and Ballot. Those rules provide, among other things, that: (i) a ballot that does not indicate an acceptance or rejection of the Prepackaged Plan will not be counted either as a vote to approve or a vote to reject the Prepackaged Plan; (ii) a single creditor's claims within a particular Class under the Prepackaged Plan may not be split either to accept or reject the Prepackaged Plan; therefore, a ballot or a group of ballots within a Class received from a single creditor that partially rejects and partially accepts the Prepackaged Plan will not be counted; and

---

[6] A form of the Letter of Transmittal and Ballot is attached as Exhibit B to this motion. A simplified Chinese version of the Letter of Transmittal and Ballot is available on the Voting Agent's website at https://dm.epiq11.com/YT1.

(iii) ballots received after the Voting Deadline (provided that the Voting Deadline has not been extended) will not be counted.

### 3.    Form of Letter of Transmittal and Ballot

19.    As required by Bankruptcy Rule 3017(d), the Letter of Transmittal and Ballot is based upon Official Form 314, but has been modified to address the particular aspects of the Chapter 11 Case and to include additional information that the Debtor believes to be relevant and appropriate for the Voting Class.

### 4.    Compliance with Non-Bankruptcy Securities Laws Applicable to Prepetition Solicitation

20.    Bankruptcy Code section 1126(b) expressly permits a debtor to solicit votes from holders of claims and equity interests prepetition without a court-approved disclosure statement if the solicitation complies with applicable non-bankruptcy law—including generally applicable federal and state securities laws or regulations—or, if no such laws exist, the solicited holders receive "adequate information" within the meaning of Bankruptcy Code section 1125(a).

21.    At the Combined Hearing, the Debtor will request a determination from the Court that the Solicitation Procedures comply with all applicable non-bankruptcy laws governing the adequacy of disclosure in connection with the solicitation. The Debtor respectfully submits that his prepetition solicitation falls within at least one of the exceptions from the registration requirements under applicable federal and state securities law, including, without limitation, Regulation S under the Securities Act of 1933 or other available exemptions.

22.    As discussed more fully in Section B above, the Debtor will seek a determination from this Court at the Combined Hearing that his prepetition solicitation satisfies Bankruptcy Code section 1126(b)(2) because all holders in the Voting Class received "adequate information" as that term is used in Bankruptcy Code section 1125(a).

5.    **Compliance with Bankruptcy Rule 3018(b)**

23.    The Debtor also submits that the Solicitation Procedures, including the selection of the Voting Deadline, comply with Bankruptcy Rule 3018, which provides that prepetition votes on a plan are only valid if the plan was "transmitted to substantially all creditors and equity security holders of the same class" and that the time for voting was not "unreasonably short."

24.    The Solicitation Package was served on October 10, 2019 to all holders of claims in the Voting Class as of October 9, 2019 (the "Voting Record Date"). The Voting Class was comprised of 95 holders of Debt Claims. Given the circumstances of the Chapter 11 Case and that the Voting Deadline is twenty-nine (29) days after the commencement of solicitation, the Debtor submits that the members of the Voting Class have a sufficient amount of time to make an informed decision to accept or reject the Prepackaged Plan.

D.    **Confirmation of the Prepackaged Plan**

25.    The Debtor believes that the Prepackaged Plan satisfies all of the requirements for confirmation under the Bankruptcy Code. As noted above, the Debtor has requested that the Court schedule the Combined Hearing, at which time the Debtor will seek confirmation of the Prepackaged Plan. Before the Combined Hearing, the Debtor will file a brief in support of confirmation (i) demonstrating that the Prepackaged Plan satisfies the requirements for plan confirmation set forth in Bankruptcy Code section 1129 and (ii) responding to objections to confirmation, if any.

E.    **Deadline and Procedures for Objections to the Disclosure Statement and Confirmation of the Prepackaged Plan**

26.    The Debtor requests that the Court set December 3, 2019 at 5:00 pm (prevailing Eastern Time), as the deadline to file objections to the adequacy of the Disclosure

Statement or confirmation of the Prepackaged Plan (the "Objection Deadline"). The proposed Objection Deadline will provide creditors with sufficient notice of the deadline for filing objections to the Disclosure Statement and Prepackaged Plan, while still affording the Debtor and any parties in interest time to file a responsive brief and resolve consensually as many of those objections as possible.

27.    The Debtor further requests that the Court direct that any responses or objections to the adequacy of the Disclosure Statement, the Solicitation Procedures, or confirmation of the Prepackaged Plan must: (i) be in writing; (ii) conform to the applicable Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with proof of service. In addition to being filed with the Court, any such responses or objections must be served on the following parties so as to be received by the Objection Deadline: (a) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, DE 19801 (Attn: David L. Buchbinder, Esq.); (b) proposed counsel for the Debtor, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 (Attn: Jeffrey W. Dulberg, Esq. and Malhar S. Pagay, Esq.) and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: James E. O'Neil, Esq.); (c) proposed special counsel for the Debtor, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn: Suzzanne Uhland, Esq. and Diana M. Perez, Esq.); and (d) counsel to any statutory committee(s) appointed in the Chapter 11 Case.

28.     If objections or responses to confirmation of the Prepackaged Plan are filed and received by the Objection Deadline, the Debtor requests that he be authorized to file a single consolidated reply by December 11, 2019.

**F.     Approval of Form and Manner of Notice of the Combined Hearing, the Objection Deadline, and the Commencement of the Chapter 11 Case**

29.     The Debtor proposes to mail (or cause to be mailed) within one business day of the entry of the Scheduling Order or as soon as reasonably possible thereafter, to all known holders of claims against the Debtor a notice of the Combined Hearing and Objection Deadline (the "Combined Notice")[7] setting forth, among other things, (i) the date, time, and place of the Combined Hearing; (ii) instructions for obtaining copies of the Disclosure Statement and Prepackaged Plan; (iii) the Objection Deadline and procedures for filing objections to the adequacy of the Disclosure Statement, the Solicitation Procedures, and/or confirmation of the Prepackaged Plan; (iv) a summary of the Prepackaged Plan; and (v) the notice of commencement of the Chapter 11 Case.

30.     In addition, Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." The Debtor requests that the Court authorize him, in his sole discretion, to provide supplemental publication notice of the Combined Hearing not less than 14 days before the Combined Hearing Date in a newspaper in the PRC. The Debtor believes that the publication of certain of the contents of the Combined Notice in this manner would provide sufficient notice of the date, time, and place of the Combined Hearing and the Objection Deadline (and related procedures) to persons who do not otherwise receive the Combined Notice by mail. Accordingly,

---

[7] A form of the Combined Notice is attached as Exhibit C to this motion.

the Debtor respectfully requests that this Court approve the form and manner of service of the proposed Combined Notice.

31.    To reduce expenses, the Debtor requests that the order approving this motion waive any requirement to provide holders in the Non-Voting Classes (the "Non-Voting Holders") with copies of the Prepackaged Plan, Disclosure Statement, and other materials in the Solicitation Package. Bankruptcy Rule 3017(d) requires transmission of a court-approved disclosure statement to all creditors and equity holders "except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders." The Debtor submits that Bankruptcy Rule 3017(d) does not apply here because the Debtor solicited acceptances and rejections of the Prepackaged Plan on a prepetition basis, and, thus, there is no disclosure statement that was "approved by the court" to transmit. Alternatively, the Court should order that the Debtor is not required to provide those materials to unimpaired classes.

32.    The Debtor proposes to mail only the Combined Notice to the Non-Voting Holders, which will state, among other things discussed above, that claims of the Non-Voting Holders are unimpaired, and that the Non-Voting Holders are accordingly deemed to accept the Prepackaged Plan and are not entitled to vote on the Prepackaged Plan. The Combined Notice will also inform Non-Voting Holders that they may obtain copies of the Prepackaged Plan and the Disclosure Statement by contacting counsel to the Debtor or the Voting Agent, and that the Prepackaged Plan and Disclosure Statement can be viewed and downloaded for no charge at: https://dm.epiq11.com/YT1. Accordingly, the Debtor requests that the Court waive any requirement pursuant to Bankruptcy Rule 3017(d)—to the extent it applies—requiring the

Debtor to transmit the Prepackaged Plan and Disclosure Statement to Non-Voting Holders or to any parties in interest, other than as set forth in this motion.

**G.      Conditional Cancellation of the 341 Meeting**

33.      The Debtor also requests that the Scheduling Order provide that if Class 3 (Debt Claims) votes to accept the Prepackaged Plan by the Voting Deadline, the 341 Meeting will be canceled without further order of the Court. This relief is appropriate under the circumstances, because the Debtor anticipates the near-term confirmation of the Prepackaged Plan and subsequent emergence from chapter 11.

34.      While Bankruptcy Code section 341 requires the U.S. Trustee to convene and preside at a meeting of creditors, it also provides for the following exception:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e). The Debtor solicited the requisite acceptances of the Plan by the Voting Class before the Petition Date, and, therefore, the requested conditional relief pursuant to section 341(e) is appropriate here.

**RESERVATION OF RIGHTS**

35.      Nothing contained in this motion is an admission of the validity of any claim against the Debtor, a waiver of the Debtor's or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

## NOTICE

36.    The Debtor will provide notice of this motion by facsimile, e-mail, overnight delivery, or hand delivery to the following parties or, in lieu thereof, to their counsel, if known: (a) Office of the United States Trustee for the District of Delaware; (b) the Debtor's twenty largest unsecured creditors; (c) the Internal Revenue Service; and (d) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. A copy of the motion is also available on the Debtor's case website at https://dm.epiq11.com/YT1. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR MOTION

37.    The Debtor has not made any prior motion for the relief sought in this motion to this or any other Court.

*Remainder of Page Intentionally Left Blank*

WHEREFORE, the Debtor respectfully requests entry of the Scheduling Order granting the relief requested and any other relief as is just and proper.

Dated: October 19, 2019
      Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Tel:   (302) 652-4100
Fax:  (302) 652-4400
Email: rpachulski@pszjlaw.com
       jdulberg@pszjlaw.com
       mpagay@pszjlaw.com
       joneill@pszjlaw.com

Proposed Attorneys for the Debtor and Debtor in Possession