IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA,[1] | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S MOTION FOR AN ORDER (I) ESTABLISHING CLAIM
BAR DATES FOR FILING PREPETITION CLAIMS AND
(II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves the Court (the "Motion") for entry of an order, pursuant to sections 105, and 501 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) establishing the bar dates for filing (a) general prepetition claims (the "General Bar Date") and (b) claims of governmental units (the "Governmental Unit Bar Date" and together with the General Bar Date, the "Bar Dates") by which all persons and entities, except as otherwise provided herein, must file proofs of claim in this case (the "Chapter 11 Case") against the Debtor that arose prior to the Petition Date (as defined below) and (ii) approving the form and manner of notice of the Bar Dates. In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms his consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The bases for the relief requested herein are sections 105 and 501 of the Bankruptcy Code, and Rules 2002 and 3003(c)(3) of the Bankruptcy Rules.

**Background**

3. On October 14, 2019 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in this Chapter 11 Case.

4. The factual background regarding the Debtor is set forth in detail in the *Disclosure Statement for a Prepackaged Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code*, dated October 10, 2019 [Docket No. 5], filed on the Petition Date, and the *Debtor's Motion for Entry of an Order (I) Scheduling Combined Hearing on (A) Disclosure*

*Statement, (B) Prepetition Solicitation Procedures, and (C) Confirmation of Prepackaged Plan; (II) Fixing Deadline to Object to Prepackaged Plan and Disclosure Statement; (III) Approving Form and Manner of Notice of Combined Hearing and Objection Deadline; (IV) Conditionally Canceling Meeting of Creditors; and (IV) Granting Related Relief*, filed concurrently herewith, and incorporated herein by reference.[2]

### Relief Requested

5. By this Motion, the Debtor requests the entry of an order, in substantially the form of the Proposed Order, pursuant to sections 105, 501, and 502 of the Bankruptcy Code, Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1,(a) establishing the Bar Dates and related claims procedures proposed herein and (b) approving the form and manner of notice thereof.

**I.  ESTABLISHMENT OF THE BAR DATES**

**A.  General Bar Date**

6. Bankruptcy Rule 3003(c)(3) requires that the Court fix a time by which proofs of claim must be filed.[3] To that end, within three (3) business days after an order is entered granting this Motion and establishing the Bar Dates (the "Bar Date Order"), the Debtor will serve a notice (the date on which such service is made, the "Service Date") of the Bar Dates and a proof of claim form, in substantially the forms attached to the Proposed Order as Exhibit 1 and Exhibit 2, respectively, upon all known or reasonably ascertainable entities who may assert a claim against the Debtor.[4]

---

[2] Capitalized terms not otherwise defined herein shall have the same meanings as set forth in the *Debtor's Prepackaged Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Docket No. 4] (the "Plan").

[3] As used in this Motion, the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code.

[4] As used in this Motion, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

7. The Debtor requests that the Court establish December 13, 2019, at 5:00 p.m. (prevailing Eastern time) as the General Bar Date, which is at least twenty-one (21) days after the proposed Service Date and in compliance with Bankruptcy Rule 2002(a) as well as Bankruptcy Rule 2002(p). Except as otherwise provided herein, the General Bar Date will apply to all claims of any kind that arose prior to the Petition Date (the "General Claims"), including secured claims, unsecured priority claims, and unsecured nonpriority claims. Unless such claims fall within one of the exceptions described below, entities holding General Claims must file proofs of claim with respect to such General Claims by the General Bar Date.

**B.    Governmental Unit Bar Date**

8. Pursuant to section 502(b)(9) of the Bankruptcy Code, a proof of claim filed by a governmental unit in this Chapter 11 Case is deemed timely if it is filed within 180 days after the Petition Date.[5] The Debtor therefore request that this Court establish the date of April 13, 2020, at 5:00 p.m. (prevailing Eastern Time), which is the first business day more than 180 days after the Petition Date, as the Governmental Unit Bar Date in this Chapter 11 Case. The Debtor proposes that the Governmental Unit Bar Date apply to all governmental units holding claims against the Debtor (whether secured claims, unsecured priority claims and unsecured nonpriority claims) that arose prior to the Petition Date, including, without limitation, governmental units with claims against a Debtor for unpaid taxes, whether such claims arose from prepetition tax years or periods of prepetition transactions to which the Debtor was a party.

---

[5] As used in this Motion, the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code. Under Bankruptcy Rule 3002(c)(1), "[a] proof of claim filed by a governmental unit . . . is timely filed if it is filed not later than 180 days after the date of the order for relief."

**C.  Governmental Units Holding Claims Covered by
Sections 503(b)(1)(B), (C) or (D) of the Bankruptcy Code**

9. Pursuant to Del. Bankr. L.R. 3002-1(a), the Governmental Unit Bar Date shall not apply to any government claim arising under sections 503(b)(1)(B), (C) or (D) of the Bankruptcy Code.[6]

**II.  PERSONS OR ENTITIES REQUIRED TO FILE PROOFS OF CLAIM**

10. Except as otherwise set forth herein, the Debtor proposes that the following persons or entities holding claims against the Debtor arising prior to the Petition Date be required to file a Proof of Claim on or before the applicable Bar Date:

   a. any person or entity (i) whose prepetition claim against the Debtor is not listed in the Debtor's Schedules (or any amended schedules), or is listed as either a disputed, contingent, or unliquidated claim (or any combination thereof) and (ii) that desires to share in any distribution made in the Debtor's Chapter 11 Case; and

   b. any person or entity that (i) believes that its prepetition claim against the Debtor is improperly classified in the Schedules (or any amended schedules), is listed in an incorrect amount and (ii) desires to have its claim classified in a different class or allowed in a different amount than identified in the Schedules (or any amended schedules).

**III.  PERSONS OR ENTITIES NOT REQUIRED TO FILE PROOFS OF CLAIM**

11. The Debtor proposes that the following persons or entities whose claims otherwise would be subject to the General Bar Date or the Governmental Unit Bar Date need *not* file Proofs of Claim:

   a. any person or entity that already has filed a signed proof of claim against

---

[6] *See* Del. Bankr. L.R. 3002-1(a) ("Notwithstanding any provision of a plan of reorganization, any motion, notice or court order in a specific case, the government shall not be required to file any proof of claim or application for allowance for any claims covered by section 503(b)(1)(B), (C), or (D).").

DOCS_LA:324981.8 46353/001

       the Debtor in a form substantially similar to Official Bankruptcy Form No. 410 with the Clerk of the Bankruptcy Court for the District of Delaware;

b.    any person or entity whose claim is listed on the Schedules (or any amended schedules) if (i) the claim is *not* listed as "disputed", "contingent", or "unliquidated" in the Schedules (or any amended schedules) and (ii) such person or entity agrees with the nature, classification and amount of its claim as set forth in the Schedules (or any amended schedules);

c.    any holder of a claim that previously has been allowed by the Court;

d.    any holder of a claim that has been paid in full by the Debtor in accordance with the Bankruptcy Code or in accordance with an order of the Court;

e.    claims of governmental units arising from sections 503(b)(1)(B), (C) or (D) of the Bankruptcy Code; and

f.    any person or entity holding a claim for which a separate deadline for filing a proof of claim is fixed by this Court.

## IV. PROCEDURES FOR PROVIDING NOTICE OF AND FILING PROOFS OF CLAIM

12.    The Debtor proposes the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims. The Debtor proposes to serve on all known persons or entities holding, or which are reasonably ascertainable to the Debtor as possibly holding, General Claims: (a) a notice of the Bar Dates substantially in the form of the notice attached to the Proposed Order as Exhibit 1 and incorporated herein by reference (the "Bar Date Notice"); and (b) a proof of claim form substantially in the form attached to the Proposed Order as Exhibit 2[7] (the "Proof of Claim Form," together with the Bar Date Notice, the "Bar Dates Notice Package").

---

[7] Each Proof of Claim Form will be accompanied by a Chinese translation.

13. The Bar Date Notice states, among other things, that proofs of claim on account of prepetition claims must be submitted to the Debtor's claims agent, Epiq Corporate Restructuring, LLC ("Epiq"), on or before the applicable Bar Date. The Debtor intends to mail the Bar Date Notice Package by first class mail, postage prepaid (or equivalent service), to: (a) all known or reasonably ascertainable potential creditors, including all persons and entities listed in the Schedules (or any amended schedules) as holding or potentially having a basis to assert claims at the addresses set forth therein; (b) the U.S. Trustee; (c) all parties that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 as of the date of the Service Date; (d) all parties who are listed as parties to executory contracts and unexpired leases with the Debtor; (e) all parties who are parties to litigation with the Debtor or their counsel (if known); (f) the Internal Revenue Service and all other taxing and regulatory authorities for the jurisdictions in which the Debtor resides or conducts business; (g) such additional persons and entities as deemed appropriate by the Debtor; and (h) all other parties listed in the Debtor's official matrix of creditors, to the extent not covered by the previous categories (collectively, the "Notice Parties"). The timing of the Bar Dates will ensure that potential claimants known as of the date hereof will receive at least twenty-one (21) days' notice by mail of the General Bar Date.

14. All filed Proof of Claim Forms must: (a) be written in English; (b) include a claim amount denominated in lawful currency of the United States; (c) conform substantially with the Proof of Claim Form provided by the Debtor; and (d) be signed by the holder of the claim or by an authorized agent of the holder of the claim.

15. For any claim to be validly and properly filed, a claimant must deliver a completed, signed original Proof of Claim Form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), to the Debtor's claims agent, Epiq. Completed Proof of Claim Forms may be submitted electronically via the following website: https://epiqworkflow.com/cases/YT1 or via First Class mail to the following address:

> Yueting Jia
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> P.O. Box 4419
> Beaverton, OR  97076-4419

or if by hand delivery, international express courier or overnight mail to the following address:

> Yueting Jia
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> 10300 SW Allen Blvd.
> Beaverton, OR  97005

**Epiq will not accept Proof of Claim Forms submitted by facsimile or electronic mail.  The Debtor shall deem Proof of Claim Forms as filed when Epiq actually receives them (as described in the Bar Date Notice) by one of the approved methods of delivery identified herein.**

16. The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim.  The Debtor requests the Court approve the use of the Bar Date Notice.

## V.    EFFECT OF FAILURE TO FILE A PROOF OF CLAIM FORM

17. The Debtor proposes that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a Proof of Claim Form, pursuant to the Bankruptcy Code,

the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtor, but fails to do so by the applicable Bar Date will not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

**Basis for Relief**

VI. **AMPLE AUTHORITY EXISTS TO APPROVE THE BAR DATES AND THE PROPOSED PROCEDURES FOR FILING PROOFS OF CLAIM IN THIS CHAPTER 11 CASE**

18. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

19. It is well recognized that the claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of America Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. Partn.*, 526 U.S. 434, 453 (1999). The claims bar date allows the debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate. The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses

incurred by Debtor in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law— "secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

20. The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing Proofs of Claim and achieve administrative and judicial efficiency. Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow this Chapter 11 Case to move forward quickly with a minimum of administrative expense and delay, on the other hand.

21. The Debtor's proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtor with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during this Chapter 11 Case.

VII. **THE PROPOSED NOTICE PROCEDURES ARE REASONABLE AND APPROPRIATE**

22. Bankruptcy Rule 2002(a)(7) requires that the Debtor provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).

23. In conjunction with setting deadlines to file Proofs of Claim, the Debtor must give appropriate notice to interested parties. The Debtor proposes to mail the Bar Date

Notice to its known creditors.  This procedure is consistent with applicable case law and practice in this district.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346 (3d Cir. 1995).  To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  *Chemetron*, 72 F.3d at 346.  As the United States Court of Appeals for the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date.  For unknown creditors, notification by publication will generally suffice."  *Id.* (citations omitted).  A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor."  *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).  An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  *Id.* (citing *Mullane*, 339 U.S. at 317).

    24. Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim.  A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts."  *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983).  But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process."  *See Mullane*, 339 U.S. at 317–18.  Rather, the required search is limited to a debtor's "books and records."  *See, e.g.*, *Chemetron*, 72 F.3d at 347.

DOCS_LA:324981.8 46353/001

25. The Debtor submits that the relief requested herein provides for clear notice of the General Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code.  Specifically, to the extent the Bar Dates are established, as proposed, the Debtor intend to cause the Bar Date Notice to be mailed no later than three (3) business days after entry of the Bar Date Order.  Additionally, because the Debtor filed his Schedules on October 13, 2019, known creditors will have ample time to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file Proofs of Claim, if necessary.

26. In addition, in the event the Debtor amends or supplements the Schedules subsequent to the date on which the Debtor serve the Bar Date Notice, the Debtor shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no less than twenty-one (21) days from the notice date to file Proofs of Claim with respect to their claims (to the extent necessary to dispute the amendment or supplement with respect to such claims).  Moreover, unless otherwise ordered by the Court, and in the event the Debtor rejects an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the last to occur of:  (a) the General Bar Date; (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtor; and (c) any date that the Court may fix in the applicable order approving such rejection.

27. The procedures and notice periods described herein afford creditors ample opportunity to review the Schedules (or any amended schedules) and file Proofs of Claim while, at the same time, ensuring that the Debtor can achieve certainty with respect to its liabilities in a timely manner. In fact, the entry of orders granting relief similar to that requested herein is routinely approved in large chapter 11 cases in this district. *See, e.g.*, *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (Bankr D. Del. Aug. 2, 2017) (approving a general bar date that provided for approximately 40 days' notice to creditors); *In re Aquion Energy, Inc.*, No. 17-10500 (KJC) (Bankr. D. Del. Aug. 16, 2017) (approving a general bar date that provided for approximately 40 days' notice to creditors); *In re Horsehead Holding Corp.,* No. 16-10287 (CSS) (Bankr. D. Del. Mar. 22, 2016) (approving a general bar date that provided for approximately 28 days' notice to creditors); *In re Magnum Hunter Res. Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Jan. 11, 2016) (approving a general bar date that provided for approximately 42 days' notice to creditors); *In re GSE Envtl., Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. June 3, 2014) (approving a general bar date that provided for approximately 35 days' notice to creditors); *In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013) (approving a general bar date that provided for approximately 28 days' notice to creditors).

28. Accordingly, the Debtor respectfully submits that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

**Notice**

29. Notice of this Motion shall be given to: (a) the Office of the United States Trustee; (b) creditors holding the twenty largest unsecured claims against the Debtor; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that no other or further notice need be provided.

**No Prior Request**

30. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated: October 19, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Tel:    (302) 652-4100
Fax:    (302) 652-4400
Email: rpachulski@pszjlaw.com
          jdulberg@pszjlaw.com
          mpagay@pszjlaw.com
          joneill@pszjlaw.com

Proposed Attorneys for Debtor and Debtor in Possession