**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YUETING JIA,[1] | ) Case No.: 19-12220 (KBO) |
| | ) |
| Debtor. | ) |

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                        ) ss.:
COUNTY OF NEW YORK  )

CASSANDRA MURRAY, being duly sworn, deposes and says:

1.  I am employed as a Senior Case Manager by Epiq Corporate Restructuring, LLC, located at 777 Third Avenue, New York, NY 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2.  On October 19, 2019, I caused to be served the:

    a.  "Debtor's Motion for an Order (I) Establishing Claim Bar Dates for Filing Prepetition Claims and (II) Approving the Form and Manner of Notice Thereof," dated October 19, 2019, a sample of which is annexed hereto as <u>Exhibit A</u>, and

    b.  "Debtor's Motion for Entry of an Order (I) Scheduling Combined Hearing on (A) Disclosure Statement, (B) Prepetition Solicitation Procedures, and (C) Confirmation of Prepackaged Plan; (II) Fixing Deadline to Object to Prepackaged Plan and Disclosure Statement; (III) Approving Form and Manner of Notice of Combined Hearing and Objection Deadline; (IV) Conditionally Canceling Meeting of Creditors; and (IV) Granting Related Relief," dated October 19, 2019, a sample of which is annexed hereto as <u>Exhibit B</u>,

by causing true and correct copies to be:

   i.  enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit C</u>, and

   ii.  delivered via electronic mail to those parties listed on the annexed <u>Exhibit D</u>.

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

3. All envelopes utilized in the service of the foregoing contained the following legend:
   "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO THE ATTENTION OF
   ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

*/s/ Cassandra Murray*

Cassandra Murray

Sworn to before me this
21st day of October, 2019
*/s/ Diane M. Streany*
_____
Notary Public, State of New York
No. 01ST5003825
Qualified in Westchester County
Commission Expires November 2, 2022

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | **)** | Chapter 11 |
| | **)** | |
| YUETING JIA,[1] | **)** | Case No.: 19-12220 (KBO) |
| | **)** | |
| Debtor. | **)** | |

### DEBTOR'S MOTION FOR AN ORDER (I) ESTABLISHING CLAIM BAR DATES FOR FILING PREPETITION CLAIMS AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves the Court (the "Motion") for entry of an order, pursuant to sections 105, and 501 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"):  (i) establishing the bar dates for filing (a) general prepetition claims (the "General Bar Date") and (b) claims of governmental units (the "Governmental Unit Bar Date" and together with the General Bar Date, the "Bar Dates") by which all persons and entities, except as otherwise provided herein, must file proofs of claim in this case (the "Chapter 11 Case") against the Debtor that arose prior to the Petition Date (as defined below) and (ii) approving the form and manner of notice of the Bar Dates.  In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's federal tax identification number is 8972.  The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA  90275.

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms his consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      The bases for the relief requested herein are sections 105 and 501 of the Bankruptcy Code, and Rules 2002 and 3003(c)(3) of the Bankruptcy Rules.

**Background**

3.      On October 14, 2019 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or an examiner in this Chapter 11 Case.

4.      The factual background regarding the Debtor is set forth in detail in the *Disclosure Statement for a Prepackaged Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code*, dated October 10, 2019 [Docket No. 5], filed on the Petition Date, and the *Debtor's Motion for Entry of an Order (I) Scheduling Combined Hearing on (A) Disclosure*

*Statement, (B) Prepetition Solicitation Procedures, and (C) Confirmation of Prepackaged Plan;*

*(II) Fixing Deadline to Object to Prepackaged Plan and Disclosure Statement; (III) Approving*

*Form and Manner of Notice of Combined Hearing and Objection Deadline; (IV) Conditionally*

*Canceling Meeting of Creditors; and (IV) Granting Related Relief*, filed concurrently herewith,

and incorporated herein by reference.[2]

### **Relief Requested**

5.      By this Motion, the Debtor requests the entry of an order, in substantially

the form of the Proposed Order, pursuant to sections 105, 501, and 502 of the Bankruptcy Code,

Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1,(a) establishing the Bar Dates and related

claims procedures proposed herein and (b) approving the form and manner of notice thereof.

## I.     **ESTABLISHMENT OF THE BAR DATES**

### A.     **General Bar Date**

6.      Bankruptcy Rule 3003(c)(3) requires that the Court fix a time by which

proofs of claim must be filed.[3]  To that end, within three (3) business days after an order is

entered granting this Motion and establishing the Bar Dates (the "Bar Date Order"), the Debtor

will serve a notice (the date on which such service is made, the "Service Date") of the Bar Dates

and a proof of claim form, in substantially the forms attached to the Proposed Order as Exhibit 1

and Exhibit 2, respectively, upon all known or reasonably ascertainable entities who may assert a

claim against the Debtor.[4]

---

[2] Capitalized terms not otherwise defined herein shall have the same meanings as set forth in the *Debtor's Prepackaged Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Docket No. 4] (the "Plan").

[3] As used in this Motion, the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code.

[4] As used in this Motion, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

7.      The Debtor requests that the Court establish December 13, 2019, at 5:00 p.m. (prevailing Eastern time) as the General Bar Date, which is at least twenty-one (21) days after the proposed Service Date and in compliance with Bankruptcy Rule 2002(a) as well as Bankruptcy Rule 2002(p).  Except as otherwise provided herein, the General Bar Date will apply to all claims of any kind that arose prior to the Petition Date (the "General Claims"), including secured claims, unsecured priority claims, and unsecured nonpriority claims.  Unless such claims fall within one of the exceptions described below, entities holding General Claims must file proofs of claim with respect to such General Claims by the General Bar Date.

**B.      Governmental Unit Bar Date**

8.      Pursuant to section 502(b)(9) of the Bankruptcy Code, a proof of claim filed by a governmental unit in this Chapter 11 Case is deemed timely if it is filed within 180 days after the Petition Date.[5]  The Debtor therefore request that this Court establish the date of April 13, 2020, at 5:00 p.m. (prevailing Eastern Time), which is the first business day more than 180 days after the Petition Date, as the Governmental Unit Bar Date in this Chapter 11 Case. The Debtor proposes that the Governmental Unit Bar Date apply to all governmental units holding claims against the Debtor (whether secured claims, unsecured priority claims and unsecured nonpriority claims) that arose prior to the Petition Date, including, without limitation, governmental units with claims against a Debtor for unpaid taxes, whether such claims arose from prepetition tax years or periods of prepetition transactions to which the Debtor was a party.

---

[5]  As used in this Motion, the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.  Under Bankruptcy Rule 3002(c)(1), "[a] proof of claim filed by a governmental unit . . . is timely filed if it is filed not later than 180 days after the date of the order for relief."

C.      **Governmental Units Holding Claims Covered by**
        **Sections 503(b)(1)(B), (C) or (D) of the Bankruptcy Code**

9.      Pursuant to Del. Bankr. L.R. 3002-1(a), the Governmental Unit Bar Date

shall not apply to any government claim arising under sections 503(b)(1)(B), (C) or (D) of the

Bankruptcy Code.[6]

## II.     PERSONS OR ENTITIES REQUIRED TO FILE PROOFS OF CLAIM

10.     Except as otherwise set forth herein, the Debtor proposes that the

following persons or entities holding claims against the Debtor arising prior to the Petition Date

be required to file a Proof of Claim on or before the applicable Bar Date:

a.      any person or entity (i) whose prepetition claim against the Debtor is not
        listed in the Debtor's Schedules (or any amended schedules), or is listed as
        either a disputed, contingent, or unliquidated claim (or any combination
        thereof) and (ii) that desires to share in any distribution made in the
        Debtor's Chapter 11 Case; and

b.      any person or entity that (i) believes that its prepetition claim against the
        Debtor is improperly classified in the Schedules (or any amended
        schedules), is listed in an incorrect amount and (ii) desires to have its
        claim classified in a different class or allowed in a different amount than
        identified in the Schedules (or any amended schedules).

## III.    PERSONS OR ENTITIES NOT REQUIRED TO FILE PROOFS
       OF CLAIM

11.     The Debtor proposes that the following persons or entities whose claims

otherwise would be subject to the General Bar Date or the Governmental Unit Bar Date need *not*

file Proofs of Claim:

a.      any person or entity that already has filed a signed proof of claim against

---

[6] *See* Del. Bankr. L.R. 3002-1(a) ("Notwithstanding any provision of a plan of reorganization, any motion, notice or
court order in a specific case, the government shall not be required to file any proof of claim or application for
allowance for any claims covered by section 503(b)(1)(B), (C), or (D).").

DOCS_LA:324981.8 46353/001

the Debtor in a form substantially similar to Official Bankruptcy Form No. 410 with the Clerk of the Bankruptcy Court for the District of Delaware;

b.    any person or entity whose claim is listed on the Schedules (or any amended schedules) if (i) the claim is ***not*** listed as "disputed", "contingent", or "unliquidated" in the Schedules (or any amended schedules) and (ii) such person or entity agrees with the nature, classification and amount of its claim as set forth in the Schedules (or any amended schedules);

c.    any holder of a claim that previously has been allowed by the Court;

d.    any holder of a claim that has been paid in full by the Debtor in accordance with the Bankruptcy Code or in accordance with an order of the Court;

e.    claims of governmental units arising from sections 503(b)(1)(B), (C) or (D) of the Bankruptcy Code; and

f.    any person or entity holding a claim for which a separate deadline for filing a proof of claim is fixed by this Court.

## IV.   PROCEDURES FOR PROVIDING NOTICE OF AND FILING PROOFS OF CLAIM

12.    The Debtor proposes the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims.  The Debtor proposes to serve on all known persons or entities holding, or which are reasonably ascertainable to the Debtor as possibly holding, General Claims: (a) a notice of the Bar Dates substantially in the form of the notice attached to the Proposed Order as <u>Exhibit 1</u> and incorporated herein by reference (the "<u>Bar Date Notice</u>"); and (b) a proof of claim form substantially in the form attached to the Proposed Order as <u>Exhibit 2</u>[7] (the "<u>Proof of Claim Form</u>," together with the Bar Date Notice, the "<u>Bar Dates Notice Package</u>").

---

[7] Each Proof of Claim Form will be accompanied by a Chinese translation.

DOCS_LA:324981.8 46353/001

13.     The Bar Date Notice states, among other things, that proofs of claim on account of prepetition claims must be submitted to the Debtor's claims agent, Epiq Corporate Restructuring, LLC ("Epiq"), on or before the applicable Bar Date.  The Debtor intends to mail the Bar Date Notice Package by first class mail, postage prepaid (or equivalent service), to: (a) all known or reasonably ascertainable potential creditors, including all persons and entities listed in the Schedules (or any amended schedules) as holding or potentially having a basis to assert claims at the addresses set forth therein; (b) the U.S. Trustee; (c) all parties that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 as of the date of the Service Date; (d) all parties who are listed as parties to executory contracts and unexpired leases with the Debtor; (e) all parties who are parties to litigation with the Debtor or their counsel (if known); (f) the Internal Revenue Service and all other taxing and regulatory authorities for the jurisdictions in which the Debtor resides or conducts business; (g) such additional persons and entities as deemed appropriate by the Debtor; and (h) all other parties listed in the Debtor's official matrix of creditors, to the extent not covered by the previous categories (collectively, the "Notice Parties").  The timing of the Bar Dates will ensure that potential claimants known as of the date hereof will receive at least twenty-one (21) days' notice by mail of the General Bar Date.

14.     All filed Proof of Claim Forms must: (a) be written in English; (b) include a claim amount denominated in lawful currency of the United States; (c) conform substantially with the Proof of Claim Form provided by the Debtor; and (d) be signed by the holder of the claim or by an authorized agent of the holder of the claim.

-7-

15.     For any claim to be validly and properly filed, a claimant must deliver a completed, signed original Proof of Claim Form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), to the Debtor's claims agent, Epiq.  Completed Proof of Claim Forms may be submitted electronically via the following website: https://epiqworkflow.com/cases/YT1 or via First Class mail to the following address:

Yueting Jia
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR  97076-4419

or if by hand delivery, international express courier or overnight mail to the following address:

Yueting Jia
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR  97005

**Epiq will not accept Proof of Claim Forms submitted by facsimile or electronic mail.  The Debtor shall deem Proof of Claim Forms as filed when Epiq actually receives them (as described in the Bar Date Notice) by one of the approved methods of delivery identified herein.**

16.     The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim.  The Debtor requests the Court approve the use of the Bar Date Notice.

## V.     EFFECT OF FAILURE TO FILE A PROOF OF CLAIM FORM

17.     The Debtor proposes that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a Proof of Claim Form, pursuant to the Bankruptcy Code,

-8-

the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtor,

but fails to do so by the applicable Bar Date will not be treated as a creditor with respect to such

claim for the purposes of voting and distribution.

**Basis for Relief**

## VI.   AMPLE AUTHORITY EXISTS TO APPROVE THE BAR DATES AND THE PROPOSED PROCEDURES FOR FILING PROOFS OF CLAIM IN THIS CHAPTER 11 CASE

18.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of

claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause

shown may extend the time within which proofs of claim or interest may be filed." Fed. R.

Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in

interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing

proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the

Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in

chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental

units).

19.     It is well recognized that the claims bar date plays an essential role in the

twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property

available to satisfy creditors. *See Bank of America Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle*

*St. Partn.*, 526 U.S. 434, 453 (1999).  The claims bar date allows the debtor and parties in

interest to expeditiously determine and evaluate the liabilities of the estate.  The absence of such

a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses

incurred by Debtor in connection with the claims reconciliation process, and delay or even derail

the claims process, thus undercutting one of the principal purposes of bankruptcy law—

"secur[ing] within a limited period the prompt and effectual administration and settlement of the

debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

        20.      The procedures described herein provide creditors with ample notice and

opportunity and a clear process for filing Proofs of Claim and achieve administrative and judicial

efficiency.  Indeed, the proposed procedures will provide comprehensive notice and clear

instructions to creditors, on the one hand, and allow this Chapter 11 Case to move forward

quickly with a minimum of administrative expense and delay, on the other hand.

        21.      The Debtor's proposed procedures provide clear instructions that will help

avoid confusion or uncertainty among creditors that might lead them to file unnecessary

protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the

claims process for all parties.  The proposed procedures are designed to comply with the

Bankruptcy Code and provide the Debtor with flexibility in case of the need for supplemental bar

dates or situations in which a creditor's claim status may change during this Chapter 11 Case.

## VII.    THE PROPOSED NOTICE PROCEDURES ARE REASONABLE AND APPROPRIATE

        22.      Bankruptcy Rule 2002(a)(7) requires that the Debtor provide claimants at

least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).

        23.      In conjunction with setting deadlines to file Proofs of Claim, the Debtor

must give appropriate notice to interested parties.  The Debtor proposes to mail the Bar Date

Notice to its known creditors.  This procedure is consistent with applicable case law and practice

in this district.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317

(1950); *see also Chemetron*, 72 F.3d at 346 (3d Cir. 1995).  To determine the adequacy of notice

given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.

*Chemetron*, 72 F.3d at 346.  As the United States Court of Appeals for the Third Circuit

explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a

debtor's bankruptcy filing and bar claims date.  For unknown creditors, notification by

publication will generally suffice."  *Id.* (citations omitted).  A "known" creditor is one whose

identity is either known or is "reasonably ascertainable by the debtor."  *Id.* (citing *Tulsa Prof'l*

*Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).  An "unknown" creditor is one whose

"interests are either conjectural or future or, although they could be discovered upon

investigation, do not in due course of business come to knowledge [of the debtor]."  *Id.* (citing

*Mullane*, 339 U.S. at 317).

             24.      Where a creditor is known to the debtor, due process requires that the

debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline

for filing proofs of claim.  A creditor's identity is "reasonably ascertainable" if that creditor can

be identified through "reasonably diligent efforts."  *Mennonite Bd. of Missions v. Adams*,

462 U.S. 791, 798 n.4 (1983).  But this does not require the debtor to engage in "impracticable

and extended searches . . . in the name of due process."  *See Mullane*, 339 U.S. at 317–18.

Rather, the required search is limited to a debtor's "books and records."  *See, e.g.*, *Chemetron*, 72

F.3d at 347.

25.     The Debtor submits that the relief requested herein provides for clear notice of the General Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code.  Specifically, to the extent the Bar Dates are established, as proposed, the Debtor intend to cause the Bar Date Notice to be mailed no later than three (3) business days after entry of the Bar Date Order.  Additionally, because the Debtor filed his Schedules on October 13, 2019, known creditors will have ample time to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file Proofs of Claim, if necessary.

26.     In addition, in the event the Debtor amends or supplements the Schedules subsequent to the date on which the Debtor serve the Bar Date Notice, the Debtor shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no less than twenty-one (21) days from the notice date to file Proofs of Claim with respect to their claims (to the extent necessary to dispute the amendment or supplement with respect to such claims).  Moreover, unless otherwise ordered by the Court, and in the event the Debtor rejects an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the last to occur of:  (a) the General Bar Date; (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtor; and (c) any date that the Court may fix in the applicable order approving such rejection.

-12-

27.     The procedures and notice periods described herein afford creditors ample opportunity to review the Schedules (or any amended schedules) and file Proofs of Claim while, at the same time, ensuring that the Debtor can achieve certainty with respect to its liabilities in a timely manner.  In fact, the entry of orders granting relief similar to that requested herein is routinely approved in large chapter 11 cases in this district.  *See, e.g.*, *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (Bankr D. Del. Aug. 2, 2017) (approving a general bar date that provided for approximately 40 days' notice to creditors); *In re Aquion Energy, Inc.*, No. 17-10500 (KJC) (Bankr. D. Del. Aug. 16, 2017) (approving a general bar date that provided for approximately 40 days' notice to creditors); *In re Horsehead Holding Corp.,* No. 16-10287 (CSS) (Bankr. D. Del. Mar. 22, 2016) (approving a general bar date that provided for approximately 28 days' notice to creditors); *In re Magnum Hunter Res. Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Jan. 11, 2016) (approving a general bar date that provided for approximately 42 days' notice to creditors); *In re GSE Envtl., Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. June 3, 2014) (approving a general bar date that provided for approximately 35 days' notice to creditors); *In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013) (approving a general bar date that provided for approximately 28 days' notice to creditors).

28.     Accordingly, the Debtor respectfully submits that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

-13-

**Notice**

29.    Notice of this Motion shall be given to:  (a) the Office of the United States

Trustee; (b) creditors holding the twenty largest unsecured claims against the Debtor; and (c)

parties requesting notice pursuant to Bankruptcy Rule 2002.    The Debtor submits that no other

or further notice need be provided.

**No Prior Request**

30.    No prior request for the relief sought herein has been made to this Court or

any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order

and grant such other and further relief as may be appropriate.


Dated: October 19, 2019                    PACHULSKI STANG ZIEHL & JONES LLP

                                           */s/ James E. O'Neill*
                                           Richard M. Pachulski (CA Bar No. 90073)
                                           Jeffrey W. Dulberg (CA Bar No. 181200)
                                           Malhar S. Pagay (CA Bar No. 189289)
                                           James E. O'Neill (DE Bar No. 4042)
                                           919 N. Market Street, 17th Floor
                                           Wilmington, DE 19801
                                           Tel:    (302) 652-4100
                                           Fax:    (302) 652-4400
                                           Email: rpachulski@pszjlaw.com
                                                   jdulberg@pszjlaw.com
                                                   mpagay@pszjlaw.com
                                                   joneill@pszjlaw.com

                                           Proposed Attorneys for Debtor and Debtor in
                                           Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA[1], | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| | ) | |
| Debtor. | ) | **Re: Docket No. ___** |

## ORDER (I) ESTABLISHING CLAIM
## BAR DATES FOR FILING PREPETITION CLAIMS AND
## (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

This matter coming before the Court on the *Debtor's Motion For an Order*

*(I) Establishing Claim Bar Dates for Filing Prepetition Claims, and (II) Approving the Form and*

*Manner of Notice Thereof* (the "Motion"),[2] filed by the above-captioned Debtor (the "Debtor");

the Court having reviewed the Motion and having heard the statements of counsel regarding the

relief requested in the Motion at a hearing, if any, before the Court (the "Hearing"); the Court

finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

(ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (iii) notice of the Motion and

the Hearing was sufficient under the circumstances; and the Court having determined that the

legal and factual bases set forth in the Motion and at the Hearing establish just cause for the

relief granted herein;

---

[1] The last four digits of the Debtor's federal tax identification number is 8972.  The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA  90275.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.     As used herein, (1) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, (2) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and (3) the term "governmental units" has the meaning given to it in section 101(27) of the Bankruptcy Code.

3.     The forms of the Bar Date Notice, the Proof of Claim Form, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects. The form and manner of notice of the Bar Dates approved herein satisfy the notice requirements of the Bankruptcy Code and the Bankruptcy Rules.  As such, the Debtor is authorized to serve the Bar Dates Notice Package in the manner described below.

4.     <u>The General Bar Date</u>.  Except as described below, all entities holding claims against the Debtor that arose before October 14, 2019 (the "<u>Petition Date</u>") shall file proofs of claim by the General Bar Date of **December 13, 2019, at 5:00 p.m. (prevailing Eastern time)**.  The General Bar Date applies to all types of claims against the Debtor that arose prior to the Petition Date, regardless of whether the claim would be legally classified as secured, priority (including, without limitation, claims entitled to priority under section 507(a)(4) or 507(a)(5) of the Bankruptcy Code), or unsecured nonpriority claims.

5.     <u>The Governmental Unit Bar Date</u>.  Pursuant to section 502(b)(9) of the Bankruptcy Code, except as described below, all governmental units holding claims (whether secured, priority or unsecured nonpriority) against the Debtor that arose before the Petition Date

-2-

shall file proofs of claim by the Governmental Unit Bar Date of **April 13, 2020, at 5:00 p.m. (prevailing Eastern Time).**

6. Subject to the terms described in this order for holders of claims subject to the General Bar Date and Governmental Unit Bar Date, the following entities shall file proofs of claim on or before the applicable Bar Date:

    a. any person or entity (i) whose prepetition claim against the Debtor is not listed in the Debtor's Schedules (or any amended schedules), or is listed as either a disputed, contingent, or unliquidated claim (or any combination thereof) and (ii) that desires to share in any distribution made in the Debtor's Chapter 11 Case; and

    b. any person or entity that (i) believes that its prepetition claim against the Debtor is improperly classified in the Schedules (or any amended schedules), or is listed in an incorrect amount and (ii) desires to have its claim classified in a different class or allowed in a different amount than identified in the Schedules (or any amended schedules).

7. Subject to the terms described in this order for holders of claims who would otherwise be subject to the General Bar Date or the Governmental Unit Bar Date, the following persons or entities need not file Proofs of Clam:

    a. any person or entity that already has filed a signed proof of claim against the Debtor in a form substantially similar to Official Bankruptcy Form No. 410 with the Clerk of the Bankruptcy Court for the District of Delaware;

    b. any person or entity whose claim is listed on the Schedules (or any amended schedules) if (i) the claim is ***not*** listed as "disputed", "contingent", or "unliquidated" in the Schedules (or any amended schedules) and (ii) such person or entity agrees with the nature, classification and amount of its claim as set forth in the Schedules (or amended schedules); and

    c. claims of governmental units arising from sections 503(b)(1)(B), (C) or

-3-

(D) of the Bankruptcy Code.

8.    Parties asserting claims against the Debtor that accrued before the Petition Date shall use a proof of claim form (the "<u>Proof of Claim Form</u>") substantially in the form attached hereto as **<u>Exhibit 2</u>**[3].

9.    For any claim to be validly and properly filed, a claimant must deliver a completed, signed original Proof of Claim Form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), to the Clerk of the Bankruptcy Court for the District of Delaware, in the manner set forth below and in the Bar Date Notice, so that Clerk of the Bankruptcy Court for the District of Delaware actually receives the Proof of Claim Form by no later than 5:00 p.m., Eastern Time, on the applicable Bar Date.  All such filed Proof of Claim Forms must: (a) be written in English; (b) include a claim amount denominated in lawful currency of the United States; (c) conform substantially with the Proof of Claim Form provided by the Debtor; and (d) be signed by the holder of the claim or by an authorized agent of the holder of the claim.  Claimants may submit Proof of Claim Forms electronically via the Debtor's claims agent, Epiq Corporate Restructuring, LLC ("<u>Epiq</u>"), at the following website: <u>https://epiqworkflow.com/cases/YT1</u> or via First Class mail to the following address:

Yueting Jia
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR  97076-4419

---

[3] Each proof of claim form will be accompanied by a Chinese translation.

or if by hand delivery, international express courier or overnight mail to the following address:

Yueting Jia.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR  97005

10.    Epiq will not accept Proof of Claim Forms submitted by facsimile or electronic mail.  The Debtor shall deem Proof of Claim Forms as filed when Epiq actually receives them (as described in the Bar Date Notice) by one of the approved methods of delivery identified herein.

11.    Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a Proof of Claim Form, pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against a Debtor, but fails to do so by the applicable Bar Date will not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

12.    No later than three (3) business days after the entry of this Order, the Debtor shall serve the Bar Date Notice attached hereto as **Exhibit 1**, and the Proof of Claim Form substantially in the form attached hereto as **Exhibit 2**, by first-class mail, postage prepaid, on:

a.    all known or reasonably ascertainable potential creditors, including all persons and entities listed in the Schedules (and any amended schedules) as holding or potentially having a basis to assert claims at the addresses set forth therein;

b.    the U.S. Trustee;

-5-

c.      all parties that have requested notice in this Chapter 11 Case

pursuant to Bankruptcy Rule 2002 as of the date of the Service Date;

d.      all parties who are listed as parties to executory contracts and

unexpired leases with the Debtor;

e.      all parties who are parties to litigation with the Debtor or their

counsel (if known);

f.      the Internal Revenue Service for this District and all other taxing

and regulatory authorities for the jurisdictions in which the Debtor resides or conducts business;

g.      such additional persons and entities as deemed appropriate by the

Debtor; and

h.      all other parties listed in the Debtor's official matrix of creditors, to

the extent not covered by the previous categories (collectively, the "Notice Parties").

i.      Should the Debtor amend or supplement the Schedules subsequent

to the date on which the Debtor serves the Bar Date Notice, the Debtor shall give notice of any

amendment or supplement to the holders of affected claims whereby such holders will have no

less than twenty-one (21) days from the notice date to file Proofs of Claim with respect to their

claims.  Moreover, unless otherwise ordered by the Court, and in the event the Debtor rejects an

executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall

file claims on account of such rejection by the last to occur of:  (1) the General Bar Date;

(2) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following entry of an

order approving the rejection of any executory contract or unexpired lease of the Debtor; and

(3) any date that the Court may fix in the applicable order approving such rejection.

13.     The entry of this order is without prejudice to the right of the Debtor to

seek a further order of this Court fixing a date by which holders of claims or interests not subject

to the Bar Dates established herein shall file proofs of claim or interest.

14.     This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation and/or interpretation of this Order.

Dated: _____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT "1"**

**FORM OF BAR DATE NOTICE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| YUETING JIA[1], | Case No.: 19-12220 (KBO) |
| Debtor. | |

### NOTICE OF ESTABLISHMENT OF BAR DATES FOR FILING PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR (THE "DEBTOR"):**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE HOLDING A CLAIM AGAINST THE DEBTOR IN THE ABOVE-CAPTIONED CHAPTER 11 CASE (THE "CHAPTER 11 CASE"). THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

On [_____], 2019, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (Docket No. ___) (the "Bar Date Order") in the Chapter 11 Case establishing various bar dates for filing Proofs of Claim.

Pursuant to the Bar Date Order, the Court has established **December 13, 2019, at 5:00 p.m. (prevailing Eastern time)** as the general bar date (the "General Bar Date") for filing proofs of claim in the Debtor's Chapter 11 Case.

As used in this Notice, "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and includes all persons, estates, trusts, governmental units and the United States Trustee. In addition, the terms "persons" and "governmental units" are defined as set forth in sections 101(41) and 101(27) of the Bankruptcy Code, respectively. As used in this notice, the term "claim" means, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### THE BAR DATES

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

The Bar Date Order established the following bar dates for filing proofs of claim in this Chapter 11 Case (collectively, the "Bar Dates"):

a.    The General Bar Date.  Except as otherwise provided herein, all persons or entities holding claims against the Debtor that arose before **October 14, 2019** (the "Petition Date"), shall file a proof of claim by the General Bar Date.  The General Bar Date applies to all types of claims against the Debtor that arose prior to the applicable Petition Date, including claims that would be legally classified as secured, priority, and unsecured nonpriority claims.  Unless such claims fall within one of the exceptions described below, persons or entities holding any such claims must file a proof of claim with respect to such claims by the General Bar Date.

b.    The Governmental Unit Bar Date.  Pursuant to section 502(b)(9) of the Bankruptcy Code, all governmental units holding claims against the Debtor (whether secured claims, unsecured priority claims, and unsecured nonpriority claims) that arose prior to the applicable Petition Date, must file a proof of claim on or before the Governmental Unit Bar Date of **April 13, 2020, at 5:00 p.m. (prevailing Eastern Time).**

c.    The Rejection Bar Date.  Any entity whose claims arise out of the Court approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order of this Court (any such order, a "Rejection Order"), must file a proof of claim on or before the last to occur of (i) the General Bar Date; (ii) thirty (30) days after service of the applicable Rejection Order; and (iii) any other date set by an order of this Court.  The last of these dates is referred to in this Notice as the "Rejection Bar Date."

d.    The Amended Schedules Bar Date.  If, subsequent to the mailing date of this Notice, the Debtor amends or supplements any of his Schedules (such Schedules, the "Amended Schedules"), to (i) reduce the undisputed, noncontingent and liquidated amount, (ii) change the nature or classification of a claim against the Debtor or (iii) add a new claim to the Amended Schedules, any affected persons or entities that dispute such changes are required to file a proof of claim in respect of the Amended Schedules or amend any previously filed proof of claim in accordance with the procedures described herein by the later of:  (i) the General Bar Date (or the Governmental Unit Bar Date for governmental units) and (ii) thirty (30) days after the date that the notice of the Amended Schedules is served on the entity.  The later of these dates is referred to in this Notice as the "Amended Schedules Bar Date."

## FILING CLAIMS

### 1.   WHO MUST FILE

Subject to the terms described above for holders of claims subject to the Governmental Unit Bar Date, the Rejection Bar Date, and the Amended Schedules Bar Date, the following entities MUST file a proof of claim on or before the General Bar Date:

e.    any person or entity (i) whose prepetition claim against the Debtor is not listed in the applicable Debtor's Schedules or Amended Schedules, or is listed as either disputed, contingent, or unliquidated and (ii) that desires to share in any distribution made in the Debtor's Chapter 11 Case; and

f.    any person or entity that (i) believes that its prepetition claim against the Debtor is improperly classified in the Schedules or any Amended Schedules or is listed in an incorrect amount and (ii) desires to have its claim classified in a different class or allowed in a different amount than

identified in the Schedules or Amended Schedules.

**2.    WHAT TO FILE**

The Debtor is enclosing a proof of claim form for use in this Chapter 11 Case, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 410.  If your claim is scheduled by the Debtor, the attached form also sets forth: (a) the amount of your claim, if any; (b) whether your claim is listed as disputed, contingent or unliquidated (or any combination thereof); and (c) whether your claim is listed as a secured, unsecured nonpriority or unsecured priority.

You will receive a different proof of claim form for each claim scheduled in your name by the Debtor.  You may utilize the proof of claim form(s) provided by the Debtor to file your claim.  Additional proof of claim forms may be obtained at the following website:  www.uscourts.gov/forms/bankruptcy-forms/proof-claim.

All proof of claim forms must be **<u>signed</u>** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  The proof of claim form must be written in English, signed, and include a claim amount denominated in United States currency.  You should attach to your completed proof of claim form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

**3.    WHEN AND WHERE TO FILE**

Entities must file each Proof of Claim Form so they are received **on or before the applicable Bar Dates** either (a) electronically with Epiq Corporate Restructuring, LLC ("<u>Epiq</u>") at https://epiqworkflow.com/cases/YT1, or (b) via U.S. mail to the following address:

Yueting Jia
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

or (c) via hand delivery, international express courier or overnight mail to:

Yueting Jia
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

Proof of claim forms will be deemed filed when **<u>actually received</u>** by Epiq, on or before the applicable Bar Date.  **<u>Proof of claim forms submitted by facsimile or electronic mail transmission will not be accepted</u>**.

Proof of claim forms will be collected, docketed and maintained by the Clerk.  If you want to receive acknowledgement of the Clerk's receipt of a proof of claim form, you must submit by the applicable Bar Date and concurrently with submitting your original proof of claim form (a) a copy of the original proof of claim form and (b) a self-addressed, postage prepaid return envelope.

4.  **ENTITIES NOT REQUIRED TO FILE A CLAIM**

The Bar Date Order further provides that the following entities need **not** file proofs of claim in this Chapter 11 Case:

a.    any person or entity that already has filed a signed proof of claim against the Debtor in a form substantially similar to Official Bankruptcy Form No. 410 with the Clerk of the Bankruptcy Court for the District of Delaware;

b.    any person or entity whose claim is listed on the Schedules (or any Amended Schedules) if (i) the claim is *not* listed as "disputed", "contingent", or "unliquidated" in the Schedules or Amended Schedules and (ii) such person or entity agrees with the nature, classification and amount of its claim as set forth in the Schedules (or any Amended Schedules);

c.    any holder of a claim that previously has been allowed by the Court;

d.    any holder of a claim that has been paid in full by the Debtor in accordance with the Bankruptcy Code or in accordance with an order of the Court;

e.    claims of governmental units arising from sections 503(b)(1)(B), (C) or (D) of the Bankruptcy Code; and

f.    any person or entity holding a claim for which a separate deadline for filing a proof of claim is fixed by this Court.

## CONSEQUENCES OF FAILURE TO FILE A CLAIM

**Any person or entity who is required to file a Proof of Claim pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtor, but fails to do so by the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.**

## RESERVATION OF RIGHTS

The Debtor shall retain the right to: (i) dispute, or assert offsets or defenses against, any filed proofs of claim, or any claim listed or reflected in the Schedules or any Amended Schedules, as to nature, amount, liability, classification or otherwise; (ii) subsequently designate any scheduled claim as disputed, contingent or unliquidated (or any combination thereof); and (iii) otherwise amend or supplement the Schedules or any Amended Schedules.  Notwithstanding the foregoing, nothing contained herein shall preclude the Debtor, or any other party in interest, from objecting to any claim, whether scheduled or filed, on any grounds.

## ADDITIONAL INFORMATION

Copies of the Bar Date Order and other information regarding the Debtor's Chapter 11 Case, including the Schedules or any Amended Schedules and other filings, are available upon request sent to counsel for the Debtor, James E. O'Neill, Esq., via email (joneill@pszjlaw.com) or by contacting counsel to the Debtor at (302) 652-4100, by contacting Epiq Corporate Restructuring call center at: Toll free US: 855-963-0391; Non U.S. Parties: 503-520-4401; Non U.S. Parties (China): 400-120-3077; or the case website at https://dm.epiq11.com/YT1; or by visiting PACER/CM/ECF at https://ecf.deb.uscourts.gov/.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT ITS OWN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.  NEITHER THE COURT NOR COUNSEL TO THE DEBTOR CAN ADVISE CREDITORS WHETHER THEY SHOULD FILE A PROOF OF CLAIM.**

Dated:  October __, 2019

PACHULSKI STANG ZIEHL & JONES LLP

_____
Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Tel:    (302) 652-4100
Fax:    (302) 652-4400
Email:  rpachulski@pszjlaw.com
          jdulberg@pszjlaw.com
          mpagay@pszjlaw.com
          joneill@pszjlaw.com

Proposed Attorneys for Debtor and Debtor in Possession

**EXHIBIT "2"**

**FORM OF PROOF OF CLAIM**

**United States Bankruptcy Court for the District of Delaware**
**Yueting Jia, Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**P.O. Box 4419**
**Beaverton, OR 97076-4419**

To submit your claim, please go to https://...

**Name of Debtor:**
**Case Number:**

| | For Court Use Only |
|---|---|
| | |

# Proof of Claim (Official Form 410)                                    04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Such a request should be made by filing the separate administrative claim request form approved by the bankruptcy court. Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:    Identify the Claim

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☐ No  ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) | 4. Does this claim amend one already filed? |
|---|---|---|
| _____<br>Name | _____<br>Name | ☐ No<br><br>☐ Yes.   Claim number on court claims register (if known) _____<br><br>Filed on _____<br>        MM / DD / YYYY |
| _____<br>Number    Street | _____<br>Number    Street | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
| _____<br>City            State        ZIP Code | _____<br>City            State        ZIP Code | ☐ No<br><br>☐ Yes.  Who made the earlier filing? |
| Country (if International): _____ | Country (if International): _____ | _____ |
| Contact phone: _____ | Contact phone: _____ | |
| Contact email: _____ | Contact email: _____ | |

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

| 6. Do you have any number you use to identify the debtor? | 7. How much is the claim? | 8. What is the basis of the claim? |
|---|---|---|
| ☐ No<br><br>☐ Yes.<br>Last 4 digits of the debtor's account or any number you use to identify the debtor:<br><br>___ ___ ___ ___ | $_____.<br><br>**Does this amount include interest or other charges?**<br><br>☐ No<br><br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____       _____
                  MM / DD / YYYY              Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
        First name            Middle name            Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number        Street

        _____
        City                  State            ZIP Code

Contact Phone _____       Email _____

---

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.

- Fill in the caption at the top of the form. The debtor name and case number is provided under the general information section on the Claims Agent's website: http://dm.epiq11.com/YT1.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt.  In addition to the documents, a summary may be added.  Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information.  Leave out or redact confidential information both in the claim and in the attached documents.**

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.**  For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State).*  See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (http://dm.epiq11.com/YT1) to view your filed form under "Claims."

### Where to File Proof of Claim Form

**First Class Mail:**
Yueting Jia, Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
PO Box 4419
Beaverton, OR 97076-4419

**Hand Delivery or Overnight Mail:**
Yueting Jia, Claims Processing Center
c/o Epiq Bankruptcy Solutions
10300 SW Allen Blvd
Beaverton, OR 97005

**Electronic Filing:**
By accessing the E-filing Claims link at http://dm.epiq11.com/YT1

## Understand the terms used in this form

**Administrative expense**: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.  11 U.S.C. § 503.

**Claim**: A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy.  11 U.S.C. §101 (5).  A claim may be secured or unsecured.

**Creditor**: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy.  11 U.S.C. §101 (10).

**Debtor**: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection**: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy**: A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim**: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim**: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information**: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a)**: A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff**: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier**: An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim**: A claim that does not meet the requirements of a secured claim.  A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.

**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| YUETING JIA, | Case No. 19-12220 (KBO) |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING COMBINED HEARING ON (A) DISCLOSURE STATEMENT, (B) PREPETITION SOLICITATION PROCEDURES, AND (C) CONFIRMATION OF PREPACKAGED PLAN; (II) FIXING DEADLINE TO OBJECT TO PREPACKAGED PLAN AND DISCLOSURE STATEMENT; (III) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING AND OBJECTION DEADLINE; (IV) CONDITIONALLY CANCELING MEETING OF CREDITORS; AND (IV) GRANTING RELATED RELIEF**

Yueting Jia, as debtor and debtor in possession in the above-captioned case ("YT" or the "Debtor"), respectfully represents as follows:

### INTRODUCTION

1.       On October 14, 2019 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of his property and has continued to operate as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in the Chapter 11 Case.

2.       As the founder of LeEco (formerly LeTV), the first internet-based TV streaming service in the People's Republic of China ("PRC"), YT built a global technology company and led its expansion to include LeshiZhiXin, Le Vision Pictures, Le Sports, LeMobile, and other companies. He took LeTV to a successful initial public offering on the GEM of Shenzhen Stock Exchange in 2010, and in 2014, Forbes China ranked YT as the No. 1 CEO in the country. To meet the capital demands for such expansion, YT relied heavily on borrowing

from commercial banks and other financial institutions, as it was relatively difficult for a publicly-traded company to issue new shares in the PRC at such time. The majority of YT's debt today stems from his personal guarantees or money he borrowed personally on behalf of the companies that he founded or led. YT took these loans on behalf of his previous companies in good faith to fund his vision.

3.      Now, faced with approximately $3.7 billion in Debt Claims and competing lawsuits from creditors in the PRC and the United States, YT commenced an out-of-court exchange offer, backed by a prepackaged plan of reorganization (the "Prepackaged Plan"),[1] which offered to exchange any and all rights related to the Debt Claims for a number of interests in a liquidating trust that will hold all of YT's legally recognized personal assets (other than those assets that have been frozen or seized in the PRC), including his interests in the Company (as defined below). Due to increased pressure by a small minority of YT's creditors who have pursued a long-running scheme to employ false allegations and mischaracterizations regarding YT, and to avoid a race to the courthouse, YT determined it was in the best interests of all his creditors to terminate the exchange offer and file the Chapter 11 Case to implement the restructuring through the Prepackaged Plan.[2]

4.      YT is pursing the Prepackaged Plan both to be fair to his creditors and for the benefit of his current U.S. venture, Faraday & Future Inc. ("FF"), and its employees. Upon completion of the restructuring, YT will no longer hold his existing equity interest in Smart King

---

[1] Capitalized terms used but not defined in this motion shall have the meanings used in the Prepackaged Plan.

[2] Despite the filing of the Chapter 11 Case, this scheme of false allegations and mischaracterizations has continued. *See Shanghai Lan Cai Asset Management Co, Ltd.'s Preliminary Response to the Debtor's Chapter 11 Filing* [Docket No. 22] (the "SLC Statement"). The SLC Statement is an attempt to bully YT into dismissing the Chapter 11 Case so that Shanghai Lan Cai Asset Management Co, Ltd. can "jump to the front of the line" to obtain a recovery ahead of—and at the expense of—all other creditors. Through proceeding with the Chapter 11 Case and confirmation of the Prepackaged Plan, YT will refute these false allegations and demonstrate his commitment to providing the greatest recovery to his creditors in a way that is equitable for all—not just those who resort to unsavory tactics and hold claims amounting to merely .3% of the outstanding debt.

Limited, a Cayman Islands company (the "<u>Company</u>"), which is the parent of FF. The Company is a pre-revenue development stage global technology company headquartered in Los Angeles, California, with additional development activities and operations in China that designs and manufactures next-generation, zero-emission smart electric vehicles and mobility ecosystems with a view to carving out a dual-market strategy and having manufacturing capabilities and operations in both the U.S. and PRC, the two largest electric vehicle markets. The Company has designed a new mobility platform that integrates clean energy, intelligent design, internet vehicle connectivity, and artificial intelligence functionality to create a seamless user experience, and has assembled a global team of automotive and technology experts and innovators to achieve its goal of redefining mobility.

5.     The Prepackaged Plan will restructure YT's Debt Claims in order to eliminate uncertainty about the ownership of the Company with the goal of placing the Company in a stronger position to obtain financing for future competitive and strategic initiatives. Moreover, the Prepackaged Plan will align the interests of YT's creditors with the future of the Company, allowing YT to repay his creditors while still fulfilling the aspirations for the Company.

## **RELIEF REQUESTED**

6.     The Debtor respectfully requests entry of an order (the "<u>Scheduling Order</u>")[3] (i) scheduling a combined hearing (the "<u>Combined Hearing</u>") to (a) approve the confidential offering memorandum, disclosure statement and consent solicitation statement (the "<u>Disclosure Statement</u>"), (b) approve the Solicitation Procedures (as defined below), including the form of Ballot (as defined below), and (c) consider confirmation of the

---

[3] A proposed Scheduling Order is attached as <u>Exhibit A</u> to this motion.

Prepackaged Plan; (ii) establishing the deadline (the "Objection Deadline") to object to the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan; (iii) approving the form and manner of notice of the Combined Hearing and the Objection Deadline; (iv) conditionally canceling the initial meeting for creditors under section 341(a) of the Bankruptcy Code scheduled for December 6, 2019 at 10:00 a.m. (ET) (the "341 Meeting"); and (v) granting related relief.

7.     Below is a table highlighting the dates relevant to the Solicitation Procedures and setting forth the Debtor's proposed dates for the mailing of the Combined Notice (as defined below), the Objection Deadline, and the Combined Hearing.

| Confirmation Timetable | |
| --- | --- |
| Voting Record Date[4] | October 9, 2019 |
| Commencement of Solicitation | October 10, 2019 |
| Voting Deadline | November 8, 2019 at 5:00 pm (prevailing Eastern Time) |
| Prepackaged Plan/Disclosure Statement Objection Deadline | December 3, 2019 at 5:00 pm (prevailing Eastern Time) |
| Prepackaged Plan/Disclosure Statement Reply Deadline | December 11, 2019, 2019 |
| Combined Hearing | December 16, 2019 |

### JURISDICTION & VENUE

8.     This Court has jurisdiction to consider this motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtor confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or

---

[4] The record date for determining ownership of the Debt Claims for the purposes of voting to accept or reject the Prepackaged Plan; only holders of Debt Claims as of the close of business on such record date may vote to accept or reject the Prepackaged Plan.

judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BASIS FOR RELIEF REQUESTED**

**A.    Scheduling a Combined Hearing**

9.    The Debtor seeks a Combined Hearing to consider approval of the Disclosure Statement, the Prepackaged Plan, and the Solicitation Procedures. The Debtor requests that the Combined Hearing be set for December 16, 2019 (the "Combined Hearing Date"). This request is consistent with the practice for prepackaged cases in this District, applicable statutes, and rules, and will facilitate an expeditious reorganization.[5]

**B.    Approval of the Disclosure Statement**

10.    At the Combined Hearing, the Debtor will seek approval of the Disclosure Statement. Under Bankruptcy Code section 1125, a plan proponent must provide holders of impaired claims with "adequate information" regarding a debtor's proposed plan of reorganization, which is defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

---

[5] The Debtor also requests that this Court order that the Combined Hearing may be continued from time to time by announcing such continuance in open court or through filing an agenda for such hearing, all without further notice to any parties in interest.

11.     Whether a disclosure statement contains adequate information is intended by Congress to be a flexible, fact-specific inquiry left within the discretion of the bankruptcy court:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection. There will be a balancing of interests in each case. In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6365. *See also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) (observing that "adequate information will be determined by the facts and circumstances of each case"); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) (opining that what constitutes adequate information is "subjective," "made on a case-by-case basis," and "largely in the discretion of the bankruptcy court").

12.     The Disclosure Statement is extensive and comprehensive. It contains descriptions of, among other things: (i) the Prepackaged Plan; (ii) key events leading to the commencement of the Chapter 11 Case; (iii) the Company and its financial condition and operations; (iv) the total claims and projected claims against YT; (v) the Trust Assets; (vi) other financial information and valuations that would be relevant to creditors' determinations of whether to accept or reject the Prepackaged Plan; (vii) risk factors affecting the Prepackaged Plan; and (viii) federal tax law consequences of the Prepackaged Plan. Additionally, prior to the Voting Deadline, the Debtor will file a liquidation analysis with the Court.

6

13.     Based on the foregoing, the Debtor will request at the Combined Hearing that this Court approve the Disclosure Statement as meeting the requirements for "adequate information" under Bankruptcy Code section 1125(a).

**C.     Approval of the Solicitation Procedures and Forms of Solicitation Materials**

14.     The Debtor also requests that at the Combined Hearing the Court approve the solicitation, balloting, tabulation, and related activities undertaken in connection with the Prepackaged Plan, all of which the Debtor commenced before the Petition Date (collectively, the "Solicitation Procedures").

**1.     Non-Solicitation of Classes Presumed to Accept the Prepackaged Plan**

15.     The Prepackaged Plan provides that holders of claims in Class 1 (Priority Non-Tax Claims) and Class 2 (U.S. Secured Claims) are unimpaired. Pursuant to Bankruptcy Code section 1126(f), each holder of a claim or interest in an unimpaired class is "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f). Accordingly, holders of claims in each of the above-mentioned unimpaired classes are conclusively presumed to accept the Prepackaged Plan and were not solicited. The Debtor submits that, with respect to the specific classes of claims that are presumed to accept the Prepackaged Plan (collectively, the "Non-Voting Holders"), the Solicitation Procedures undertaken by the Debtor and described in this motion comply with the Bankruptcy Code and should be approved at the Combined Hearing.

**2.     Solicitation of the Impaired Class Entitled to Vote to Accept or Reject the Prepackaged Plan**

16.     As the only impaired class under the Prepackaged Plan, Class 3 (Debt Claims) (the "Voting Class"), is the only class of claims entitled to vote to accept or reject the Prepackaged Plan. Before the Petition Date, the Debtor began soliciting votes from members of

7

the Voting Class by transmitting copies of the solicitation package containing the Disclosure Statement, including the Prepackaged Plan and the Trust Agreement Term Sheet; and a Letter of Transmittal, Prepetition Ballot, and Release (the "<u>Letter of Transmittal and Ballot</u>")[6] to each holder of a Class 3 Debt Claim (the "<u>Solicitation Package</u>") via courier or overnight mail.

17.     The Solicitation Package advised recipients, among other things, that the deadline for voting on the Prepackaged Plan is November 8, 2019 at 5:00 p.m. (prevailing Eastern Time) (the "<u>Voting Deadline</u>"). The Solicitation Package further advised recipients that Letters of Transmittal and Ballots must be returned to Epiq Corporate Restructuring, LLC (the "<u>Voting Agent</u>"), and recommended that creditors submit their Letters of Transmittal and Ballots through the e-balloting portal on the Voting Agent's website or use an overnight mail or hand delivery service. The Solicitation Package further advised that if delivery is made by mail, it is recommended that such mail is properly insured and registered with return receipt requested. The Letter of Transmittal and Ballot also contained detailed instructions on how to complete it and how to make any applicable elections contained therein.

18.     Moreover, the materials in the Solicitation Package established and communicated how the Voting Agent will tabulate the votes and elections contained in the Letter of Transmittal and Ballot. Those rules provide, among other things, that: (i) a ballot that does not indicate an acceptance or rejection of the Prepackaged Plan will not be counted either as a vote to approve or a vote to reject the Prepackaged Plan; (ii) a single creditor's claims within a particular Class under the Prepackaged Plan may not be split either to accept or reject the Prepackaged Plan; therefore, a ballot or a group of ballots within a Class received from a single creditor that partially rejects and partially accepts the Prepackaged Plan will not be counted; and

---

[6] A form of the Letter of Transmittal and Ballot is attached as <u>Exhibit B</u> to this motion. A simplified Chinese version of the Letter of Transmittal and Ballot is available on the Voting Agent's website at https://dm.epiq11.com/YT1.

(iii) ballots received after the Voting Deadline (provided that the Voting Deadline has not been extended) will not be counted.

### 3.     Form of Letter of Transmittal and Ballot

19.     As required by Bankruptcy Rule 3017(d), the Letter of Transmittal and Ballot is based upon Official Form 314, but has been modified to address the particular aspects of the Chapter 11 Case and to include additional information that the Debtor believes to be relevant and appropriate for the Voting Class.

### 4.     Compliance with Non-Bankruptcy Securities Laws Applicable to Prepetition Solicitation

20.     Bankruptcy Code section 1126(b) expressly permits a debtor to solicit votes from holders of claims and equity interests prepetition without a court-approved disclosure statement if the solicitation complies with applicable non-bankruptcy law—including generally applicable federal and state securities laws or regulations—or, if no such laws exist, the solicited holders receive "adequate information" within the meaning of Bankruptcy Code section 1125(a).

21.     At the Combined Hearing, the Debtor will request a determination from the Court that the Solicitation Procedures comply with all applicable non-bankruptcy laws governing the adequacy of disclosure in connection with the solicitation. The Debtor respectfully submits that his prepetition solicitation falls within at least one of the exceptions from the registration requirements under applicable federal and state securities law, including, without limitation, Regulation S under the Securities Act of 1933 or other available exemptions.

22.     As discussed more fully in Section B above, the Debtor will seek a determination from this Court at the Combined Hearing that his prepetition solicitation satisfies Bankruptcy Code section 1126(b)(2) because all holders in the Voting Class received "adequate information" as that term is used in Bankruptcy Code section 1125(a).

5.      **Compliance with Bankruptcy Rule 3018(b)**

23.      The Debtor also submits that the Solicitation Procedures, including the selection of the Voting Deadline, comply with Bankruptcy Rule 3018, which provides that prepetition votes on a plan are only valid if the plan was "transmitted to substantially all creditors and equity security holders of the same class" and that the time for voting was not "unreasonably short."

24.      The Solicitation Package was served on October 10, 2019 to all holders of claims in the Voting Class as of October 9, 2019 (the "Voting Record Date"). The Voting Class was comprised of 95 holders of Debt Claims. Given the circumstances of the Chapter 11 Case and that the Voting Deadline is twenty-nine (29) days after the commencement of solicitation, the Debtor submits that the members of the Voting Class have a sufficient amount of time to make an informed decision to accept or reject the Prepackaged Plan.

D.      **Confirmation of the Prepackaged Plan**

25.      The Debtor believes that the Prepackaged Plan satisfies all of the requirements for confirmation under the Bankruptcy Code. As noted above, the Debtor has requested that the Court schedule the Combined Hearing, at which time the Debtor will seek confirmation of the Prepackaged Plan. Before the Combined Hearing, the Debtor will file a brief in support of confirmation (i) demonstrating that the Prepackaged Plan satisfies the requirements for plan confirmation set forth in Bankruptcy Code section 1129 and (ii) responding to objections to confirmation, if any.

E.      **Deadline and Procedures for Objections to the Disclosure Statement and Confirmation of the Prepackaged Plan**

26.      The Debtor requests that the Court set December 3, 2019 at 5:00 pm (prevailing Eastern Time), as the deadline to file objections to the adequacy of the Disclosure

Statement or confirmation of the Prepackaged Plan (the "Objection Deadline"). The proposed

Objection Deadline will provide creditors with sufficient notice of the deadline for filing

objections to the Disclosure Statement and Prepackaged Plan, while still affording the Debtor

and any parties in interest time to file a responsive brief and resolve consensually as many of

those objections as possible.

          27.    The Debtor further requests that the Court direct that any responses or

objections to the adequacy of the Disclosure Statement, the Solicitation Procedures, or

confirmation of the Prepackaged Plan must: (i) be in writing; (ii) conform to the applicable

Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware; (iii) set forth the

name of the objecting party, the basis for the objection, and the specific grounds thereof; and

(iv) be filed with the Court, together with proof of service. In addition to being filed with the

Court, any such responses or objections must be served on the following parties so as to be

received by the Objection Deadline: (a) the Office of the United States Trustee for the District of

Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, DE

19801 (Attn: David L. Buchbinder, Esq.); (b) proposed counsel for the Debtor, Pachulski Stang

Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 (Attn:

Jeffrey W. Dulberg, Esq. and Malhar S. Pagay, Esq.) and Pachulski Stang Ziehl & Jones LLP,

919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: James E. O'Neil, Esq.);

(c) proposed special counsel for the Debtor, O'Melveny & Myers LLP, Times Square Tower, 7

Times Square, New York, NY 10036 (Attn: Suzzanne Uhland, Esq. and Diana M. Perez, Esq.);

and (d) counsel to any statutory committee(s) appointed in the Chapter 11 Case.

28.     If objections or responses to confirmation of the Prepackaged Plan are filed and received by the Objection Deadline, the Debtor requests that he be authorized to file a single consolidated reply by December 11, 2019.

**F.    Approval of Form and Manner of Notice of the Combined Hearing, the Objection Deadline, and the Commencement of the Chapter 11 Case**

29.     The Debtor proposes to mail (or cause to be mailed) within one business day of the entry of the Scheduling Order or as soon as reasonably possible thereafter, to all known holders of claims against the Debtor a notice of the Combined Hearing and Objection Deadline (the "Combined Notice")[7] setting forth, among other things, (i) the date, time, and place of the Combined Hearing; (ii) instructions for obtaining copies of the Disclosure Statement and Prepackaged Plan; (iii) the Objection Deadline and procedures for filing objections to the adequacy of the Disclosure Statement, the Solicitation Procedures, and/or confirmation of the Prepackaged Plan; (iv) a summary of the Prepackaged Plan; and (v) the notice of commencement of the Chapter 11 Case.

30.     In addition, Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." The Debtor requests that the Court authorize him, in his sole discretion, to provide supplemental publication notice of the Combined Hearing not less than 14 days before the Combined Hearing Date in a newspaper in the PRC. The Debtor believes that the publication of certain of the contents of the Combined Notice in this manner would provide sufficient notice of the date, time, and place of the Combined Hearing and the Objection Deadline (and related procedures) to persons who do not otherwise receive the Combined Notice by mail. Accordingly,

---

[7] A form of the Combined Notice is attached as Exhibit C to this motion.

the Debtor respectfully requests that this Court approve the form and manner of service of the proposed Combined Notice.

31.    To reduce expenses, the Debtor requests that the order approving this motion waive any requirement to provide holders in the Non-Voting Classes (the "Non-Voting Holders") with copies of the Prepackaged Plan, Disclosure Statement, and other materials in the Solicitation Package. Bankruptcy Rule 3017(d) requires transmission of a court-approved disclosure statement to all creditors and equity holders "except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders." The Debtor submits that Bankruptcy Rule 3017(d) does not apply here because the Debtor solicited acceptances and rejections of the Prepackaged Plan on a prepetition basis, and, thus, there is no disclosure statement that was "approved by the court" to transmit. Alternatively, the Court should order that the Debtor is not required to provide those materials to unimpaired classes.

32.    The Debtor proposes to mail only the Combined Notice to the Non-Voting Holders, which will state, among other things discussed above, that claims of the Non-Voting Holders are unimpaired, and that the Non-Voting Holders are accordingly deemed to accept the Prepackaged Plan and are not entitled to vote on the Prepackaged Plan. The Combined Notice will also inform Non-Voting Holders that they may obtain copies of the Prepackaged Plan and the Disclosure Statement by contacting counsel to the Debtor or the Voting Agent, and that the Prepackaged Plan and Disclosure Statement can be viewed and downloaded for no charge at: https://dm.epiq11.com/YT1. Accordingly, the Debtor requests that the Court waive any requirement pursuant to Bankruptcy Rule 3017(d)—to the extent it applies—requiring the

Debtor to transmit the Prepackaged Plan and Disclosure Statement to Non-Voting Holders or to any parties in interest, other than as set forth in this motion.

**G.    Conditional Cancellation of the 341 Meeting**

33.    The Debtor also requests that the Scheduling Order provide that if Class 3 (Debt Claims) votes to accept the Prepackaged Plan by the Voting Deadline, the 341 Meeting will be canceled without further order of the Court. This relief is appropriate under the circumstances, because the Debtor anticipates the near-term confirmation of the Prepackaged Plan and subsequent emergence from chapter 11.

34.    While Bankruptcy Code section 341 requires the U.S. Trustee to convene and preside at a meeting of creditors, it also provides for the following exception:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e). The Debtor solicited the requisite acceptances of the Plan by the Voting Class before the Petition Date, and, therefore, the requested conditional relief pursuant to section 341(e) is appropriate here.

## RESERVATION OF RIGHTS

35.    Nothing contained in this motion is an admission of the validity of any claim against the Debtor, a waiver of the Debtor's or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

## NOTICE

36.     The Debtor will provide notice of this motion by facsimile, e-mail, overnight delivery, or hand delivery to the following parties or, in lieu thereof, to their counsel, if known: (a) Office of the United States Trustee for the District of Delaware; (b) the Debtor's twenty largest unsecured creditors; (c) the Internal Revenue Service; and (d) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. A copy of the motion is also available on the Debtor's case website at https://dm.epiq11.com/YT1. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR MOTION

37.     The Debtor has not made any prior motion for the relief sought in this motion to this or any other Court.

*Remainder of Page Intentionally Left Blank*

WHEREFORE, the Debtor respectfully requests entry of the Scheduling Order granting the relief requested and any other relief as is just and proper.


Dated: October 19, 2019
       Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Tel:    (302) 652-4100
Fax:    (302) 652-4400
Email:  rpachulski@pszjlaw.com
        jdulberg@pszjlaw.com
        mpagay@pszjlaw.com
        joneill@pszjlaw.com

Proposed Attorneys for the Debtor and Debtor in Possession

**Exhibit A**

**Proposed Scheduling Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YUETING JIA, | Case No. 19-12220 (KBO) |
| Debtor. | |

**ORDER (I) SCHEDULING COMBINED HEARING ON (A) DISCLOSURE
STATEMENT, (B) PREPETITION SOLICITATION PROCEDURES, AND
(C) CONFIRMATION OF PREPACKAGED PLAN; (II) FIXING DEADLINE TO
OBJECT TO PREPACKAGED PLAN AND DISCLOSURE STATEMENT;
(III) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING
AND OBJECTION DEADLINE; (IV) CONDITIONALLY CANCELING MEETING
OF CREDITORS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") [1] of the Debtor for entry of an order
(this "Scheduling Order"): (i) setting the date and time for the Combined Hearing; (ii) fixing the
Objection Deadline and establishing procedures related thereto; (iii) approving form and manner
of notice of the Combined Hearing and Objection Deadline; (iv) conditionally canceling the 341
Meeting; and (v) granting related relief, all as more fully set forth in the Motion; and due and
sufficient notice of the Motion having been provided under the particular circumstances, and it
appearing that no other or further notice need be provided; and the Court having jurisdiction to
consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and
1334; and consideration of the Motion and the relief requested therein being a core proceeding
pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article
III of the United States Constitution; and venue being proper before this Court pursuant to
28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in
the Motion (the "Hearing"); and upon the record of the Hearing, and all of the proceedings

---

[1] Capitalized terms used but not defined in this Scheduling Order have the meanings used in the Motion.

before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtor, his estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein on a final basis.

2.      The Combined Hearing (at which time the Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan) will be held before the Honorable Karen B. Owens, United States Bankruptcy Judge, in Room _____ of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, ____ Floor, Wilmington, Delaware 19801, on _____, 2019 at _____ (prevailing Eastern Time). The Combined Hearing may be continued from time to time by the Court without further notice.

3.      Any responses or objections to the adequacy of the Disclosure Statement, the Solicitation Procedures, or confirmation of the Prepackaged Plan must: (i) be in writing; (ii) conform to the applicable Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with proof of service. In addition to being filed with the Court, any such responses or objections must be served on the following parties so as to be received by **5:00 p.m. (prevailing Eastern Time) on _____, 2019** (the "Objection Deadline"): (a) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207,

Wilmington, DE 19801 (Attn: David L. Buchbinder, Esq.); (b) proposed counsel for the Debtor, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 (Attn: Jeffrey W. Dulberg, Esq. and Malhar S. Pagay, Esq.) and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: James E. O'Neil, Esq.); (c) proposed special counsel for the Debtor, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn: Suzzanne Uhland, Esq. and Diana M. Perez, Esq.); and (d) counsel to any statutory committee(s) appointed in the Chapter 11 Case. **Any objections not timely filed and served in the manner set forth in this Scheduling Order may not be considered and may be overruled.**

4.      The Debtor may file a single consolidated reply brief in response to any objections by _____, 2019.

5.      The Debtor is authorized to combine the notice of the Combined Hearing and the Objection Deadline (and related procedures) with the notice of commencement of the Chapter 11 Case.

6.      The form of Combined Notice is approved, and the Debtor shall cause Epiq Corporate Restructuring, LLC to mail a copy of the Combined Notice, in substantially the form attached to the Motion as Exhibit C, within one business day of the entry of this Scheduling Order or as soon as reasonably possible thereafter upon (a) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, DE 19801 (Attn: David L. Buchbinder, Esq.); (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; and (d) all other parties required to receive service under Bankruptcy Rule 2002. The notice procedures set forth in this paragraph 6

constitute good and sufficient notice of the Combined Hearing, the Objection Deadline (and procedures related thereto), and the commencement of the Chapter 11 Case.

7.     The Debtor is authorized, but not directed, pursuant to Bankruptcy Rule 2002(l), to give supplemental publication notice of the Combined Hearing and Objection Deadline (in a form substantially similar to the Combined Notice or a summary thereof) in a newspapers in the PRC in his sole discretion, which publication notice shall constitute good and sufficient notice of the Combined Hearing and the Objection Deadline (and related procedures) to persons who do not receive the Combined Notice by mail.

8.     Except as necessary to comply with Local Rule 3017-1(c), the requirement under the Federal Rules of Bankruptcy Procedure or the Local Rules to transmit copies of the Disclosure Statement and Prepackaged Plan to Non-Voting Holders is waived.

9.     If Class 3 (Debt Claims) votes to accept the Prepackaged Plan by the Voting Deadline, the 341 Meeting scheduled for December 6, 2019 at 10:00 a.m. shall be canceled.

10.    The Debtor shall file the Plan Supplement (as defined in the Prepackaged Plan) no later than 15 calendar days prior to the first date on which the Combined Hearing is scheduled to be held.

11.    The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Scheduling Order.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Scheduling Order.


Dated: _____, 2019


_____
HONORABLE KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

5

# EXHIBIT B

**Form of Letter of Transmittal and Ballot**



**USE THIS DOCUMENT TO <u>PARTICIPATE IN</u> THE EXCHANGE OFFER AND <u>VOTE</u> TO ACCEPT OR REJECT THE PREPACKAGED PLAN**

**ALL DOCUMENTS MUST BE RECEIVED BY THE EXCHANGE AGENT BY 5:00 P.M., BEIJING TIME, ON NOVEMBER 8, 2019 (UNLESS EXTENDED)**

<u>**PLEASE READ THE INSTRUCTIONS THAT FOLLOW AND THE OFFERING MEMORANDUM BEFORE COMPLETING THIS LETTER OF TRANSMITTAL, PREPETITION BALLOT, AND RELEASE**</u>

**LETTER OF TRANSMITTAL,
PREPETITION BALLOT, AND RELEASE OF
CLASS 3 CLAIMANT (HOLDER OF DEBT CLAIMS) OF
YUETING JIA**

The undersigned has received and read the Confidential Offering Memorandum, Disclosure Statement and Consent Solicitation Statement, dated October 10, 2019 (the "<u>Offering Memorandum</u>"), of Yueting Jia ("<u>YT</u>"), and the prepackaged plan of reorganization under chapter 11 of the U.S. Bankruptcy Code (the "<u>Prepackaged Plan</u>"), both of which are enclosed herewith. All capitalized terms used but not defined in this Letter of Transmittal, Prepetition Ballot, and Release ("<u>Letter of Transmittal and Ballot</u>") shall have the meaning assigned to them in the Offering Memorandum or the Prepackaged Plan, as applicable.

The undersigned is the holder of the Debt Claim identified below and a holder of a Class 3 Claim as described under the heading "The Prepackaged Plan" in the Offering Memorandum and as set forth in Article III of the Prepackaged Plan.

**The undersigned acknowledges and agrees that this document constitutes a legally enforceable agreement and waiver, enforceable according to its terms as part of the Consensual Restructuring or the Prepackaged Plan <u>or</u> (upon the consummation of <u>either</u> of those events). For the avoidance of doubt, the terms of this document and agreement are fully enforceable if <u>either</u> the Consensual Restructuring <u>or</u> the Prepackaged Plan is consummated, including, without limitation, all waivers and releases contained herein. In such event, the undersigned further agrees to execute other related documents as may be reasonably necessary to effectuate such agreements and releases if necessary as part of the Consensual Restructuring.**

This Letter of Transmittal and Ballot sets forth the agreed temporarily Allowed Debt Claim Allocation Amount for voting purposes for each holder of a Debt Claim as of October 9, 2019. Acceptance of the Consensual Restructuring or the Prepackaged Plan by a creditor is an agreement to such Allowed Debt Claim Allocation Amount. Please note that distributions under the Creditor Trust are based on the Allowed Debt Claim Allocation Amounts and the Allowed Debt Claim Distribution Amounts, as defined in the Prepackaged Plan. YT reserves the right (on notice to such holder) to revoke the temporary allowance of such claim if such claim is not "Allowed" under the terms of the Prepackaged Plan. In such event, the holder would be required to have such claim temporarily allowed pursuant to Bankruptcy Rule 3018. YT reserves all rights with respect to the temporarily Allowed amount of any Debt Claim, notwithstanding the inclusion of the temporary Amount on any Letter of Transmittal and Ballot.

Your options with respect to agreeing to the Consensual Restructuring and the voting to accept or reject the Prepackaged Plan are as follows:

*OPTION 1.*  **elect to TENDER in the Exchange Offer; vote to ACCEPT the Prepackaged Plan.**

*OPTION 2.*  **elect to NOT TENDER in the Exchange Offer; vote to ACCEPT the Prepackaged Plan.**

*OPTION 3.*  **elect to NOT TENDER in the Exchange Offer; vote to REJECT the Prepackaged Plan.**

*OPTION 4.*  **elect to TAKE NO ACTION; elect to NOT TENDER in the Exchange Offer; NOT VOTE on the Prepackaged Plan.**

**Holders of Debt Claims that take no action, or fail to provide timely instructions, may nevertheless be bound by the terms of the Prepackaged Plan and have the relevant treatment applied to their Debt Claims if the Prepackaged Plan is confirmed and consummated.**

If you have any questions regarding the voting and exchange process, you should contact Epiq Corporate Restructuring, LLC (the "Exchange Agent") at Tabulation@epiqglobal.com (please reference "YT" in the subject line).

**Please note that if you tender into the Exchange Offer you are also required to vote to accept the Prepackaged Plan.**

**A vote to accept the Prepackaged Plan constitutes your consent to the releases, injunctions, and exculpation provisions specified in Article XI of the Prepackaged Plan.  You will also be deemed to accept the releases, injunctions, and exculpation provisions specified in Article XI of the Prepackaged Plan if you vote to reject the Prepackaged Plan or abstain from voting on the Prepackaged Plan and the Prepackaged Plan is confirmed and consummated.**

**NOTE: SIGNATURES MUST BE PROVIDED BELOW**
**PLEASE READ THE ACCOMPANYING INSTRUCTIONS CAREFULLY**

Agreement if you select Option 1:

Subject to and effective upon the acceptance by YT of the exchange of the Debt Claims tendered with this Letter of Transmittal and Ballot (i.e., selection of Option 1), the undersigned hereby tenders its Debt Claim and all rights related thereto (including, without limitation, any and all rights to receive payments of principal and/or interest thereunder or otherwise), and any and all claims in respect of or arising or having arisen as a result of such holder's status as a holder of a Debt Claim tendered hereby, such that thereafter it shall have no contractual or other rights or claims in law or equity against YT or any Released Party.

The undersigned hereby irrevocably constitutes and appoints the Exchange Agent the true and lawful agent and attorney-in-fact of the undersigned (with full knowledge that the Exchange Agent also acts as the agent of YT) with respect to the Debt Claims tendered hereby, with full power of substitution and resubstitution (such power-of-attorney being deemed to be an irrevocable power coupled with an interest) to deliver to YT this Letter of Transmittal and Ballot on or prior to the Expiration Date as evidence of the undersigned's consent to the Consensual Restructuring or vote to accept the Prepackaged Plan.

By executing and delivering this Letter of Transmittal and Ballot with Item 1 checked below, the undersigned acknowledges and agrees that this Letter of Transmittal and Ballot also will be deemed to constitute (i) a vote to accept the Prepackaged Plan and (ii) consent to, and agreement to be bound by the Trust Agreement and the releases each as described in the Offering Memorandum. The undersigned understands that the vote provided hereby shall remain in full force and effect unless such vote is withdrawn for cause or under applicable law in accordance with the procedures set forth in the Offering Memorandum and this Letter of Transmittal and Ballot.

The undersigned hereby represents and warrants that the undersigned has full power and authority to tender and exchange the Debt Claims exchanged hereby and the rights related thereto and to give the vote, releases, and consents contained herein. **The undersigned further specifically represents and warrants that if any of the Debt Claims to which this Letter of Transmittal and Ballot relates are beneficially owned by any person other than the undersigned, the undersigned has full power and authority to represent such beneficial owner(s) and has been duly authorized by such beneficial owner(s) to complete this Letter of Transmittal and Ballot and deliver such Debt Claims on behalf of such beneficial owner(s).**

The undersigned will, upon request, execute and deliver any additional documents deemed by the Exchange Agent or YT to be necessary or desirable to complete the exchange of the Debt Claims tendered hereby.

**The undersigned hereby represents and warrants that the undersigned (i) has received, or the undersigned's advisor has received, a copy of the Offering Memorandum, (ii) is exchanging Debt Claims on its own account, and not with a view towards distribution of the Trust Interests in violation of the Securities Act or any applicable state securities laws, (iii) has been afforded an opportunity to request from YT and to review, and has received, all additional information considered by it to be necessary to verify the accuracy of or to supplement the information herein and in the Offering Memorandum, and (iv) has not relied on YT or any person affiliated with YT in connection with its investigation of the accuracy of such information or its investment decision.**

**The undersigned further acknowledges that the Trust Interests have not been registered under the Securities Act or any state securities laws, and that no offer, sale, pledge, or other transfer of the Trust Interests (other than pursuant to an effective registration statement) is to be made except (i) pursuant to an exemption from registration under the Securities Act or in a transaction not subject to the Securities Act <u>and</u> (ii) strictly in accordance with the transfer restrictions under the Trust Agreement, as described in the Offering Memorandum under the heading "Investor Suitability Requirements and Transfer Restrictions."**

**The undersigned hereby acknowledges that YT and others will rely upon the truth and accuracy of the foregoing acknowledgments, representations, warranties, and agreements and agrees that if any acknowledgment, representation, warranty or agreement deemed to have been made by its participation in the Exchange Offer is no longer accurate, it shall immediately notify YT.**

The undersigned acknowledges that tenders of Debt Claims pursuant to any of the procedures described in the Offering Memorandum and in the instructions attached to this Letter of Transmittal and Ballot and acceptance thereof by YT will constitute a binding agreement between the undersigned and YT upon the terms and subject to the conditions set forth in this Letter of Transmittal and Ballot and in the Offering Memorandum. The undersigned acknowledges that under certain circumstances set forth in the Offering Memorandum, YT may not be required to accept for exchange any of the Debt Claims tendered hereby. For

3

the purposes of the Exchange Offer, the undersigned understands that YT will be deemed to have accepted for exchange validly tendered Debt Claims if, as, and when YT gives oral or written notice thereof to the Exchange Agent.

The undersigned acknowledges that YT's obligation to accept for exchange Debt Claims validly tendered pursuant to the Exchange Offer is conditioned upon the satisfaction or waiver by YT of the conditions to the Exchange Offer set forth in the Offering Memorandum.  See "The Consensual Restructuring—Conditions to the Exchange Offer," in the Offering Memorandum.

All authority conferred or agreed to be conferred by this Letter of Transmittal and Ballot shall survive the death or incapacity of the undersigned and every obligation of the undersigned under this Letter of Transmittal and Ballot shall be binding upon the undersigned's heirs, personal representatives, executors, administrators, successors, assigns, trustees in bankruptcy and other legal representatives.

The undersigned acknowledges that the delivery and surrender of the Debt Claims is not valid until receipt by the Exchange Agent of this Letter of Transmittal and Ballot (or a manually signed facsimile hereof), properly completed and duly executed, together with all accompanying evidences of authority and any other required documents in form satisfactory to YT or his counsel. All questions as to the form of all documents and the validity (including time of receipt) and acceptance of tenders of Debt Claims (i.e., the selection of Option 1) and deliveries and revocations of votes will be determined by YT, in his sole discretion, which determination shall be final and binding.

You must attach a completed Form W-8. Form W-8 and instructions are available at, http://www.irs.gov/instructions/index.html.

The Letter of Transmittal and Ballot set forth the agreed Allowed Debt Claim Allocation Amount for each holder of a Debt Claim as of October 9, 2019. Acceptance of the Prepackaged Plan by a creditor is an agreement to such Allowed Debt Claim Allocation Amount. Please note that distributions under the Creditor Trust are based on the Allowed Debt Claim Allocation Amounts and the Allowed Debt Claim Distribution Amounts.

In the event the Prepackaged Plan is not confirmed, YT reserves all rights with respect to the Allowed amount of any Debt Claim, notwithstanding the inclusion of the Allowed Debt Claim Allocation Amount on any Letter of Transmittal and Ballot.

**RELEASES**

By executing and delivering this Letter of Transmittal and Ballot, upon the effective date of the Exchange Offer or the Plan, as applicable, to the maximum extent permitted by applicable law, each Releasing Party, in consideration for the obligations of the Debtor and the Reorganized Debtor under the Prepackaged Plan and the Exchange Offer, and the Trust Interests and Cash and other contracts, instruments, releases, agreements, or documents to be delivered in connection with the Prepackaged Plan or the Exchange Offer, shall be deemed forever to release, waive, and discharge the Released Parties from personal liability in every jurisdiction from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, actions, Causes of Action, and liabilities whatsoever, including any derivative Claims asserted or assertable on behalf of the Debtor, whether for tort, fraud, contract, recharacterization, subordination, violations of federal or state securities laws or laws of any other jurisdiction or otherwise, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then-existing or thereafter arising, at law, in equity, or otherwise, based in whole or in part on any act, omission, transaction, event, or other occurrence, or circumstances taking place on or before the Effective Date, in any way relating to (i) the Debtor or the Chapter 11 Case; (ii) any action or omission of any Released Party with respect to any indebtedness under which the Debtor is or was a borrower or guarantor; (iii) any Released Party in any such Released Party's capacity as an employee, agent of, or advisor to, the Debtor; (iv) the subject matter of, or the transactions or events giving rise to, any Claim that is treated in the Prepackaged Plan; (v) the business or contractual arrangements between the Debtor and any Released Party; (vi) the restructuring of Claims before or during the Chapter 11 Case and the solicitation of votes with respect to the Prepackaged Plan; and (vii) the negotiation, formulation, preparation, entry into, or dissemination of the Prepackaged Plan (including, for the avoidance of doubt, the Plan Supplement and all documents contained or referred to therein), the Disclosure Statement, or related agreements, instruments, or other documents; *provided*, *however*, that the Releasing Parties shall continue to dispose of the following assets through judicial authorities in the People's Republic of China to satisfy such Releasing Party's Claim through a mechanism that will be mutually agreed to by the parties: (x) assets that have already been collateralized by the Debtor or any other Person or Entity; (y) assets that have already been pledged by the Debtor or any other Person or Entity; and (z) assets or interests that the Debtor, his wife Wei Gan, or any other Person or Entity own that have been seized, attached, or frozen by Chinese judiciary authorities. Notwithstanding anything contained herein to the contrary, the foregoing release does not release any obligations of any party under the Prepackaged Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Prepackaged Plan.

Within thirty (30) days of the Effective Date, each holder of a Debt Claim is obligated to (i) withdraw or retract any litigations, enforcement actions, arbitrations, and any other proceedings against the Debtor and his wife Wei Gan from the court or judicial authorities in all jurisdictions, including, but not limited to, the People's Republic of China, or commit or confirm with the judicial authorities that the Debtor or his wife Wei Gan have fulfilled all their debt obligations or legal responsibilities and (ii) file and execute any documents requested by the Debtor to evidence the above release. Unless and until a holder of a Debt Claim complies with the preceding sentence and all of their obligations under the Trust Agreement, such holder shall not be entitled to exercise any rights with respect to the Trust or receive any distributions from the Trust; *provided*, *however*, that YT reserves all rights to seek enforcement by the Chinese judicial authorities of the rights provided herein.

In connection with the releases above, the undersigned hereby waives all rights conferred by the provisions of section 1542 of the California Civil Code and/or any similar state or federal law.  Section 1542 of the California Civil Code provides as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."  The undersigned understands and acknowledges the significance and consequence of this waiver of section 1542 of the California Civil Code, as well as any other federal or state statute or common law principle of similar effect, and acknowledges that such waiver is a material inducement to and consideration for the property distributed to or retained by and the rights and benefits conferred upon the undersigned under the Prepackaged Plan or the Exchange Offer.

By executing and delivering this Letter of Transmittal and Ballot, the undersigned hereby acknowledges and approves the following: (i) those certain releases and discharges by YT set forth in Article XI of the Prepackaged Plan (if the Restructuring is consummated by means of the Prepackaged Plan); or (ii) certain releases and discharges by YT on terms generally consistent with those set forth in Article XI of the Prepackaged Plan (if the Restructuring is consummated by means of the Consensual Restructuring), subject to any revisions and modifications necessary (in the judgment of YT and his counsel) to reflect the terms and conditions of the Consensual Restructuring, effective as of the closing of the Restructuring.

In the case of a Restructuring consummated by means of the Prepackaged Plan, the foregoing releases shall be subject to the terms, conditions, and limitations set forth in the Prepackaged Plan. Each applicable term in the foregoing releases shall be deemed to be part of the Prepackaged Plan upon the effectiveness of the Prepackaged Plan.

The foregoing releases shall be null and void if neither the Prepackaged Plan nor the Consensual Restructuring is consummated.



## **BALLOT**
### **(To Be Completed By All Holders of Debt Claim)**

Please carefully read and complete the following information.

**Instructions:**

- **Item 1. Amount of Claim Temporarily Allowed for Voting Purposes.**

The undersigned certifies that as of the date of this Ballot, the undersigned was the holder (or authorized signatory) of Debt Claims in the following principal amount against YT:

| Amount of Claim Temporarily Allowed for Voting Purposes |
|---|
| $     SAMPLE  SAMPLE  SAMPLE SAMPLE  SAMPLE |

- **Item 2. Vote on Consensual Restructuring and Prepackaged Plan.**

Please note that each holder of Debt Claims must vote within a single option, and may not split the vote with respect to the options.

**THE OPTIONS ARE AS FOLLOWS (please check one):**

☐ **OPTION 1**. elect to TENDER in the Exchange Offer; vote to ACCEPT the Prepackaged Plan.

☐ **OPTION 2**. elect to NOT TENDER in the Exchange Offer; vote to ACCEPT the Prepackaged Plan.

☐ **OPTION 3**. elect to NOT TENDER in the Exchange Offer; vote to REJECT the Prepackaged Plan.

☐ **OPTION 4**. elect to TAKE NO ACTION; elect to NOT TENDER in the Exchange Offer; NOT VOTE on the Prepackaged Plan.

- **Item 3. Certifications**

By completing and submitting this Ballot, you acknowledge (1) that the solicitation of votes to accept or reject the Consensual Restructuring and the Prepackaged Plan is subject to all the terms and conditions set forth in the Offering Memorandum, (2) that you have received a copy of the Offering Memorandum, and (3) that the vote on the Consensual Restructuring and Prepackaged Plan is being made pursuant to the terms and conditions set forth therein.



Name of Holder of Debt Claim:     **SAMPLE  SAMPLE  SAMPLE**

Signature:     **SAMPLE  SAMPLE  SAMPLE**

Print or Type Name:     **SAMPLE  SAMPLE  SAMPLE**

Title (if appropriate):     **SAMPLE  SAMPLE  SAMPLE**

Address:     **SAMPLE  SAMPLE  SAMPLE**

Telephone Number:     **SAMPLE  SAMPLE  SAMPLE**

Date:     **SAMPLE  SAMPLE  SAMPLE**

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL MAKE YOU OR ANY OTHER PERSON AN AGENT OF YT OR THE EXCHANGE AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PREPACKAGED PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH. THIS LETTER OF TRANSMITTAL AND BALLOT SHALL NOT CONSTITUTE OR BE DEEMED TO CONSTITUTE (A) A PROOF OF CLAIM OR (B) AN ADMISSION BY YT OF THE NATURE, VALIDITY, PRIORITY, OR AMOUNT OF ANY CLAIM.**

**VOTING DEADLINE**

The voting deadline for holders of Debt Claims is 5:00 p.m., Beijing time, on November 8, 2019 the ("Voting Deadline") unless the solicitation of acceptances of the Consensual Restructuring and Prepackaged Plan is extended by YT. The Ballots must be returned to the Exchange Agent prior to the Voting Deadline.

**The Exchange Agent is:**
Epiq Corporate Restructuring, LLC ("Epiq")

**If Submitting Your Vote through the E-Balloting Portal**

Epiq will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://dm.epiq11.com/YT1, click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.
**IMPORTANT NOTE**: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

**Epiq's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Each E-Ballot ID# is to be used solely for voting only those Debt Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

**If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery**

YUETING JIA - Ballot Processing
c/o Epiq Corporate Restructuring LLC
10300 SW Allen Boulevard
Beaverton, OR 97005
United States of America

**IF YOUR BALLOT IS NOT RECEIVED BY EPIQ ON OR BEFORE THE VOTING DEADLINE, AND SUCH VOTING DEADLINE IS NOT EXTENDED BY YT AS NOTED ABOVE, YOUR VOTE WILL NOT BE COUNTED.**

If you have any questions regarding the voting process, please contact Epiq at Tabulation@epiqglobal.com
(please reference "YT" in the subject line).

**INSTRUCTIONS**

**Forming Part of the Terms and Conditions of the Letter of Transmittal and Ballot**

1.    <u>General Instructions</u>.    TO HAVE YOUR VOTE REGARDING THE CONSENSUAL RESTRUCTURING AND PREPACKAGED PLAN COUNTED, INDICATE YOUR ACCEPTANCE BY FULLY COMPLETING, EXECUTING, AND DELIVERING THIS LETTER OF TRANSMITTAL AND BALLOT AND RETURNING IT TO THE EXCHANGE AGENT AS SET FORTH ABOVE. TO BE COUNTED, A LETTER OF TRANSMITTAL AND BALLOT MUST BE RECEIVED BY 5:00 P.M., BEIJING TIME, ON NOVEMBER 8, 2019, UNLESS EXTENDED.

2.    <u>Required Votes</u>.    It is important that you vote.    ONLY THOSE CREDITORS THAT ACTUALLY VOTE ARE COUNTED FOR THE PURPOSE OF DETERMINING WHETHER THE PREPACKAGED PLAN HAS BEEN ACCEPTED.    The Prepackaged Plan can be confirmed by the Bankruptcy Court and thereby made binding if it is accepted by the holders of at least 2/3 in amount and more than 1/2 in number of Debt Claims that actually vote on the Prepackaged Claim.

3.    <u>Requirements of Tender</u>.    This Letter of Transmittal and Ballot is to be completed and, except as otherwise permitted by this Letter of Transmittal and Ballot, delivered pursuant to the procedures set forth in the Offering Memorandum under "Tendering and Voting Procedures."

4.    <u>Withdrawal of Tenders and Revocation of Votes</u>.    Once a tendering holder of Debt Claims has completed, executed, and delivered this Letter of Transmittal and Ballot (and all other required documents), the holder will not be permitted to withdraw its tender, except for cause (as determined by YT in his sole discretion) or as provided under applicable law.

5.    <u>Partial Tenders</u>.    YT is not accepting partial tenders of the Debt Claims in the Exchange Offer. Therefore a holder wishing to validly tender any of its Debt Claims must tender all of its claims.

6.    <u>Temporary Allowance</u>.    This Letter of Transmittal and Ballot set forth the agreed temporarily Allowed Debt Claim Allocation Amount for voting purposes for each holder of a Debt Claim as of October 9, 2019.    YT reserves the right (on notice to such holder) to revoke the temporary allowance of such claim if such claim is not "Allowed" under the terms of the Prepackaged Plan. In such event, the holder would be required to have such claim temporarily allowed pursuant to Bankruptcy Rule 3018.

7.    <u>Signatures on this Letter of Transmittal and Ballot</u>.    If a corporation holds the Debt Claim, an authorized officer should execute the Letter of Transmittal and Ballot in the name of the corporation.  If the claim is held by a partnership, a general partner should execute the Letter of Transmittal and Ballot in the name of the partnership.

If this Letter of Transmittal and Ballot or any original Debt Claim is signed by a trustee, executor, corporation, or other person acting in a fiduciary or representative capacity, the signatory should so indicate when signing and should submit proper evidence of the person's authority to so act upon YT's request, which evidence must be satisfactory to YT in his sole discretion.

Any beneficial owner whose Debt Claims are registered in the name of a broker, dealer, commercial bank, trust company, or other nominee and who wishes to participate in the vote on the Prepackaged Plan should contact the registered holder promptly and instruct the registered holder to participate on the beneficial owner's behalf.

If any of the Debt Claims tendered hereby (and with respect to which an affirmative vote is given) are owned of record by two or more joint owners, all such owners must sign this Letter of Transmittal and Ballot.  If any tendered Debt Claims are registered in different names (on different original Debt Claims), it will be necessary to complete, sign and submit as many separate copies of this Letter of Transmittal and Ballot and any necessary accompanying documents as there are different names in which original Debt Claims are held.

PLEASE CONTACT THE EXCHANGE AGENT IF YOU NEED ADDITIONAL
COPIES OF THIS LETTER OF TRANSMITTAL AND BALLOT

**THE EXCHANGE AGENT CANNOT PROVIDE YOU WITH LEGAL OR TAX ADVICE**



## **EXHIBIT C**

**Form of Combined Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YUETING JIA, | Case No. 19-12220 (KBO) |
| Debtor. | |

**NOTICE OF COMMENCEMENT OF CHAPTER 11 CASE AND SUMMARY OF PREPACKAGED PLAN OF REORGANIZATION AND NOTICE OF HEARING TO CONSIDER (I) DEBTOR'S COMPLIANCE WITH DISCLOSURE REQUIREMENTS AND (II) CONFIRMATION OF PREPACKAGED PLAN OF REORGANIZATION**

**NOTICE IS HEREBY GIVEN** as follows:

On October 14, 2019 (the "Petition Date"), Yueting Jia ("YT" or the "Debtor") commenced this chapter 11 case (the "Chapter 11 Case") under the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.[1]

On the Petition Date, the Debtor filed a "prepackaged" plan of reorganization (the "Prepackaged Plan") and a confidential offering memorandum, disclosure statement and consent solicitation statement (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) and (g) of the Bankruptcy Code. Copies of the Prepackaged Plan and the Disclosure Statement may be obtained free of charge upon request of the Debtor's voting agent, Epiq Corporate Restructuring, LLC, by e-mail at tabulation@epiqglobal.com (please reference "YT" in the subject line) or Debtor's counsel at the address specified below, and are on file with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review on weekdays between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time). Copies of the Prepackaged Plan and Disclosure Statement are also available for downloading and viewing free of charge on the Debtor's case website at https://dm.epiq11.com/YT1.

The Prepackaged Plan will restructure YT's Debt Claims in order to eliminate uncertainty about the ownership of Smart King Limited (the "Company") with the goal of placing the Company in a stronger position to obtain financing for future competitive and strategic initiatives. Moreover, the Prepackaged Plan will align the interests of YT's creditors with the future of the Company, allowing YT to repay his creditors while still fulfilling the aspirations for the Company. The Prepackaged Plan will become effective if it is confirmed by the Court.

---

[1] The Debtor has continued in possession of his property and has continued to operate as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in the Chapter 11 Case.

## SUMMARY OF THE PREPACKAGED PLAN[2]

The Prepackaged Plan is a "prepackaged" plan of reorganization. The primary purpose of the Prepackaged Plan is to exchange any and all rights related to the Debt Claims for a number of interests in a liquidating trust that will hold all of the Debtor's legally recognized personal assets (other than those assets that have been frozen or seized in the PRC), including his interests in the Company. The Debtor believes that any valid alternative to confirmation of the Prepackaged Plan would result in significant delays, additional costs, and would jeopardize the recoveries for Holders of Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, U.S. Secured Claims, and Debt Claims.

The following chart summarizes the treatment provided by the Prepackaged Plan to each class of Claims.

| SUMMARY OF TREATMENT AND EXPECTED RECOVERIES | | | | |
|---|---|---|---|---|
| Class | Description | Treatment | Entitled to Vote | Estimated Recovery |
| 1 | Priority Non-Tax Claims | Unimpaired. [3] The Prepackaged Plan provides that, except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees to less favorable treatment or makes a Trust Election, on the Effective Date or as soon thereafter as practicable, each holder of an Allowed Priority Non-Tax Claim shall receive, at the option of YT and in full and complete settlement, release, and discharge of, and in exchange for, such Claim (i) payment in full in Cash; or (ii) other treatment rendering such Claim Unimpaired. Any Allowed Class 1 Claim not due and owing on the Effective Date shall be paid in full, in Cash, when it becomes due and owing. | No (presumed to accept) | 100% |
| 2 | U.S. Secured Claims | Unimpaired. [4] The Prepackaged Plan provides that, except to the extent that a holder of an Allowed U.S. Secured Claim agrees to less favorable treatment or makes a Trust Election, on the Effective Date or as soon thereafter as practicable, each holder of an Allowed U.S. Secured Claim shall receive, at the option of YT and in full and complete settlement, release, and discharge of, and in exchange for, such Claim (i) payment in full in Cash; (ii) delivery of collateral securing any such Claim; (iii) reinstatement pursuant to section 1124 of the Bankruptcy Code; or (iv) other treatment rendering such Claim Unimpaired. | No (presumed to accept) | 100% |

---

[2] The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Prepackaged Plan and do not purport to be precise or complete statements of all the terms and provisions of the Prepackaged Plan or documents referred to therein. Capitalized terms used but not otherwise defined in this notice have the meanings used in the Prepackaged Plan. For a more detailed description of the Prepackaged Plan, please refer to the Disclosure Statement.

[3] The Bankruptcy Code provides for priority payment of certain claims, subject to applicable limitations, including the following: allowed unsecured claims for wages, salaries, or commissions and unsecured claims of individuals arising from deposits for the purchase or lease of property or the purchase of services for personal or family use.

[4] The Bankruptcy Code provides that, subject to applicable limitations, an allowed claim that is secured by a lien on property of the Debtor's estate, or that is subject to setoff under section 553 of the Bankruptcy Code, is deemed to be

| | SUMMARY OF TREATMENT AND EXPECTED RECOVERIES | | | |
|---|---|---|---|---|
| Class | Description | Treatment | Entitled to Vote | Estimated Recovery |
| 3 | Debt Claims | Impaired. Class 3 consists of all Claims against the Debtor that are (a) not an Administrative Expense Claim, Priority Tax Claim, Priority Non-Tax Claim, or U.S. Secured Claim or (b) otherwise determined by the Bankruptcy Court to be a Debt Claim. The Prepackaged Plan provides that, except to the extent that a holder of an Allowed Debt Claim agrees to less favorable treatment, each holder of an Allowed Debt Claim shall receive, in full and complete settlement, release, and discharge of, and in exchange for, such Claim, its Pro Rata share of the Trust Interests, which distribution shall be made in accordance with Article 6.2 of the Prepackaged Plan. | Yes | 49.10 - 100.47% |

## DISCHARGE, RELEASES, EXCULPATION, AND INJUNCTION

### Relevant Definitions

***Released Parties*** means, collectively, (a) the Debtor and the Estate; (b) the Debtor's wife, Wei Gan; (c) all Persons engaged or retained by the Debtor in connection with the Chapter 11 Case (including in connection with the preparation of and analyses relating to the Disclosure Statement and the Prepackaged Plan); and (d) any and all advisors, attorneys, actuaries, financial advisors, accountants, investment bankers, agents, professionals, and representatives of each of the foregoing Persons and Entities (whether current or former, in each case in his, her, or its capacity as such).

***Releasing Parties*** means, collectively, and each solely in its capacity as such: (a) each Released Party; (b) each holder of a Claim that either (i) votes to accept the Prepackaged Plan or (ii) is conclusively deemed to have accepted the Prepackaged Plan; and (c) all other holders of Claims to the extent permitted by law.

### A.    Discharge of Claims

**Except as otherwise specifically provided in the Prepackaged Plan, the distributions, rights, and treatment that are provided in the Prepackaged Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against YT, of any nature whatsoever, whether known or unknown, or against the assets or properties of YT that arose before the Effective Date. Except as expressly provided in the Prepackaged Plan, on the Discharge Date (and subject to its occurrence), and pursuant to section 1141(d)(5) of the Bankruptcy Code, entry of the Confirmation Order shall be deemed to act as a discharge and release under section 1141(d)(1)(A) of the Bankruptcy Code of all Claims against YT and his assets, arising at any time before the Effective Date, regardless of whether a proof of Claim was filed, whether the Claim is Allowed, or whether the holder of the Claim votes to accept the Prepackaged Plan or is entitled to receive a**

---

a secured claim to the extent of the value of the property securing such claim, or to the extent of the amount subject to setoff, as the case may be, and that any deficiency is deemed to be an unsecured claim.

distribution under the Prepackaged Plan, provided, however, that in no event shall occurrence of the Discharge Date discharge YT from any obligations remaining under the Prepackaged Plan as of the Discharge Date. Any default by YT with respect to any Claim that existed immediately prior to or on account of the filing of the Chapter 11 Case shall be deemed cured on the Discharge Date.

No later than five (5) business days after the occurrence of the Discharge Date, YT or the Reorganized Debtor, as applicable, shall file with the Bankruptcy Court a notice of the occurrence of the Discharge Date, and serve such notice on all creditors. In addition, following the occurrence of the Discharge Date, YT or the Reorganized Debtor, as applicable, shall file a motion seeking entry of an order of discharge after notice and a hearing, which motion (and the discharge) shall be granted upon a showing that YT has made all payments required under the Prepackaged Plan. Except as expressly provided in the Prepackaged Plan, any holder of a discharged Claim will be precluded from asserting against YT or any of his assets any other or further Claim based on any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the Effective Date. Except as expressly provided in the Prepackaged Plan, and subject to the occurrence of the Discharge Date, the Confirmation Order will be a judicial determination of discharge of all liabilities of YT to the extent allowed under section 1141 of the Bankruptcy Code, and YT will not be liable for any Claims and will only have the obligations that are specifically provided for in the Prepackaged Plan. Notwithstanding the foregoing, nothing contained in the Prepackaged Plan or the Confirmation Order shall discharge YT from any debt excepted from discharge under section 523 of the Bankruptcy Code by a Final Order.

B.    Releases

Releases by the Debtor. Except as otherwise provided in the Prepackaged Plan, upon the effective date of the Prepackaged Plan, to the maximum extent permitted by applicable law, each Releasing Party, in consideration for the obligations of YT and the Reorganized Debtor under the Prepackaged Plan, and the Trust Interests and Cash and other contracts, instruments, releases, agreements, or documents to be delivered in connection with the Prepackaged Plan, shall be deemed forever to release, waive, and discharge the Released Parties from personal liability in every jurisdiction from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, actions, Causes of Action, and liabilities whatsoever, including any derivative Claims asserted or assertable on behalf of YT, whether for tort, fraud, contract, recharacterization, subordination, violations of federal or state securities laws or laws of any other jurisdiction or otherwise, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then-existing or thereafter arising, at law, in equity, or otherwise, based in whole or in part on any act, omission, transaction, event, or other occurrence, or circumstances taking place on or before the Effective Date, in any way relating to (i) YT or the Chapter 11 Case; (ii) any action or omission of any Released Party with respect to any indebtedness under which YT is or was a borrower or guarantor; (iii) any Released Party in any such Released Party's capacity as an employee, agent of, or advisor to, YT; (iv) the subject matter of, or the transactions or events giving rise to, any Claim that is treated in the Prepackaged Plan; (v) the business or contractual arrangements between YT and any Released Party; (vi) the restructuring of Claims before

or during the Chapter 11 Case and the solicitation of votes with respect to the Prepackaged Plan; and (vii) the negotiation, formulation, preparation, entry into, or dissemination of the Prepackaged Plan (including, for the avoidance of doubt, the Plan Supplement and all documents contained or referred to therein), the Disclosure Statement, or related agreements, instruments, or other documents; provided, however, that the Releasing Parties shall continue to dispose of the following assets through judicial authorities in the PRC to satisfy such Releasing Party's Claim through a mechanism that will be mutually agreed to by the parties: (x) assets that have already been collateralized by YT or any other Person or Entity; (y) assets that have already been pledged by YT or any other Person or Entity; and (z) assets or interests that YT, his wife Wei Gan, or any other Person or Entity own that have been seized, attached, or frozen by Chinese judiciary authorities. Notwithstanding anything contained herein to the contrary, the foregoing release does not release any obligations of any party under the Prepackaged Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Prepackaged Plan.

      **Releases by Holders of Claims and Other Entities.** Except as otherwise provided in the Prepackaged Plan, upon the Effective Date, to the maximum extent permitted by applicable law, each Releasing Party, in consideration for the obligations of YT and the Reorganized Debtor under the Prepackaged Plan, and the Trust Interests and Cash and other contracts, instruments, releases, agreements, or documents to be delivered in connection with the Prepackaged Plan, shall be deemed forever to release, waive, and discharge the Released Parties from personal liability in every jurisdiction from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, actions, Causes of Action, and liabilities whatsoever, including any derivative Claims asserted or assertable on behalf of YT, whether for tort, fraud, contract, recharacterization, subordination, violations of federal or state securities laws or laws of any other jurisdiction or otherwise, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then-existing or thereafter arising, at law, in equity, or otherwise, based in whole or in part on any act, omission, transaction, event, or other occurrence, or circumstances taking place on or before the Effective Date, in any way relating to (i) YT or the Chapter 11 Case; (ii) any action or omission of any Released Party with respect to any indebtedness under which YT is or was a borrower or guarantor; (iii) any Released Party in any such Released Party's capacity as an employee, agent of, or advisor to, YT; (iv) the subject matter of, or the transactions or events giving rise to, any Claim that is treated in the Prepackaged Plan; (v) the business or contractual arrangements between YT and any Released Party; (vi) the restructuring of Claims before or during the Chapter 11 Case and the solicitation of votes with respect to the Prepackaged Plan; and (vii) the negotiation, formulation, preparation, entry into, or dissemination of the Prepackaged Plan (including, for the avoidance of doubt, the Plan Supplement and all documents contained or referred to therein), the Disclosure Statement, or related agreements, instruments, or other documents; provided, however, that the Releasing Parties shall continue to dispose of the following assets through judicial authorities in the PRC to satisfy such Releasing Party's Claim through a mechanism that will be mutually agreed to by the parties: (x) assets that have already been collateralized by YT or any other Person or Entity; (y) assets that have already been pledged by YT or any other Person or Entity; and (z) assets or interests that YT, his wife Wei Gan, or any other Person or Entity own that have been seized, attached, or frozen by Chinese judiciary authorities.

Notwithstanding anything contained herein to the contrary, the foregoing release does not release any obligations of any party under the Prepackaged Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Prepackaged Plan.

Within thirty (30) days of the Effective Date, each holder of a Debt Claim is obligated to (i) withdraw or retract any litigations, enforcement actions, arbitrations, and any other proceedings against YT and his wife Wei Gan from the court or judicial authorities in all jurisdictions, including, but not limited to, the PRC, or commit or confirm with the judicial authorities that YT or his wife Wei Gan have fulfilled all their debt obligations or legal responsibilities and (ii) file and execute any documents requested by YT to evidence the above release. Unless and until a holder of a Debt Claim complies with the preceding sentence and all of their obligations under the Trust Agreement, such holder shall not be entitled to exercise any rights with respect to the Trust or receive any distributions from the Trust; provided, however, that YT reserves all rights to seek enforcement by the Chinese judicial authorities of the rights provided herein.

In connection with the releases above, the Releasing Parties hereby waive all rights conferred by the provisions of section 1542 of the California Civil Code and/or any similar state or federal law. Section 1542 of the California Civil Code provides as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR." The Releasing Parties understand and acknowledge the significance and consequence of this waiver of section 1542 of the California Civil Code, as well as any other federal or state statute or common law principle of similar effect, and acknowledges that such waiver is a material inducement to and consideration for the property distributed to or retained by and the rights and benefits conferred upon the Releasing Parties under the Prepackaged Plan.

C.    **Exculpation and Limitation of Liability**

None of the Debtor or Reorganized Debtor, or the direct or indirect affiliates, employees, advisors, attorneys, financial advisors, accountants, investment bankers, agents, or other professionals (whether current or former, in each case, in his, her, or its capacity as such) of the Debtor or the Reorganized Debtor, or the Released Parties shall have or incur any liability to, or be subject to any right of action by, any holder of a Claim, or any other party in interest in the Chapter 11 Case, or any of their respective agents, employees, representatives, financial advisors, attorneys or agents acting in such capacity, or direct or indirect affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, formulation, negotiation, preparation, dissemination, confirmation, solicitation, implementation, or administration of the Prepackaged Plan, the Plan Supplement and all documents contained or referred to therein, the Disclosure Statement, any contract, instrument, release or other agreement or document created or entered into in connection with the Prepackaged Plan, or any other pre- or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor or confirming or consummating the

Prepackaged Plan (including the distribution of any property under the Prepackaged Plan); **provided, however,** that the foregoing provisions of Article 11.5 of the Prepackaged Plan shall have no effect on the liability of any Person or Entity that results from any such act or omission that is determined by a Final Order to have constituted willful misconduct, fraud, or gross negligence and shall not impact the right of any holder of a Claim, or any other party to enforce the terms of the Prepackaged Plan and the contracts, instruments, releases, and other agreements or documents delivered in connection with the Prepackaged Plan. Without limiting the generality of the foregoing, the Debtor and the Debtor's direct or indirect affiliates, employees, advisors, attorneys, financial advisors, accountants, investment bankers, agents and other professionals (whether current or former, in each case, in his, her, or its capacity as such) shall, in all respects, be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Prepackaged Plan. The exculpated parties have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of the securities pursuant to the Prepackaged Plan, and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Prepackaged Plan or such distributions made pursuant to the Prepackaged Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such exculpating parties from liability.

D.    **Injunction**

      **General.** All Persons or Entities who have held, hold, or may hold Claims (other than Claims that are reinstated under the Prepackaged Plan), and all other parties in interest in the Chapter 11 Case, along with their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates, are permanently enjoined, from and after the Effective Date, from, in respect of any Claim or Cause of Action released or settled hereunder, (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum) against the Released Parties, the Debtor, or the Reorganized Debtor, or in respect of any Claim or Cause of Action released or settled hereunder; (ii) enforcing, levying, attaching, collecting, or otherwise recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree, or order against the Released Parties, the Debtor, or the Reorganized Debtor; (iii) creating, perfecting, or enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Released Parties, the Debtor, or the Reorganized Debtor; (iv) asserting any right of setoff, subrogation, or recoupment of any kind, against any obligation due from the Released Parties, the Debtor, or the Reorganized Debtor, or against the property or interests in property of the Debtor or Reorganized Debtor, on account of such Claims; or (v) commencing or continuing in any manner any action or other proceeding of any kind on account of, in connection with, or with respect to any such Claims released or settled pursuant to the Prepackaged Plan; **provided, however,** that nothing contained herein shall preclude such Entities from exercising their rights pursuant to and consistent with the

terms hereof and the contracts, instruments, releases, and other agreements and documents delivered under or in connection with the Prepackaged Plan.

**Injunction Against Interference With the Prepackaged Plan. Upon entry of the Confirmation Order, all holders of Claims and their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates shall be enjoined from taking any actions to interfere with the implementation or consummation of the Prepackaged Plan. Each holder of an Allowed Claim, by accepting, or being eligible to accept, distributions under or reinstatement of such Claim, as applicable, pursuant to the Prepackaged Plan, shall be deemed to have consented to the injunction provisions set forth in Article 11.6 of the Prepackaged Plan.**

## HEARING TO CONSIDER COMPLIANCE WITH DISCLOSURE REQUIREMENTS AND CONFIRMATION OF THE PREPACKAGED PLAN

A combined hearing to consider compliance with the Bankruptcy Code's disclosure requirements and any objections thereto and to consider confirmation of the Prepackaged Plan and any objections thereto will be held before the Honorable Karen B. Owens, United States Bankruptcy Judge, in Room _____ of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, ____ Floor, Wilmington, Delaware 19801, on _____, 2019 at _____ (prevailing Eastern Time) (the "Combined Hearing"). The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Combined Hearing or at an adjourned Combined Hearing and will be available on the electronic case filing docket.

Any responses or objections to the adequacy of the Disclosure Statement, the Solicitation Procedures, or confirmation of the Prepackaged Plan must: (i) be in writing; (ii) conform to the applicable Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with proof of service. In addition to being filed with the Court, any such responses or objections must be served on the following parties so as to be received by 5:00 p.m. (prevailing Eastern Time) on _____, 2019 (the "Objection Deadline"): (a) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, DE 19801 (Attn: David L. Buchbinder, Esq.); (b) proposed counsel for the Debtor, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 (Attn: Jeffrey W. Dulberg, Esq. and Malhar S. Pagay, Esq.) and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: James E. O'Neil, Esq.); (c) proposed special counsel for the Debtor, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036 (Attn: Suzzanne Uhland, Esq. and Diana M. Perez, Esq.); and (d) counsel to any statutory committee(s) appointed in the Chapter 11 Case. **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT**.

Dated: _____, 2019
       Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

_____

Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Tel:    (302) 652-4100
Fax:    (302) 652-4400
Email: rpachulski@pszjlaw.com
       jdulberg@pszjlaw.com
       mpagay@pszjlaw.com
       joneill@pszjlaw.com

Proposed Attorneys for Debtor and Debtor in
Possession

**EXHIBIT C**

| Claim Name | Address Information |
|---|---|
| CHANGJIANG SECURITIES (SHANGHAI) ASSET MGT LTD | ATTN YANFANG HU CHANGJIANG ASSET MGMT 27F CENTURY LINK TOWER 1 NO 1198 CENTURY AVE PUDONG NEW DISTRICT SHANGHAI 200122 CHINA |
| CHINA CITIC BANK CO LTD | HEAD OFFICE SALES DEP, ATTN BO ZHANGG RM 1001, 10TH FL, BLOCK E GLOBAL TRADE CENTER, NO 36 NORTH THIRD RING RD, DONGCHENG DISTRICT BEIJING 100013 CHINA |
| CHINA MERCHANTS BANK CO LTD | ATTN YOUJIA WANG SHANGHAI CHUANBEI BRANCH RM 1609 NO 1717 NORTH SICHUAN RD HONGKOU DISTRICT SHANGHAI 200080 CHINA |
| CHINA MINSHENG TRUST CO LTD | ATTN HAO YAN 18TH FL BLOCK C MINSHENG FINANCIAL CENTER NO 28 JIANGUOMEN INNER ST, DONGCHENG DIST BEIJING 100005 CHINA |
| CHONGQING STRATEGIC EMERGING INDLEECO CLOUD | SPECIAL EQUITY INVESTMENT FUND PARNTERSHIP ATTN JIAWANG HE 16 BLOCK B1 TUXING NO 92 XINGGUANG AVE NEW NORTHERN DIST CHONGQING 401121 CHINA |
| E-TOWN INTERNATIONAL HOLDING (HONG KONG) CO LTD | ATTN WEI YUAN 23-25 FLOORS BLOCK A YAICHENG WEALTH CENTER 22 RONGHUA RD ECONOMIC AND TECHNOLOGICAL DEVELOPMENT ZONE DAXING DISTRICT BEIJING 100176 CHINA |
| EVERBRIGHT XINGLONG TRUST CO LTD | ATTN YUANYUAN CHEN 10F FINANCIAL ST CENTER BLDG NO 9 FINANCIAL STREET BEIJING 100032 CHINA |
| EVERBRIGHT XINGLONG TRUST CO LTD | C/O JILIN JIUTAI RURAL COMMERCIAL BANK ATTN ZHUO ZHAN NO 2559 WIESHAN RD GAOZIN DIST CHANGCHUN JILIN 130015 CHINA |
| HAUFU SECURITIES CO LTD | ATTN SICHEN CHEN 18F CHINA MERCHANTS BANK TOWER NO 1088 LUJIAZUI RING RD PODONG NEW DISTRICT SHANGHAI 200120 CHINA |
| HUARONG SECURITIES CO LTD | ATTN HUI KE BEIJING BRANCH 3/F BLOCK C NO 8 FINANCIAL ST XICHENG DISTRICT BEIJING 100033 CHINA |
| HUARONG SECURITIES CO LTD | BEIJING DEHENG (HANGZHOU) LAW OFFICE ATTN JIANING HUANG 10/F HUAFENG INTL 200 XINYE RD JIANGGAN DISTRICT HANGZHOU ZHEJIANG 310020 CHINA |
| HUAXIN INTERNATIONAL TRUST CO LTD | ATTN FENG ZIFENG 11TH FL TOWER B CHINA HUADIAN BLDG NO 2 XUANWUMEN NEI ST XICHENG DISTRICT BEIJING 100031 CHINA |
| INTERNAL REVENUE SERVICE | CENTRALIZED INSOLVENCEY OPERATION PO BOX 7346 PHILADELPHIA PA 19101-7346 |
| JIANGYIN HAILAN INVESTMENT HOLDING CO LTD | ATTN YONG TANG XINQIAO TOWN HAILAN INVESTMENT HAILAN GARMENT INDUSTRY CITY JIANGYIN JIANGSU 214400 CHINA |
| LINFEN INVESTMENT GROUP CO LTD | ATTN XUESONG WANG CITY INVESTMENT BUILDING WEST FENHE RD LINFEN ECONOMIC TECHNOLOGICAL DEVELOPMENT ZONE LINFEN SHANXI 041000 CHINA |
| OFFICE OF THE UNITED STATES TRUSTEE | ATTN DAVID BUCHBINDER J CALEB BOGGS FEDERAL BLDG 844 KING ST, STE 2207 LOCK BOX 35 WILMINGTON DE 19801 |
| PING AN BANK CO LTD | ATTN YAO ZHANG BEIJING BRANCH RM 1105 BLDG A, ORIENTAL MEDIA CENTER NO 4 GUANGHUA RD CHAOYANG DISTRICT BEIJING 100026 CHINA |
| PING AN BANK CO LTD | ATTN YAO ZHANG SHENZHEN BRANCH NO 1009 SHENNEN ZHONG RD FUTIAN DISTRICT SHENZEHN GUANGDONG 518000 CHINA |
| PING AN SECURITIES CO LTD | ATTN YAO ZHANG RM 1105 BLDG A ORIENTAL MEDIA CENTER NO4 GUANGHUA RD CHAOYANG DISTRICT BEIJING 100026 CHINA |
| SHANGHAI LEYU | CHUANGYE INVESTMENT MGMT CENTER LP ATTN YI CHEN 2301B URBAN HEADQUARTERS BLDG 168 TIBET MIDDLE RD HUANGPU DISTRICT SHANGHAI 200001 CHINA |
| SHENZHEN YINGDA CAPITAL MANAGEMENT CO LTD | ATTN QIANHONG SHI 22ND FL, WEST TOWER, WORLD FINANCIAL CENTER CHAOYANG DISTRICT BEIJING 100020 CHINA |
| TWC GROUP CO LTD | ATTN RENJIANG CHENG NO 6 CHAOWAI ST 12 FLOORS BLOCK B WANTONG CENTER CHAOYANG DISTRICT BEIJING 100005 CHINA |
| U.S. ATTORNEY GENERAL | ATTN DAVID C WEISS HERCULES BUILING 1313 N. MARKET STREET WILMINGTON DE 19801 |
| WESTERN SECURITIES CO LTD | ATTN NING LIU RM 10000 BLDG 8 NO 319 DONGXIN ST XIAN SHANXI 710004 CHINA |
| XIZANG JINMEIHUA INVESTMENT CO LTD | ATTN JUN WANG NO 462 MGMT COMMITTEE OF YANGDA INDUSTRIAL PARK IN DUILONG DEQING DIST LHASA; TIBET 851400 CHINA |
| ZHEJIANG ZHONGTAI | ATTN XIJIE JIN CHUANGZHAN ENTERPRISE MANAGEMENT CO LTD 29TH FL, BLOCK T1, WANGJING POLY INTL PLAZA, CHAOYANG DISTRICT BEIJING 100102 CHINA |

| Claim Name | Address Information |
| --- | --- |

**Total Creditor count  26**

**EXHIBIT D**

## YUETING JIA
## Electronic Mail – Master Service List

124898362@qq.com
13162857516@163.com
13917839177@huyf@cjsc.com
chenyi@htlcm.com
chenyuanyuan@ebtrust.com
david.l.buchbinder@usdoj.gov
huangjn@dehenglaw.com
jsfushizi@163.com
jtnshth2@163.com
kehui@hrsec.com.cn
lftzcwb@163.com
liuning@xbmail.com.cn
qyx@hfzq.com.cn
renjiangc@twcgroup.com
shiqh@ydcmc.com
wang_yi@cmbchina
wangjun@hongzhao.com
yanhao@msxt.com
yuanwei@etowncapital.com
zhangbo@cinda.com.cn
zhangyao335@pingan.com.cn
zhangyao335@pingan.com.cn
zhangyao335@pingan.com.cn