IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YUETING JIA,[1] | ) Case No.: 19-12220 (KBO) |
| | ) |
|                Debtor. | ) |

**DECLARATION OF YUETING JIA
IN SUPPORT OF APPLICATION PURSUANT TO SECTION 327(a) OF THE
BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR
AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG
ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND
DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, Yueting Jia, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am the debtor and debtor in possession (the "Debtor"), that has filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above-captioned bankruptcy case (the "Chapter 11 Case").

2. I submit this declaration in support of *Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* (the "Application") [Docket No. 18], filed on October 17, 2019.[2]

3. I submit this declaration in support of the Application. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

4. I am not fluent in English. Accordingly, in the ordinary course of my business and personal affairs that require me to communicate in English either orally or in writing, I employ interpreters/translators who are fluent in both English and Chinese. I am utilizing such interpreters/translators in connection with matters that arise in connection with my Chapter 11 Case and intend to continue to do so. I have reviewed the Application, as necessary, with the assistance of such interpreters/translators.

5. PSZ&J is proposed to serve as my bankruptcy counsel.

6. I recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

7. To that end, the review process utilized by me assessed potential Delaware counsel based on their expertise in the relevant legal issues and in similar proceedings. Using this review process, I selected PSZ&J to serve as counsel given PSZ&J's experience in this Court. Since that time, PSZ&J has advised me local rules, practice, and procedures with respect to various restructuring issues.

8. Ultimately, I retained PSZ&J because of its extensive experience in reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code, and in particular regarding Delaware practice and procedures. Thus, I believe that PSZ&J is well qualified to represent me in this chapter 11 case in an efficient and timely manner.

## Rate Structure

9.      PSZ&J has informed me that its rates are consistent between bankruptcy representations, including related transactional and litigation services. PSZ&J has informed me that its current hourly rates apply to non-bankruptcy services, if any, provided by the Firm, unless a contingent fee, mixed contingent fee, flat fee, or blended rate arrangement is agreed upon. The Firm does not maintain separate departments devoted to other legal practices different from the bankruptcy and insolvency areas. The Firm therefore does not have different billing rates and terms for non-bankruptcy engagements that can be compared to the billing rates and terms for my engagement of PSZ&J. The invoices regularly submitted by PSZ&J during the prepetition period are the same as the rates PSZ&J is charging during the postpetition period. PSZ&J has informed me that the Firm's standard hourly rates are subject to periodic adjustment in accordance with the Firm's practice.

## Cost Supervision

10.     PSZ&J and I expect to develop a prospective budget and staffing plan for the postpetition period, recognizing that in the course of this large chapter 11 case, there may be unforeseeable fees and expenses that will need to be addressed by both me and PSZ&J. I recognize that it is PSZ&J's responsibility to closely monitor the billing practices of their Delaware counsel to ensure the fees and expenses paid by the estate remain consistent with my expectations and the exigencies of the chapter 11 case. I will continue to timely review the invoices that PSZ&J regularly submits, and, together with PSZ&J, periodically amend the budget and staffing plans, as the case develops.

11. I will continue to bring discipline, predictability, and accountability to the Delaware counsel fees and expenses reimbursement process. While every chapter 11 case is unique, the budgets will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 25 day of October 2019.

_____
Yueting Jia
Debtor and Debtor in Possession