# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No. 19-12220-KBO<br><br>Hearing Date: 11/5/19 at 2:30 p.m.<br>Obj. Deadline: 10/29/19 at 4:00 p.m.<br><br>Re: DI 4, 5, 22 and 38 |

**SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S (1) OBJECTION TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING COMBINED HEARING ON (A) DISCLOSURE STATEMENT, (B) PREPETITION SOLICITATION PROCEDURES, AND (C) CONFIRMATION OF PREPACKAGED PLAN; (II) FIXING DEADLINE TO OBJECT TO PREPACKAGED PLAN AND DISCLOSURE STATEMENT; (III) APPROVING FORM AND MANNER OF COMBINED HEARING AND OBJECTION DEADLINE; (IV) CONDITIONALLY CANCELING MEETING OF CREDITORS; AND (V) GRANTING RELATED RELIEF, AND (2) REQUEST FOR STATUS CONFERENCE PURSUANT TO 11 U.S.C. § 105(D) TO ADDRESS CONSIDERATION OF DISMISSAL OR TRANSFER OF VENUE OF CASE**

Shanghai Lan Cai Asset Management Co, Ltd. ("Shanghai Lan Cai") respectfully submits this (1) objection to the *Debtor's Motion for Entry of an Order (I) Scheduling Combined Hearing on (A) Disclosure Statement, (B) Prepetition Solicitation Procedures, and (C) Confirmation of Prepackaged Plan; (II) Fixing Deadline to Object to Prepackaged Plan and Disclosure Statement; (III) Approving Form and Manner of Combined Hearing and Objection Deadline; (IV) Conditionally Canceling Meeting of Creditors; and (V) Granting Related Relief* [Dkt. No. 38] (the "Motion") and (2) request for a status conference before the Court, pursuant to 11 U.S.C. § 105(d), to address a schedule for consideration of whether the case should be dismissed or transferred to the Central District of California, where Yueting Jia ("Jia" or the "Debtor") and his counsel reside.

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

The unique circumstances of this individual debtor's case present two critical threshold issues that must be decided first: (1) whether the case should be dismissed and (2) whether the case should be transferred to the proper venue, the U.S. Bankruptcy Court for the Central District of California. Separately, Jia should not be permitted to proceed on an expedited basis to seek approval of a proposed plan written solely in dense English legalese[2] that his Chinese creditor body likely cannot read, let alone understand.

Shanghai Lan Cai's *Preliminary Response to the Debtor's Chapter 11 Filing* [Dkt. No. 22] (the "Preliminary Response"), which is incorporated herein by reference and attached hereto as **Exhibit A** for the Court's convenience, explained that the case should be dismissed because, *inter alia*, Jia filed it in bad faith. Beyond that, and just as significantly, questions abound as to the appropriateness of a U.S. bankruptcy process being the means to adjudicate the claims of an almost entirely China-based creditor body that are governed by Chinese law. Further, because Jia is a California resident whose U.S. assets are almost all located in California, the Court should consider transferring venue of this case to the Central District of California.[3]

The Motion should therefore be denied or deferred to allow the Court to first determine these gating questions. And for the reasons set forth in Shanghai Lan Cai's Preliminary Response, there is no justification for granting any relief in furtherance of Jia's "prepackaged" plan of reorganization before those questions are decided. To the contrary, the interests of judicial efficiency, principles of international comity, and basic notions of due process and fairness all strongly militate in favor of denial of the Motion, or at least deferring the Motion pending a

---

[2] *See* Chapter 11 Plan of Reorganization [Dkt. No. 4]; Disclosure Statement for a Prepacked Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Dkt. No. 5].

[3] Shanghai Lan Cai and another creditor, Shanghai Qichengyueming Investment Partnership Enterprise, were pursuing enforcement proceedings against him in that district for over a year for claims exceeding $ 100 million USD when Jia filed this Chapter 11 case in Delaware. *See Shanghai Lan Cai Asset Management Co, Ltd. v. Jia Yueting*, Case No. 18-cv-10255 (SJO) (MRWx) (C.D. Cal.); *Shanghai Qichengyueming Investment Partnership Enterprise v. Jia Yueting*, Case No. 18-cv-7723 (SJO) (JPRx) (C.D. Cal.).

decision on dismissal and transfer of venue. Staging the proceedings in this manner is squarely within this Court's equitable powers under Section 105(a) "to assure the orderly conduct of reorganization proceedings." *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004).

The brief history of this case underscores the need to proceed systematically and fairly, rather than expeditiously and hastily. Jia is a Chinese national who has resided in the Central District of California since 2017, when he fled from China after the country's highest court placed him on an official blacklist of credit defaulters. *See* Preliminary Response, at 2. Jia's U.S. assets are almost all located in California,[4] and even his *bankruptcy counsel* is based in California.[5] Moreover, the sole assets that Jia seeks to transfer to creditors under his "prepackaged" plan are interests in Faraday & Future Inc. – a company that, by Jia's own admission, is "incorporated in the State of *California*," "is "headquartered in *California*," and is his "*main operating company* in the United States." *See* Disclosure Statement for a Prepacked Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Dkt. No. 5], at 12, 14 (emphasis added). Thus, Jia has essentially acknowledged that the proper venue for this case is in California because his "domicile, residence, principal place of business in the United States, [and] principal assets in the United States," 28 U.S.C. § 1408(1), are all located in California. Nevertheless, Jia filed his Chapter 11 case in *this* District, on the basis of his purported interest in a limited liability Delaware

---

[4] Likewise, certain real estate properties in which Shanghai Lan Cai believes Jia currently holds a beneficial ownership interest are also located in California and are held through Ocean View Drive Inc., another California corporation. *Id.* at 87-88.

[5] *See* Orders granting Motions for Admission *pro hac vice* [Dkt. Nos. 13-15] (Richard M. Pachulski, Malhar S. Pagay and Jeffrey W. Dulberg). Shanghai Lan Cai assumes that those attorneys will seek to charge the estate for their travel costs in attending hearings and meetings in Delaware.

3

corporation, West Coast LLC, which was strategically incorporated only three months ago, in July 2019.[6]

The selection of forum was not the only procedurally defective aspect of Jia's Chapter 11 filing. Along with his Chapter 11 petition, Jia also filed the plan and an accompanying disclosure statement, and those documents totaled over 210 pages of dense English legal language.[7] The creditor body is almost exclusively located in China – and, indeed, *all* of the creditors on the Debtor's list of the largest 20 unsecured claims are located in China.[8] However, to date, the Debtor has not filed a full translation into Chinese of the proposed "prepackaged" plan of reorganization.[9] The apparent confusion that followed amongst the creditor body was unsurprising – over a week after the petition date, Shanghai Lan Cai learned that some creditors in China were just learning of Jia's bankruptcy filing.[10] Setting into motion an expedited schedule for plan confirmation carries a substantial risk of leaving creditor constituents further in the dark as to what form of participation in the case is in their best interests, what forum that participation should occur in and whether that participation will be for naught.[11]

---

[6] Information obtained through Delaware's Department of State's Division of Corporations website at https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx by searching the entity "West Coast LLC."

[7] *See* Chapter 11 Plan of Reorganization [Dkt. No. 4]; Disclosure Statement for a Prepacked Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Dkt. No. 5].

[8] *See* Official Form 101 Voluntary Petition for Individuals Filing for Bankruptcy [Dkt. No. 1], at 9-13.

[9] The *only* translation of the plan documents that has been filed is a 10-page term sheet. *See* Notice of Filing of Chinese Translation of 2019 Creditor Trust Non-Binding Term Sheet, Ex. A [Dkt. No. 37]. Shanghai Lan Cai does not believe that that document provides a comprehensive overview of the terms of the proposed plan. For example, the English term sheet appended to the filing suggests that the third-party release provided in the plan is limited to claims against the debtor's wife, Wei Gan, *see id.*, Ex. B. at 9, while the plan itself provides a much broader array of released parties. *See* Chapter 11 Plan of Reorganization [Dkt. No. 4] § 1.1(60) (definition of "Released Parties" to include agents and other representatives of Jia and his wife).

[10] Critically, the Motion does not explain how the Court could possibly rule that a Disclosure Statement written in English contains adequate information sufficient for *Chinese* creditors to make an informed decision how to vote on Jia's proposed plan, as required by Section 1125(b). That Section requires that "acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, *and* a written disclosure statement approved, after notice and a hearing, by the court containing adequate information." 11 U.S.C. § 1125(b) (emphasis added).

[11] Notwithstanding these significant challenges faced by creditors for whom not only the language but also the entire legal process and system are foreign, a formation meeting for the official committee of unsecured creditors (the

Moreover, the Motion's request to conditionally cancel Jia's Section 341 meeting – scheduled by the office of the U.S. Trustee to take place on December 6, 2019, *see* Motion at 4 – should be rejected out of hand. As discussed in the Preliminary Response (at 3), Jia has gained notoriety for evading disclosure of his true financial condition, including by deciding simply not to appear at a deposition in Shanghai Lan Cai's enforcement proceedings against him, informing its counsel only at the eleventh hour, and then by using the instant bankruptcy filing as a means to dodge a second examination. Indeed, the timeline proposed by the Motion only serves to highlight that Jia intends to continue this course of conduct. For example, he says that he intends to "file a liquidation analysis with the Court" "prior to the [v]oting [d]eadline" of November 8, with no reference to how long creditors would have to review the analysis before their deadline to make a decision to vote for or against the proposed plan. *See* Motion, at 6.

Finally, Shanghai Lan Cai requests a status conference with the Court at the same time as the hearing on the Motion – 10:00 a.m. on November 5, 2019 – to address a schedule for consideration of the questions of (1) whether this case should be dismissed and, alternatively, (2) whether the case should be transferred to the Central District of California (including in order to decide the dismissal question). Such a conference is precisely the type contemplated by Section 105(d), which permits the court, "on its own motion or on the request of a party in interest—[to] hold such status conferences as are necessary to further the expeditious and economical resolution

---

"Committee") took place only approximately 10 days after the petition was filed, on October 25, 2019. Shanghai Lan Cai understands from at least one other creditor that that creditor did not comprehend the significance of the formation meeting until only the night before it was scheduled to take place. Predictably, out of those creditors who were aware of, and could prepare for, the meeting, the majority of them appeared there through Delaware or other east coast proxies. And the Committee was formed later that day. *See* Notice of Appointment of Committee of Unsecured Creditors [Dkt. No. 51]. Given both the speed by which it was formed and the resulting risk that much of the China-based creditor body was shut out of meaningful participation, it remains to be seen whether the Committee will have either the incentive or the resources to protect the interests of the creditors as a whole. Critically, Jia has not yet identified the particular source or extent of funding for the Committee's professionals and claims that his *only* "legally recognized" personal assets are being transferred to the creditor trust. *See* Disclosure Statement for a Prepacked Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Dkt. No. 5], at 13.

of the case." 11 U.S.C. § 105(d).  While Shanghai Lan Cai intends to file its own motion raising these issues, their adjudication is so critical as to warrant this Court setting a schedule to ensure that all interested parties have a full and fair opportunity to be heard on them.[12]

For the reasons set forth above, Shanghai Lan Cai respectfully requests that this Court (1) deny the Motion, (2) schedule a status conference pursuant to Section 105(d) to set a schedule for consideration of dismissal or transfer of venue of this case, and (3) grant Shanghai Lan Cai such other and further relief as is just and appropriate.

Dated: October 29, 2019
       Wilmington, Delaware

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Zhao Liu*
Frederick B. Rosner (DE # 3995)
Zhao (Ruby) Liu (DE# 6436)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email:  rosner@teamrosner.com
liu@teamrosner.com

    -   and   -

**KOBRE & KIM LLP**
Daniel J. Saval, Esq.
John Han, Esq.
Dong Ni (Donna) Xu, Esq.
daniel.saval@kobrekim.com
john.han@kobrekim.com
donna.xu@kobrekim.com
800 Third Ave, Floor 6
New York, NY 10022
Tel: +1 212 488 1200
Fax: +1 212 488 1220

*Counsel to Shanghai Lan Cai Asset Management Co, Ltd.*

---

[12] The Court's authority to set such a schedule is likewise found in Section 105, which provides in pertinent part that "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(d).