# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12220-KBO |

## SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S
## PRELIMINARY RESPONSE TO THE DEBTOR'S CHAPTER 11 FILING

The debtor in this case, Yueting Jia ("Jia"), is a notorious debt dodger surrounded by allegations of fraud.[1] Following a meteoric rise to billionaire status after founding a series of Chinese technology companies between about 2004 and 2011, Jia fell from grace in a widely publicized manner. Allegations were made that Jia had caused a Shenzhen Stock Exchange listed company he founded to engage in multi-billion dollar transactions with companies owned by himself and his family members; that he had sold shares of the public company near its apex price promising to loan the proceeds back to the ailing company interest-free, but instead kept the funds (also on the order of billions); and that the IPO of the Shenzhen company was procured through bribery and fraud.[2] Indeed, a connected bribery probe later resulted in the imprisonment of several government officials who approved the IPO.[3]

---

[1] *See, e.g.*, Raymond Zhong and Carolyn Zhang, *China Names and Shames Tech Tycoon with Debt Blacklist*, THE NEW YORK TIMES (Dec. 13, 2017), https://www.nytimes.com/2017/ 12/13/ business/china-blacklist-jia-yueting-leeco.html; Li Yuan, *Reality Bytes: a Highflying Tech Entrepreneur Crashes Back to Earth*, THE WALL STREET JOURNAL (July 6, 2017), https://www.wsj.com/articles/reality-bytes-a-highflying-chinese-tech-entrepreneur-falls-back-to-earth-1499337030.

[2] *See* Leshi Internet Information and Technology Corp., Beijing, 乐视网信息技术（北京）股份有限公司 2017 年年度报告全文 (Apr. 27, 2018), http://file.finance.sina.com.cn/211.154.219.97:9494/MRGG/ CNSESZ_STOCK/2018/2018-4/2018-04-27/4375026.PDF; Caijingwuji, 贾跃亭申请破产背后：带崩乐视套现140亿，如今被疑金蝉脱壳？, TENCENT (Oct. 11, 2019), https://new.qq.com/omn/20191011/20191011A0MD8700.html.

[3] *See* Yu Zhang, 独家 | 多名发审委委员被查 关键词"乐视", CAIXIN (Oct. 30, 2017), http://finance.caixin.com /2017-10-30/101163023.html.

{00026660. }                              1

Shanghai Lan Cai Asset Management Co, Ltd. ("Shanghai Lan Cai"), the holder of an $11 million arbitration award against Jia, is just one of many creditor victims Jia has left in his wake. Shanghai Lan Cai submits this preliminary response to Jia's Chapter 11 filing to advise the Court of troubling facts and circumstances that justify declining any request by Jia to grant any relief in this case on an expedited basis. Jia's Chapter 11 filing—through which he seeks this Court's approval of a "pre-packaged" bankruptcy plan—is the most recent in a lengthy series of gambits designed to evade his bona fide creditors. Shanghai Lan Cai intends to move to dismiss this Chapter 11 case, pursuant to Section 1112(b), because Jia filed the case in bad faith.[4]

Jia, a Chinese national, fled to the United States in or around 2017, after various courts in China issued freezing orders on his assets and after China's highest court placed him on an official blacklist of credit defaulters, restricting his travel and spending in China.[5] Jia remained in the U.S. even after China's securities regulator issued an order directing him to return to China by the end of 2017.[6] According to his own deposition testimony, notwithstanding his public statements that he was unable to repay his existing debts to creditors, in or around 2014, Jia moved approximately US $1 billion, otherwise owed to his creditors, into his new venture: an electric car start-up known as Faraday Future.[7] The source of the funds was never disclosed. Faraday Future appears itself

---

[4] Shanghai Lan Cai also intends to move for dismissal on comity grounds. Because millions of dollars' worth of Jia's assets have been frozen in China by Chinese court orders, *see* n.1, this Court is hamstrung from effectively administering Jia's estate. *See In re Yukos Oil Co.*, 321 B.R. 396, 410 (Bankr. S.D. Tex. 2005) (holding that because, among other things, most of the debtor's assets were located in Russia, comity counseled for dismissal under Section 1112(b)). In the alternative, Shanghai Lan Cai will seek relief from the automatic stay to enforce its arbitration award against Jia. Shanghai Lan Cai reserves any and all rights in this Chapter 11 case and otherwise, including the right to challenge the dischargeability of its claims against Jia.

[5] *See* n. 1.

[6] *See China regulator summons founder of debt-laden LeEco back to China*, REUTERS (Dec. 25, 2017), https://www.reuters.com/article/us-leeco-debt/china-regulator-summons-founder-of-debt-laden-leeco-back-to-china-idUSKBN1EK06Y.

[7] He also acquired over $21 million worth of real estate in California. *See* n. 14.

{00026660. }    2

on the brink of bankruptcy and faces allegations that its pattern of soliciting massive investments through empty promises amounts to a Ponzi scheme.[8]

Meanwhile, in January 2018, Shanghai Lan Cai obtained an arbitration award in China against Jia, based on his affiliated company's default under a loan agreement and his failure to make good on a personal guarantee of that loan. In proceedings to enforce that award, the U.S. District Court for the Central District of California ordered Jia to submit to a court-supervised examination, to allow Shanghai Lan Cai to probe the pool of assets available to satisfy its judgment.[9] The examination was scheduled for Thursday, October 17, 2019—a date agreed upon by the parties after Jia refused, on less than 24 hours' notice, to appear at a previous deposition, after which his then-attorneys terminated their engagement with him. Jia filed this Chapter 11 case on Monday, October 14, 2019, three days before he would have been required to testify under oath about his assets and financial affairs.[10]

But it is not only the timing of Jia's Chapter 11 filing and his history of creditor and debt evasion that evidence Jia's bad faith. His proposed plan has the markings of flagrant abuse of U.S. bankruptcy law. That plan offers creditors a share of equity interests in Faraday Future that are likely worthless. Jia proposes to distribute nothing from the very valuable assets Shanghai Lan Cai has reason to believe Jia owns or controls directly or indirectly but has not disclosed, that he

---

[8] *See LeTV chief makes China's 'untrustworthy individuals' list*, ASIATIMES (June 1, 2018), https://www.asiatimes.com/2018/06/article/letv-chief-makes-chinas-untrustworthy-individuals-list/ (noting that local officials in Nevada, one of the planned sites for a Faraday Future plant, had called Faraday Future's operations a "Ponzi scheme").

[9] Order to Appear for Examination, *Shanghai Lan Cai Asset Management Co, Ltd. V. Jia Yueting*, 18-cv-10255-SJO-MRW (C.D. Cal) (hereinafter, "California Docket") [Dkt. No. 63].

[10] Shortly after Jia filed his Chapter 11 petition, he notified the California court that the automatic stay was in effect, and the examination was cancelled shortly thereafter. *See* Notice of Suggestion of Bankruptcy, California Docket [Dkt. No. 87]; Scheduling Notice re: Debtor Examinations, California Docket [Dkt. No. 88].

{00026660. }                                            3

has hidden through the use of shell companies and well-known nominee relationships,[11] and that he has fraudulently conveyed to third parties. What's more, the plan provides for broad, non-consensual releases not only of Jia, but also *his wife* and a slew of other non-debtor parties, with no business justification and for no apparent consideration. *See* Debtor's Prepackaged Plan of Reorganization [Dkt. No. 4] at § 1.1(60) (definition of "Released Parties"). Shanghai Lan Cai's forthcoming motion to dismiss will demonstrate that the plan is dead on arrival and could never be confirmed.[12]

Given these facts and circumstances, Shanghai Lan Cai requests that this Court refrain from entertaining any relief requested by Jia until the full picture surrounding his filing is revealed. At a minimum, the Court should wait until after (i) Jia files his schedules of assets and liabilities and statement of financial affairs required by Bankruptcy Rule 1007(b) and (ii) Jia's creditors and the U.S. Trustee have a meaningful opportunity to review those disclosures and test their veracity at his Section 341(a) meeting, before considering any relief.[13] Creditors may also wish to avail themselves of other discovery devices.

Shanghai Lan Cai believes that full and accurate disclosure will reveal that Jia has sought to conceal U.S. assets from creditors through the use of nominees and the fraudulent transfer of assets to third parties before the bankruptcy filing. Indeed, post-judgment discovery taken by Shanghai Lan Cai has already demonstrated that Jia emptied out at least one of his bank accounts, transferring the balance to a human resources director at Faraday Future, shortly after the

---

[11] For example, a recent college graduate named Lian Bossert, who was employed by one of Jia's companies, held assets valued at over half a billion dollars on Jia's behalf. *See* Yaodan Liang, 清流独家揭秘贾跃亭恒大"互撕"关键：谁受让了贾跃亭FF股权? , NETEASE (Nov. 21, 2018), http://money.163.com/18/1121/07/E14B56MO002590RK.html.

[12] In addition, Shanghai Lan Cai also believes that certain of the China-based "creditors" who are expected to accept the plan are, in fact, shell companies or nominees owned or controlled by Jia.

[13] In the event Jia requests an extension of time to file his schedules and statements, that request should be denied.

{00026660. }                                  4

California proceedings were filed against him in December 2018. The federal court hearing those proceedings has entered two separate injunctions prohibiting Jia from disposing his assets based on this remarkable track record of diverting assets to family members and other nominees.[14]

And because this is a filing by an individual—not a going-concern business—there is no urgency whatsoever that would justify accelerating the process. As evidenced by the absence of any request for first day emergency relief, there are no employees or vendors who need to be paid, no business operations at risk, and no DIP financing deadlines—only creditors who stand to lose substantial value if Jia is permitted to quickly push a "pre-packaged plan" through to discharge his liabilities without a full and well-verified disclosure of assets.

Judge Friendly wisely stated some 50 years ago that "[t]he conduct of bankruptcy proceedings not only should be right but must seem right." *In re Ira Haupt & Co.*, 361 F.2d 164, 168 (2d Cir. 1966). To preserve the integrity of U.S. bankruptcy proceedings, the Court should ensure that this case—and Jia himself—get the careful scrutiny they deserve.

---

[14] Based on post-judgment discovery Shanghai Lan Cai obtained in the California enforcement proceeding from third parties—because Jia himself staunchly resisted any disclosure of information about his assets—Shanghai Lan Cai believes that Jia holds U.S. assets worth tens of millions of dollars that are not mentioned in the offering memorandum for the plan.

{00026660. }    5

Dated: October 17, 2019

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Zhao Liu*
Frederick B. Rosner (DE # 3995)
Zhao (Ruby) Liu (DE# 6436)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email: rosner@teamrosner.com
liu@teamrosner.com

**KOBRE & KIM LLP**

Daniel J. Saval, Esq.
John Han, Esq.
Dong Ni (Donna) Xu, Esq.
daniel.saval@kobrekim.com
john.han@kobrekim.com
donna.xu@kobrekim.com
800 Third Ave, Floor 6
New York, NY 10022
Tel: +1 212 488 1200
Fax: +1 212 488 1220

*Counsel to Shanghai Lan Cai Asset Management Co, Ltd.*