IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA,[1] | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| Debtor. | ) | Related Docket No. 22 |

**DEBTOR'S STATEMENT REGARDING SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S RESPONSE TO THE DEBTOR'S CHAPTER 11 FILING**

By and through his undersigned proposed counsel, Yueting Jia ("YT" or the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby submits the following statement to provide the Court, creditors, the Office of the United States Trustee, and other parties in interest with information regarding on-going disputes between the Debtor and Shanghai Lan Cai Asset Management Co, Ltd. ("SLC"), and to reply to certain false and inflammatory statements contained in *Shanghai Lai Cai's Asset Management Co, Ltd.'s Preliminary Response to the Debtor's Chapter 11 Filing* [Docket No. 22] ("Preliminary Response").

**The Debtor Repaid Over $3 Billion and
Is Proposing a Restructuring of Remaining Indebtedness
Through the Chapter 11 Case and Plan**

1. Creditors have asserted approximately $3.4 billion in debt against YT arising from personal guarantees or money he borrowed on behalf and in support of the enterprises founded or led by him. YT and the non-listed LeEco group ("LeEco") already have repaid over $3 billion in debt since a bank froze all of YT's assets and accounts located in China and those of LeEco, including but not limited to Leshi Holdings (Beijing) Ltd. and Letv Mobile Intelligent

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

Information Technology (Beijing) Co., Ltd. The value of those assets and accounts substantially exceeded the amount of outstanding debts. The freezing of those assets and accounts led to a liquidity crisis, followed by the collapse of LeEco.

2. YT's goal is to resolve the claims of all his creditors. Before commencing his Chapter 11 Case, YT initiated an out-of-court exchange offer, backed by a plan of reorganization (the "Plan"), which offered to exchange any and all rights related to claims against YT for a number of interests in a liquidating trust that will hold all of YT's legally recognized personal assets (other than those assets that have been frozen or seized in the People's Republic of China), including his interests in Smart King Limited, the parent company of Faraday & Future Inc.

3. A small number of creditors, including SLC, has commenced litigation in the United States in an attempt to wrest control of all of YT's U.S. assets solely for their own benefit. As a result, YT determined that it was in the best interests of all his creditors to terminate the exchange offer and file the Chapter 11 Case to implement the restructuring through his proposed Plan.

### The Bankruptcy Estate May Hold Claims Against SLC and Other Affiliated Entities Controlled by Xiaodong Wen

4. As set forth in the Debtor's *Schedules of Assets and Liabilities and Statement of Financial Affairs* [Docket 28] (the "Schedules"), the bankruptcy estate may hold claims for fraud, breach of contract, defamation and/or unjust enrichment, and other potential causes of action against Xiaodong Wen and various entities under his control, including SLC, TWC Group Co., Ltd., Shanghai Zheyun Business Consulting Partnership (Limited Partnership), Beijing Blue Giant Real Estate Investment Fund Management Center (Limited Partnership), and Shenzhen Jincheng Commercial Factoring Co., Ltd. (collectively, the "Wen Entities"). *See* Schedules, Schedule A/B, item 33. Through a series of transactions in 2017, after obtaining certain interests

of YT and his affiliate, the Wen Entities breached their obligations, resulting in hundreds of millions of dollars in damages. The Debtor intends to investigate these transactions for the benefit of the estate and its creditors.

### SLC's Efforts to Derail the Chapter 11 Case Are Detrimental to the Interests of All Creditors

5. SLC's statements and actions evidence an "ulterior motive" and "interest other than an interest as a creditor." *In re DBSD N. Am., Inc.*, 634 F.3d 79, 104 (2d Cir. 2011). Even if SLC's claim were not subject to counter claims by the Debtor, as SLC acknowledged in its filing, SLC, "the holder of an $11 million arbitration award against the Debtor, is just one of many creditor[s]. . . ." Preliminary Response at 2. Although SLC's claim amounts to no more than 0.45% of the total unsecured claim pool, its actions so far have established that it is less interested in respecting the bankruptcy process and the Debtor's effort to implement a restructuring for the benefit of all creditors than it is in making false assertions, filing pleadings associated with no pending motion or adversary proceeding, and generally proceeding in a manner that benefits neither the entire creditor body nor SLC's interest as a purported creditor of the Debtor. SLC has acknowledged that it intends to file a motion to dismiss the case so that it can continue to pursue its claims against the Debtor. *See id*. SLC fails to explain precisely how a chapter 11 proceeding commenced to ratably distribute effectively all of the Debtor's U.S. assets to creditors holding billions in claims can constitute "bad faith."

### The Debtor is Beginning a Collaborative Effort with the Creditors' Committee in Order to Implement a Favorable Restructuring Through this Chapter 11 Case

6. On November 25, 2019, the Office of the United States Trustee appointed a five-member Official Committee of Unsecured Creditors in this Chapter 11 Case (the "Committee"). The Debtor's and Committee's respective counsel are already engaging in a dialogue with each

other to work together to achieve a successful restructuring of the Debtor's obligations for the mutual benefit of the Debtor's bankruptcy estate and its creditors.

Dated: November 1, 2019    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Tel:    (302) 652-4100
Fax:   (302) 652-4400
Email: rpachulski@pszjlaw.com
           jdulberg@pszjlaw.com
           mpagay@pszjlaw.com
           joneill@pszjlaw.com

Proposed Attorneys for Debtor and Debtor in Possession