# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA,[1] | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 17** |
| | ) | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS ADMINISTRATIVE ADVISOR FOR THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of Yueting Jia. the "Debtor") for entry of an order (this "Order"), pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, authorizing the Debtor to retain and employ Epiq Corporate Restructuring, LLC ("Epiq") as the administrative advisor in the Debtor's chapter 11 case (the "Administrative Advisor"), *nunc pro tunc* to the Petition Date; and this Court being satisfied, based on the representations made in the Application and the Persichilli Declaration, that (a) Epiq does not hold or represent an interest adverse to the Debtor's estate and (b) Epiq is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue being

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtor's estate, his creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. Notwithstanding the terms of the Retention Agreement attached to the Application, the Application is granted solely as set forth in this Order.

3. The Debtor is authorized, but not directed, to retain Epiq as the Administrative Advisor in accordance with the terms and conditions set forth in the Application and under the terms of the Retention Agreement relating to such services, *nunc pro tunc* to the Petition Date, and Epiq is authorized to perform such services as set forth in the Application and under the terms of the Retention Agreement relating to such services.

4. Epiq may hold the retainer as security of payment of Epiq's final invoice for services rendered and expenses incurred in performing the Administrative Services.

5. Notwithstanding anything to the contrary in the Application or the Retention Agreement and solely with respect to the Administrative Services, Epiq will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, applicable Local Rules, the U.S. Trustee Guidelines, and such other procedures that have been or may be fixed by order of this Court.

6. Notwithstanding anything to the contrary in the Application or the Retention Agreement, Section 8 of the Retention Agreement shall have no force or effect.

7. Except to the extent set forth below, the Debtor is authorized to indemnify Epiq under the terms of the Retention Agreement as follows:

> (a) Epiq shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Retention Agreement for services other than the services provided under the Retention Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;
>
> (b) The Debtor shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of Epiq's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to United Artists Theatre Co. v. Walton, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Epiq should not receive indemnity, contribution, or reimbursement under the terms of the Retention Agreement as modified by this Order; and
>
> (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this chapter 11 case (that order having become a final order no longer subject to appeal), or (ii the entry of an order closing this chapter 11 case, Epiq believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Retention Agreement (as modified by this Order), including without limitation the advancement of defense costs, Epiq must file an application therefor in this Court, and the Debtor may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Epiq. All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution, or reimbursement.

8. Epiq shall not cease providing the Administrative Services during this chapter 11 cases for any reason, including nonpayment, without an order of the Court.

3

DOCS_DE:225758.3 46353/001

9. In the event of any inconsistency between the Retention Agreement, the Application, and this Order, this Order shall govern.

10. Notice of the Application as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. The Debtor and Epiq are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.