IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA[1], | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| | ) | |
| Debtor. | ) | **Re: Docket No. 39** |

**ORDER (I) ESTABLISHING CLAIM
BAR DATES FOR FILING PREPETITION CLAIMS AND
(II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

This matter coming before the Court on the *Debtor's Motion For an Order (I) Establishing Claim Bar Dates for Filing Prepetition Claims, and (II) Approving the Form and Manner of Notice Thereof* (the "Motion") [D.I. 39],[2] filed by the above-captioned Debtor (the "Debtor"); the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing, if any, before the Court (the "Hearing"); the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (iii) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. As used herein, (1) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, (2) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and (3) the term "governmental units" has the meaning given to it in section 101(27) of the Bankruptcy Code.

3. The forms of the Bar Date Notice, the Proof of Claim Form, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects. The form and manner of notice of the Bar Dates approved herein satisfy the notice requirements of the Bankruptcy Code and the Bankruptcy Rules. As such, the Debtor is authorized to serve the Bar Dates Notice Package in the manner described below.

4. <u>The General Bar Date</u>. Except as described below, all entities holding claims against the Debtor that arose before October 14, 2019 (the "<u>Petition Date</u>") shall file proofs of claim by the General Bar Date of **January 24, 2020, at 5:00 p.m. (prevailing Eastern Time)**. The General Bar Date applies to all types of claims against the Debtor that arose prior to the Petition Date, regardless of whether the claim would be legally classified as secured, priority (including, without limitation, claims entitled to priority under section 507(a)(4) or 507(a)(5) of the Bankruptcy Code), or unsecured nonpriority claims.

5. <u>The Governmental Unit Bar Date</u>. Pursuant to section 502(b)(9) of the Bankruptcy Code, except as described below, all governmental units holding claims (whether secured, priority or unsecured nonpriority) against the Debtor that arose before the Petition Date

shall file proofs of claim by the Governmental Unit Bar Date of **April 13, 2020, at 5:00 p.m. (prevailing Eastern Time).**

      6.      Subject to the terms described in this order for holders of claims subject to the General Bar Date and Governmental Unit Bar Date, the following entities shall file proofs of claim on or before the applicable Bar Date:

      a.      any person or entity (i) whose prepetition claim against the Debtor is not listed in the Debtor's Schedules (or any amended schedules), or is listed as either a disputed, contingent, or unliquidated claim (or any combination thereof) and (ii) that desires to share in any distribution made in the Debtor's Chapter 11 Case; and

      b.      any person or entity that (i) believes that its prepetition claim against the Debtor is improperly classified in the Schedules (or any amended schedules), or is listed in an incorrect amount and (ii) desires to have its claim classified in a different class or allowed in a different amount than identified in the Schedules (or any amended schedules).

      7.      Subject to the terms described in this order for holders of claims who would otherwise be subject to the General Bar Date or the Governmental Unit Bar Date, the following persons or entities need not file Proofs of Clam:

      a.      any person or entity that already has filed a signed proof of claim against the Debtor in a form substantially similar to Official Bankruptcy Form No. 410 with the Clerk of the Bankruptcy Court for the District of Delaware;

      b.      any person or entity whose claim is listed on the Schedules (or any amended schedules) if (i) the claim is ***not*** listed as "disputed", "contingent", or "unliquidated" in the Schedules (or any amended schedules) and (ii) such person or entity agrees with the nature, classification and amount of its claim as set forth in the Schedules (or amended schedules); and

      c.      claims of governmental units arising from sections 503(b)(1)(B), (C) or

(D) of the Bankruptcy Code.

8. Parties asserting claims against the Debtor that accrued before the Petition Date shall use a proof of claim form (the "Proof of Claim Form") substantially in the form attached hereto as **Exhibit 2**[3].

9. For any claim to be validly and properly filed, a claimant must deliver a completed, signed original Proof of Claim Form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), to the Debtor's claims agent, Epiq Corporate Restructuring, LLC ("Epiq"), in the manner set forth below and in the Bar Date Notice, so that Epiq actually receives the Proof of Claim Form by no later than 5:00 p.m., Eastern Time, on the applicable Bar Date.  All such filed Proof of Claim Forms must: (a) be written in English; (b) include a claim amount denominated in lawful currency of the United States; (c) conform substantially with the Proof of Claim Form provided by the Debtor; and (d) be signed by the holder of the claim or by an authorized agent of the holder of the claim. Claimants may submit Proof of Claim Forms electronically via Epiq, at the following website: https://epiqworkflow.com/cases/YT1, in PDF format by e-mail to:  YTclaims@epiqglobal.com or via First Class mail to the following address:

Yueting Jia
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR  97076-4419

---

[3] Each proof of claim form will be accompanied by a summary Chinese translation.

or if by hand delivery, international express courier or overnight mail to the following address:

Yueting Jia.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR  97005

10. Epiq will not accept Proof of Claim Forms submitted by facsimile.  The Debtor shall deem Proof of Claim Forms as filed when Epiq actually receives them (as described in the Bar Date Notice) by one of the approved methods of delivery identified herein.

11. Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a Proof of Claim Form, pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against a Debtor, but fails to do so by the applicable Bar Date will not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

12. No later than five (5) business days after the entry of this Order, the Debtor shall serve the Bar Date Notice attached hereto as **Exhibit 1**, a summary of the Bar Date Notice translated into Chinese, (and the Debtor shall consult with the Official Committee of Unsecured Creditors with respect to the form and substance of the translated summary) and the Proof of Claim Form substantially in the form attached hereto as **Exhibit 2** (Exhibit 1, the Chinese summary of the Bar Date Notice and Exhibit 2 shall be referred to collectively hereinafter as the "Bar Date Materials"), via first-class mail, postage prepaid, on:

a. all known or reasonably ascertainable potential creditors, including all persons and entities listed in the Schedules (and any amended schedules) as holding or potentially having a basis to assert claims at the addresses set forth therein;

    b.  the U.S. Trustee;

    c.  all parties that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 as of the date of the Service Date;

    d.  all parties who are listed as parties to executory contracts and unexpired leases with the Debtor;

    e.  all parties who are parties to litigation with the Debtor or their counsel (if known);

    f.  the Internal Revenue Service for this District and all other taxing and regulatory authorities for the jurisdictions in which the Debtor resides or conducts business;

    g.  such additional persons and entities as deemed appropriate by the Debtor; and

    h.  all other parties listed in the Debtor's official matrix of creditors, to the extent not covered by the previous categories (collectively, the "<u>Notice Parties</u>").

    i.  Should the Debtor amend or supplement the Schedules subsequent to the date on which the Debtor serves the Bar Date Notice, the Debtor shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no less than twenty-one (21) days from the notice date to file Proofs of Claim with respect to their claims.  Moreover, unless otherwise ordered by the Court, and in the event the Debtor rejects an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the last to occur of:  (1) the General Bar Date; (2) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following entry of an

order approving the rejection of any executory contract or unexpired lease of the Debtor; and (3) any date that the Court may fix in the applicable order approving such rejection.

13. For any parties listed in paragraph 12 of this Order with an address in China, the Debtor shall serve the Bar Date Materials from Epiq's facility in China no later than five (5) business days after the entry of this Order.

14. As soon as practicable after entry of this Order, the Debtor shall, on at least one occasion, publish the Bar Date Notice Summary in English and Chinese in at least one major Chinese publication.

15. In addition to any other contact parties listed in the Bar Materials, the Bar Date Notice and Bar Date Notice Summary will indicate that creditors with questions regarding the claims submission process may contact counsel for the Official Committee of Unsecured Creditors for assistance.

16. The entry of this order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein shall file proofs of claim or interest.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

**Dated: November 13th, 2019**
**Wilmington, Delaware**

*Ka B. O---*
**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**