# **EXHIBIT C**

# **Jia Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 19-12220 (KBO) |

**DECLARATION OF YUETING JIA IN SUPPORT OF DEBTOR'S APPLICATION PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1 FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF O'MELVENY & MYERS LLP, AS SPECIAL CORPORATE, LITIGATION, AND INTERNATIONAL COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, Yueting Jia, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am the debtor and debtor in possession (the "Debtor"), that has filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above-captioned bankruptcy case (the "Chapter 11 Case").

2. I submit this declaration in support of the *Debtor's Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for An Order Authorizing the Retention and Employment of O'Melveny & Myers LLP, as Special Corporate, Litigation, and International Counsel to the Debtor Nunc Pro Tunc to the Petition Date* (the "Application") concurrently herewith.[1]

3. I submit this declaration in support of the Application. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] Capitalized terms used but no defined in this declaration shall have the meanings used in the Application.

4. I am not fluent in English. Accordingly, in the ordinary course of my business and personal affairs that require me to communicate in English either orally or in writing, I employ interpreters/translators who are fluent in both English and Chinese. I am utilizing such interpreters/translators in connection with matters that arise in connection with my chapter 11 case and intend to continue to do so. I have reviewed the Application, as necessary, with the assistance of such interpreters/translators.

5. O'Melveny & Myers LLP ("OMM") proposes to serve as my special corporate, litigation, and international counsel in this Chapter 11 Case. OMM was initially employed and retained by the Debtor in August 2019 with respect to certain of the Debtor's prepetition litigations, including the following cases: (i) *Shanghai Lan Cai Asset Management Co, Ltd. v. Jia Yueting*, Case No. 18-cv-10255-SJO-MRW (lead counsel); (ii) *Shanghai Qichengyueming Investment Partnership Enterprise v. Jia Yueting*, Case No. 18-cv-7723-SJO-JPR (lead counsel); and (iii) *Jinan Rinan Si Le Enterprise Management Consulting Partnership v. Yueting Jia*, Case No. 18STCP02594 (lead counsel). In addition, OMM worked with FF Global Partners LLC prior to the Petition Date with respect to the establishment of a "Partnership Program," a corporate governance and incentive structure for Smart King Ltd., the parent company of Faraday & Future Inc., the Debtor's key asset. OMM has also worked closely with the Debtor and his other professionals on various aspects of the restructuring of his debts prior to the Petition Date, including the formulation of the creditor trust, the plan of reorganization, and the disclosure statement and exchange offer.

### Rate Structure

6. OMM has informed me that it believes its rates for bankruptcy representations are comparable to the rates OMM charges for non-bankruptcy representations. I understand that the hourly rates and corresponding rate structure that OMM will use in this Chapter 11 Case is consistent with the rates that OMM charges other comparable clients. I understand that the rates OMM charges in this Chapter 11 Case are comparable to the rates of other firms and the same as the rates OMM charged prior to the commencement of this Chapter 11 Case. The invoices regularly submitted by OMM during the prepetition period are the same as the rates OMM is charging during the postpetition period. The Debtor understands that OMM's rates are subject to annual and customary firm-wide adjustments in the ordinary course of OMM's business.

### Cost Supervision

7. OMM and I expect to develop a prospective budget and staffing plan for the postpetition period, recognizing that in the course of this Chapter 11 Case, there may be unforeseeable fees and expenses that will need to be addressed by both me and OMM. I recognize that it is OMM's responsibility to closely monitor the billing practices to ensure that the fees and expenses paid by the estate remain consistent with my expectations and the exigencies of the Chapter 11 Case. I will continue to timely review the invoices that OMM regularly submits, and, together with OMM, periodically amend the budget and staffing plans, as the case develops.

8. I will continue to bring discipline, predictability, and accountability to the fees and expenses reimbursement process. While every chapter 11 case is unique, the budgets will provide guidance on the periods of time involved and the level of the attorneys and

professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 14th day of November 2019 at Rancho Palos Verdes, California.

*/s/ Yueting Jia*
Yueting Jia
Debtor and Debtor in Possession