**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>          Debtor. | Chapter 11<br><br>Case No. 19-12220 (KBO)<br><br>Hearing Date: December 18, 2019 at 10:00 a.m. (ET)<br>Objection Deadline: December 9, 2019 at 4:00 p.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT
AND RETENTION OF LOWENSTEIN SANDLER LLP AS COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
EFFECTIVE AS OF OCTOBER 25, 2019**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy case of the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby submits this application (the "Application"), pursuant to sections 328 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and consistent with the Guidelines For Reviweing Applications for Compensation and Reimbursement of Expenses filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, issued by the Executive Office of the United States Trustee (the "U.S. Trustee Guidelines"), for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the employment and retention of Lowenstein Sandler LLP ("Lowenstein Sandler") as lead counsel for the Committee, effective as of October 25 2019. In support of this Application, the Committee submits the *Declaration of*

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

IMPAC 6487221v.2

*Jeffrey D. Prol, Esq.* (the "Prol Declaration"), a partner of Lowenstein Sandler, attached hereto as **Exhibit B**, and the *Declaration of Committee Chairperson in Support of Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Lowenstein Sandler LLP as Counsel, Effective as of October 25, 2019*, attached hereto as **Exhibit C**, and respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated February 29, 2012 (Sleet, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rules 2014-1 of the Local Rules.

## BACKGROUND

3. On October 14, 2019 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court") commencing the above-captioned chapter 11 case (the "Chapter 11 Case"). No trustee or examiner has been appointed in the Chapter 11 Case.

4. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage his properties and operate his businesses as debtor in possession.

5. On October 25, 2019, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. [Docket No. 45]. The Committee is comprised of five members: (a) Ping An Bank, Ltd., Beijing Branch, (b) China Minsheng Trust Co., Ltd., (c) Shanghai Leyu Chuangye Investment Management Center LP, (d)

Jiangyin Hailan Investment Holding Co., Ltd.., and (e) Shanghai Qichengyueming Investment Partnership Enterprise. On the same day, the Committee selected Lowenstein Sandler LLP to serve as its lead counsel and Potter Anderson Corroon LLP ("Potter Anderson") to serve as its Delaware counsel. The Committee subsequently selected Alvarez & Marsal North America, LLC ("Alvarez & Marsal") to serve as its financial advisor in the Chapter 11 Case.

6. The factual background regarding the Debtor is set forth in detail in the *Omnibus Declaration of Yueting Jia* filed on October 17, 2019 [Docket No. 18].

**RELIEF REQUESTED**

7. By this Application, the Committee respectfully requests the entry of an order authorizing and approving the employment and retention of Lowenstein Sandler as its counsel to perform legal services relating to the Chapter 11 Case, effective as of October 25, 2019.

8. The Committee believes that it is necessary to employ attorneys to render the professional services described herein, and that without such professional assistance, meaningful participation by the Committee in the evaluation of the Debtor's assets and the negotiation, promulgation and evaluation of any plan of reorganization would not be possible.

9. Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent an official committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Lowenstein Sandler has advised the Committee that Lowenstein Sandler does not hold or represent any other entity having an adverse interest in connection with the Chapter 11 Case, and does not have any connections with the Bankruptcy Judge presiding over the Chapter 11 Case, the United States Trustee for Region 3 or any person employed by the Office of the United States Trustee, except as set forth in the Prol

Declaration, submitted herewith and setting forth Lowenstein Sandler's connections with the Debtor, its creditors and other parties-in-interest.

10. The Committee selected Lowenstein Sandler because of its attorneys' experience and knowledge in bankruptcy matters. The Committee believes that Lowenstein Sandler is well qualified to represent the Committee in this Chapter 11 Case. Lowenstein Sandler has represented official committees of unsecured creditors in numerous chapter 11 cases in this District, including, without limitation: *In re: Fred's Inc.,* Case No. 19-11984 (CSS) (Bankr.D.Del. Sept. 9, 2019); *In re: SportCo Holdings, Inc.,* Case No. 19-11299 (LSS) (Bankr.D.Del. June 10, 2019); *In re: Southeastern Metal Products LLC,* Case No. 19-10989 (BLS) (Bankr.D.Del. May 6, 2019); *In re*: Orchids Paper Company, Case No. 19-10729 (MFW) (Bankr.D.Del. April 1, 2019); *In re*: Vitamin World, Inc.*,* Case No. 17-11933 (KJC) (Bankr.D.Del. Sept. 11, 2017); *In re*: Short Bark Industries, Case No. 17-11502 (KG) (Bankr.D.Del. July 10, 2017); *In re: CST Industries Holdings, Inc.*, Case No. 17-11292 (BLS) (Bankr.D.Del. June 9, 2017); *In re: Rupari Holding Corp.*, Case No. 17-10793 (KJC) (Bankr.D.Del. April 10, 2017); *In re: Lily Robotics, Inc.*, Case No. 17-10426 (KJC) (Bankr.D.Del. Feb. 27, 2017); *In re: Prestige Industries LLC*, Case No. 17-10186 (KG) (Bankr.D.Del. Jan. 30, 2017); *In re: Draw Another Circle, Ltd.*, Case No. 16-11452 (KJC) (Bankr.D.Del. June 13, 2016); *In re: Xtera Communications, Inc., et al.*, Case No. 16-12577 (KJC) (Bankr.D.Del. Nov. 15, 2016); *In re: Horsehead Holding Corp., et al.*, Case No. 16-10287 (CSS) (Bankr.D.Del. Feb. 2, 2016); *In re: Taylor-Wharton International, LLC,* Case No. 15-12075 (BLS) (Bankr. D. Del. Oct. 7, 2015); *In re: The Standard Register Company*, Case No. 15-10541 (BLS) (Bankr. D. Del. Mar. 12, 2015); *In re: Phoenix Payment Systems*, Case No. 14-11848 (MFW) (Bankr. D. Del. Oct. 29, 2014); *In re: Universal Cooperatives, Inc.*, Case No. 14-

11187 (MFW) (Bankr. D. Del. Jul. 8, 2014); *In re: Gridway Energy Holdings, Inc.*, Case No. 14-10833 (CSS) (Bankr. D. Del. May 28, 2014); *In re: Exide Technologies*, Case No. 13-11482 (KJC) (Bankr. D. Del. Aug. 6, 2013).

11. The professional services that Lowenstein Sandler will provide to the Committee include, but are not limited to:

- (a) advising the Committee with respect to its rights, duties, and powers in the Chapter 11 Case;

- (b) assisting and advising the Committee in its consultations with the Debtor relative to the administration of the Chapter 11 Case;

- (c) assisting the Committee in analyzing the claims of the Debtor's creditors and in negotiating with holders of claims;

- (d) assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor;

- (e) assisting the Committee in analyzing the plan and disclosure statement

- (f) assisting and advising the Committee regarding communications with unsecured creditors regarding significant matters in the Chapter 11 Case;

- (g) representing the Committee at hearings and other proceedings;

- (h) reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their propriety;

- (i) assisting the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives in the Chapter 11 Case, including without limitation, the preparation of retention papers and fee applications for the Committee's professionals, including Lowenstein Sandler;

- (j) preparing, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing; and

- (k) performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

5

12. Subject to the Court's approval, and pursuant to sections 328, 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and other procedures which this Court may fix, the Committee requests that Lowenstein Sandler be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Lowenstein Sandler incurs, in accordance with Lowenstein Sandler's ordinary and customary rates in effect on the date such services are rendered and such expenses are incurred.

13. Lowenstein Sandler's hourly rates are as follows:

| Partners of the Firm | $600 - $1,350 |
|---|---|
| Senior Counsel and Counsel (generally 7 or more years' experience) | $470 - $790 |
| Associates (generally less than 6 years' experience) | $370 - $640 |
| Paralegals, Practice Support and Assistants | $200 - $350 |

14. The hourly charges set forth above are based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates of the attorneys that will be primarily responsible for Lowenstein's representation of the Committee in this case range from $470 to $955. The hourly rates are subject to periodic adjustments, which occur annually on or about January 1, to reflect economic and other conditions. Lowenstein Sandler will advise the Committee, the Debtor and the United States Trustee of any increases in its hourly rates.

15. Lowenstein Sandler will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above. It is Lowenstein Sandler's policy to charge its clients in all areas of practice for all disbursements and expenses incurred in the rendition of services. These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying,

travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings (including transcripts).[2]

16. The Committee understands that any compensation and expenses paid to Lowenstein Sandler must be approved by the Court upon application consistent with the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, the Local Rules, the U.S. Trustee Guidelines, and any orders of the Court respecting compensation of professionals.

17. To the best of the Committee's knowledge, while Lowenstein Sandler may represent certain creditors of the Debtor on wholly unrelated matters, it does not represent any entity having an adverse interest in connection with the Chapter 11 Cases, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and does not represent or hold any interest adverse to the interests of the Debtor's estate with respect to the matters for which it is to be employed.

18. By separate application, the Committee is also seeking approval to employ Potter Anderson to serve as its Delaware counsel in this Chapter 11 Case and Alvarez & Marsal to serve as its financial advisor.

19. The Committee believes that if this Court approves the employment of Lowenstein Sandler and Potter Anderson, these firms will allocate their delivery of services to the Committee so as to avoid any unnecessary duplication of services. Moreover, the Committee believes that the efficient allocation of responsibility for legal matters in this Chapter 11 Case between Lowenstein Sandler and Potter Anderson will reduce the cost of monitoring this proceeding, as well as the time and expense associated with travel by Lowenstein Sandler with

---

[2] Lowenstein Sandler may hire temporary and/or contract attorneys who may perform services in connection with this Chapter 11 Case. Lowenstein Sandler submits that payments made to temporary/contract attorneys do not constitute a division or sharing of compensation that is prohibited by statute and makes this voluntary disclosure in an abundance of caution. Lowenstein Sandler will not charge a markup to the Committee with respect to fees billed by such attorneys and they will be recorded as an expense on Lowenstein Sandler's invoices.

respect to matters that can be handled by Delaware counsel. It is the carefully considered view of the Committee that, considering the size and complexity of these cases and the various interests involved, representation of the Committee by Lowenstein Sandler and Potter Anderson is necessary and in the best interests of the Committee.

20. The Committee is seeking to retain Lowenstein Sandler *nunc pro tunc* to October 25, 2019. Such relief is warranted by the extraordinary circumstances presented by this Chapter 11 Case. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986). Lowenstein Sandler was required to focus immediate attention on time-sensitive matters and promptly devote substantial resources to the representation of the Committee pending submission and approval of this Application.

## STATEMENT REGARDING U.S. TRUSTEE GUILDLINES

21. In accordance with the U.S. Trustee Guildlines, Lowenstein Sandler shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Case in compliance with section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankrutpcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Lowenstein Sandler also intends to make every effort to comply with the US. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guildlines, both in connection with this Application and the interim and final applications to be filed by Lowenstein Sandler in this Chapter 11 Case.[3]

---

[3] By their terms, the U.S. Trustee Guidelines "apply to the USTP's review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original Guidelines (the "Appendix A Guidelines") adopted by the EOUST in 1996. The Appendix A Guidelines have been a part of this Court's local procedures for years. In other chapter 11 cases where it has been retained, Lowenstein Sandler has filed its fee applications in compliance with the Appendix A Guidelines. Among other things, the U.S. Trustee Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 327 and compensation under section 330 of the Bankruptcy Code. As the U.S. Trustee Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority".

8

IMPAC 6487221v.2

22. As set forth in the Prol Declaration, the following is provided in response to the request for additional information contained in paragraph D.1. of the U.S. Trustee Guidelines:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No, Lowenstein Sandler has not agreed to any variation from its customary billing arrangements.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: Lowenstein Sandler's professionals included in this engagement have not varied their rate based on the geographic location of this Chapter 11 Case.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition period. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: Lowenstein Sandler did not represent the Committee prior to the Petition Date.

**Question:** Has your client approved your prospective budget and staffing plan and, if so, for what budget period?

Response: The Committee has reviewed Lowenstein Sandler's proposed hourly billing rates, budget and staffing plan. In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments in this Chapter 11 Case.

23. Lowenstein Sandler has advised the Committee that it intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines both in connection with this Application and the interim and final fee applications to be filed by Lowenstein Sandler in the course of its engagement. The Committee understands it is Lowenstein Sandler's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the EOUST to adopt

the U.S. Trustee Guidelines; however, in doing so, Lowenstein Sandler reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines in respect of any application for employment or compensation in this Chapter 11 Case that falls within the ambit of the U.S. Trustee Guidelines.

## **NOTICE**

24. Notice of this Application will be provided to: (a) counsel for the Debtor, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, Attn: Diana M. Perez, Esq., dperez@omm.com, Suzanne Uhland, Esq., suhland@omm.com, and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill, Esq., joneill@pszjlaw.com, Jeffrey W. Dulberg, Esq., jdulberg@pszjlaw.com, and Richard M. Pachulski, Esq., rpachulski@pszjlaw.com, (b) Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: David Buchbinder, Esq., david.buchbinder@usdoj.gov; and (c) all other parties that have requested notice pursuant to Bankruptcy Rule 2002.

25. No previous application for relief sought herein has been made to this or any other Court.

*[remainder of page intentionally left blank]*

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order, substantially in the form submitted herewith, authorizing the Committee to retain and employ Lowenstein Sandler as counsel to the Committee, effective as of October 25, 2019, and grant the Committee such other and further relief as the Court deems just or proper.

Dated: November 25, 2019

Respectfully submitted,

**The Official Committee of Unsecured Creditors of Yueting Jia**

By: _/s/ John Du_
John Du, Committee Chair, solely in his capacity as authorized representative of Committee member Ping An Bank and not in his individual capacity