**<u>EXHIBIT B</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YUETING JIA,[1] | Case No. 19-12220 (KBO) |
| Debtor. | |

**DECLARATION OF JEFFREY D. PROL IN SUPPORT OF APPLICATION**
**OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER**
**AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF**
**LOWENSTEIN SANDLER LLP AS COUNSEL, EFFECTIVE AS OF OCTOBER 25, 2019**

Jeffrey D. Prol hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a partner of the law firm of Lowenstein Sandler LLP ("Lowenstein Sandler"), which maintains offices in New York, New Jersey, California, Utah, and Washington, D.C.  I am an attorney at law, duly admitted and a member in good standing of the bars of the State of New York and New Jersey. I am admitted to this Court *pro hac vice*.

2.      This Declaration is submitted in support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor-in-possession (colletively, the "Debtor") for entry of an order authorizing and approving the Committee's employment and retention of Lowenstein Sandler as lead counsel to the Committee, effective as of October 25, 2019.

3.      The professional services that Lowenstein Sandler will provide to the Committee include, but are not limited to:

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

(a)    advising the Committee with respect to its rights, duties, and powers in the Chapter 11 Case;

(b)    assisting and advising the Committee in its consultations with the Debtor relative to the administration of the Chapter 11 Case;

(c)    assisting the Committee in analyzing the claims of the Debtor's creditors and in negotiating with holders of claims;

(d)    assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor;

(e)    assisting the Committee in analyzing the plan and disclosure statement

(f)    assisting and advising the Committee regarding communications with unsecured creditors regarding significant matters in the Chapter 11 Case;

(g)    representing the Committee at hearings and other proceedings;

(h)    reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their propriety;

(i)    assisting the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives in the Chapter 11 Case, including without limitation, the preparation of retention papers and fee applications for the Committee's professionals, including Lowenstein Sandler;

(j)    preparing, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing; and

(k)    performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

4.    As of the date of this Declaration, Lowenstein Sandler has not received a retainer or compensation in connection with its proposed representation of the Committee in this Chapter 11 Case.

IMPAC 6487230v.2

5.      Subject to the Court's approval, and pursuant to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules and any procedures which this Court may fix, Lowenstein Sandler shall seek compensation on an hourly basis, plus reimbursement of its actual and necessary expenses incurred, in connection with representing the Committee in this Chapter 11 Case.  Lowenstein Sandler's compensation shall be in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

6.      Lowenstein Sandler intends to apply to this Court for compensation for professional services rendered in connection with this Chapter 11 Case and such application shall be in compliance with applicable provisions of the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, and any Order of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Lowenstein Sandler. Lowenstein Sandler's hourly rates are as follows:

| | |
|---|---|
| Partners of the Firm | $600 - $1,350 |
| Senior Counsel and Counsel (generally 7 or more years' experience) | $470 - $790 |
| Associates (generally less than 6 years' experience) | $370 - $640 |
| Paralegals and Assistants | $200 - $350 |

7.      The hourly charges for the attorneys and legal assistants who will render services to the Committee are based upon the experience and expertise of the attorney or legal assistant involved.  The hourly rates set forth above are subject to periodic adjustments, which occur annually on or about January 1 each year, to reflect economic and other conditions.  Lowenstein Sandler will advise the Debtor, the Committee and the United States Trustee for the District of Delaware ( the "U.S. Trustee") of any increases in its hourly rates.

IMPAC 6487230v.2

8.      Lowenstein Sandler will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above.  It is Lowenstein Sandler's policy to charge its clients in all areas of practice for all disbursements and expenses incurred in the rendition of services. These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings (including transcripts).[3]

9.      In connection with its proposed retention by the Committee in this Chapter 11 Case, Lowenstein Sandler undertook to determine whether it had any contacts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors' estates and the interests of the Committee with respect to the matters on which it will be engaged.

10.      Lowenstein Sandler obtained the names of individuals and entities that may be parties in interest in these Chapter 11 Cases and such parties are listed on **Schedule 1** attached hereto (the "Potential Party List").  Lowenstein Sandler has searched its electronic database for its connections to the entities listed on the Potential Party List.

11.      Attached hereto as **Schedule 2** is a list of parties who appear on the Potential Party List who Lowenstein Sandler may currently represent or may have represented in the past on matters wholly unrelated to this Chapter 11 Case.

12.      To the best of my knowledge, none of the entities from the Potential Party List that appear on Schedule 2 have generated revenue for Lowenstein Sandler in an amount of one

---

[3] Lowenstein Sandler may hire temporary and/or contract attorneys who may perform services in connection with these Chapter 11 Cases. Lowenstein Sandler submits that payments made to temporary/contract attorneys do not constitute a division or sharing of compensation that is prohibited by statute and makes this voluntary disclosure in an abundance of caution.  Lowenstein Sandler will not charge a markup to the Committee with respect to fees billed by such attorneys and they will be recorded as an expense on Lowenstein Sandler's invoices.

IMPAC 6487230v.2

percent (1%) or more of Lowenstein Sandler's gross revenue in calendar years 2016, 2017 or 2018.

13.     Except as disclosed on Schedule 2 herein, neither I, Lowenstein Sandler, nor any member, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the Office of the U. S. Trustee, any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

14.     Except as disclosed on Schedule 2 herein, Lowenstein Sandler does not represent the Debtors, or any of the Debtors' current officers and directors, identified on the Potential Party List (as identified on Schedule 1).

15.     To the best of my knowledge, after diligent inquiry, Lowenstein Sandler is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as Lowenstein Sandler, its partners, counsel, and associates: (a) are not creditors, or insiders of the Debtor; (b) are not and were not, within two (2) years before the date of the filing of this Chapter 11 Case, a director, officer, or employee of the Debtor; and (c) do not represent or hold an interest adverse to the interests of the estate with respect to the matters in which Lowenstein Sandler is proposed to be employed.

16.     Lowenstein Sandler, which employs approximately 350 attorneys, has a large and diversified legal practice that encompasses the representation of, and representations adverse to many entities and individuals, some of which are or may consider themselves to be creditors or parties in interest in the Chapter 11 Case, or otherwise to have interests in this case.

5

17.     In addition, Lowenstein Sandler likely represents, and may in the future represent, creditors of the Debtor who have not yet been disclosed by the Debtor in matters unrelated to the Debtor, or this Chapter 11 Case.

18.     Lowenstein Sandler, from time to time, may work with, represent, engage, and receive referrals from the attorneys and financial advisors or consultants retained by the Debtor, the various lenders, the Committee or creditors of the Debtor. Lowenstein Sandler currently works with, and has in the past worked with the professionals engaged by the Debtos and the other professionals retained by the Committee on matters unrelated to the Debtor and this Chapter 11 Case.

19.     Lowenstein Sandler will not represent any entity other than the Committee in matters related to this Chapter 11 Case.

20.     No promises have been received by Lowenstein Sandler or any member, counsel, or associate thereof as to payment or compensation in connection with this Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code.  Lowenstein Sandler has no agreement with any other entity to share any compensation received by Lowenstein Sandler in connection with this Chapter 11 Case.

21.     The foregoing constitutes the statement of Lowenstein Sandler pursuant to Bankruptcy Rule 2014.

### STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

22.     As this Court is aware, the Executive Office for United States Trustees ("EOUST") recently adopted the new *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "Appendix B Guidelines").  By their terms, the Appendix B Guidelines "apply to

6

the USTP's review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original Guidelines (the "Appendix A Guidelines") adopted by the EOUST in 1996. The Appendix A Guidelines have been a part of this Court's local procedures for years. In other chapter 11 cases where it has been retained, Lowenstein Sandler has filed its fee applications in compliance with the Appendix A Guidelines.

23.     Among other things, the Appendix B Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 327 and compensation under section 330 of the Bankruptcy Code.  As the Appendix B Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority," and it remains to be seen how the Appendix B Guidelines will be incorporated into larger chapter 11 cases.

24.     Lowenstein Sandler intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Appendix B Guidelines both in connection with this Application and the interim and final fee applications to be filed by Lowenstein Sandler in the course of its engagement.  It is Lowenstein Sandler's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the EOUST to adopt the Appendix B Guidelines; however, in doing so, Lowenstein Sandler reserves all rights as to the relevance and substantive legal effect of the Appendix B Guidelines in respect of any application for employment or compensation in these cases that falls within the ambit of the Appendix B Guidelines.

## ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES

25.     The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Appendix B Guidelines.

IMPAC 6487230v.2

<u>Question</u>:        Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

<u>Response</u>:        No.

<u>Question</u>:        Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

<u>Response</u>:        No.

<u>Question</u>:        If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

<u>Response</u>:        N/A

<u>Question</u>:        Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

<u>Response</u>:        Yes. Lowenstein Sandler has provided the Committee with a budget for the period of October 25, 2019 through December 31, 2019, which the Committee has approved. In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changes or unanticipated developments in this Chapter 11 Case.

I hereby declare under the penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge, information and belief.


Dated: November 25, 2019                          */s/ Jeffrey D. Prol*
                                                  Jeffrey D. Prol, Esq.

**SCHEDULE 1**

**LIST OF INTERESTED PARTIES**

**Committee Members**
Ping An Bank Co., Ltd.
China Minsheng Trust Co., Ltd.
Shanghai Leyu Chuangye Investment
Management Center LP
Jiangyin Hailan Investment Holding Co.,
Ltd.
Shanghai Qichengyueming Investment
Partnership Enterprise

**Debtor**
Yueting Jia

**Local Counsel**
Potter Anderson & Corroon LLP

**Debtor's Counsel**
Pachulski Stang Ziehl & Jones LLP
O'Melveny & Myers LLP

**Debtor's Other Professionals**
EPIQ Corporate Restructuring, LLC

**Creditors**
Bank of Beijing Co., Ltd. (Xiangshuwan
Branch)
Beijing Chuangjin Xingye Investment
Center Limited Partnership
Beijing Haidian Technology Financial
Capital Holding Group Co., Ltd.
Beijing Huaxing Mobile Asset Management
Center LLP
Beijing Jiaxin Tengda Information
Consulting Co., Ltd.
Beijing Siwei Equity Investment
Management Center Limited Partnership
Beijing Yingda Capital Management Co.,
Ltd.
China Consumer Capital Partners II Limited
China Soft Growing Investment (Wuxi)
Partnership

China Zheshang Bank Co., Ltd. Beijing
Branch
Guotai Junan Securities Co., Ltd.
Honghu Da
Huitian Network Technology Co., Ltd.
Huizhou Speed & Second Curve Capital
Management Partnership Limited
Partnership
Jiangsu Hongtu Venture Capital
Management Co., Ltd.
Jiaxing Haiwen Investment Partnership
Limited Partnership
Jinan Rui Si Le Enterprise Management
Consulting Limited Partnership
Jinhua Zumo Network Technology Co., Ltd.
LeTV Film (Beijing) Co., Ltd.
Macrolink Group Holdings Co., Ltd.
Macrolink Holdings Co., Ltd.
Marvel Best Technology Limited
Nanjing Dejin Investment Management Co.,
Ltd.
Nanjing Kaen Industry and Trade Co., Ltd.
Ningbo Hangzhou Bay New Area Leran
Investment Management Partnership
Limited Partnership
Orient Securities Co., Ltd.
Oriental Light Consulting Limited
QC Investment Ltd.
Qingdao Huanghai Pharmaceutical Football
Club Co.
Quanzhou Ding's Investment Management
Co., Ltd
Sanpower (Hong Kong) Company Limited
Shanghai Biaopu Investment Management
Co., Ltd.
Shanghai Haiyue Investment Management
Co., Ltd.
Shanghai Junying Asset Management
Partnership Limited Partnership
Shanghai Lan Cai Asset Management Co.,
Ltd.
Shanghai Leyu Investment Center LP

Shenzhen Jincheng Commercial Factoring Co., Ltd.
Shenzhen Leshi Xingen Vertical Integration Ecology Fund Management Co., Ltd.
Shenzhen Winzhongtong Non-Financing Guarantee Co., Ltd.
Swift Talent Investments Limited
Tianjin Nord Investment Co., Ltd.
Weidong Zhu
Weihua Qiu
Wuhan Credit Loan Co., Ltd.
Wuxi Leyike Electric Vehicle Investment Enterprise Limited Partnership
Wuxi Puleyonghui Investment Enterprise LP
Xiamen Zejin Fangfu Investment Partnership Limited Partnership
Xinyu Dingfeng Yingtong Investment Management Center Limited Partnership
Yuanxin Xu
Zhijian Dong
Zhongtai Venture Capital (Shenzhen) Co., Ltd.
Zhongying (Tianjin) Supply Chain Management Service Partnership (Limited Partnership)
Changjiang Securities (Shanghai) Asset Management Ltd
China CITIC Bank Co., Ltd.
China Merchants Bank Co., Ltd. Shanghai
Chongqing Strategic Emerging Industry LeEco Cloud Special Equity Investment Fund Partnership
E-Town International Holding (Hong Kong) Co., Ltd.
Everbright Xinglong Trust Co., Ltd
Huafu Securities Co., Ltd.
Huarong Securities Co., Ltd.
Huaxin International Trust Co., Ltd
Linfen Investment Group Co., Ltd.
Ping An Securities Co., Ltd.
Shenzhen Yingda Capital Management Co., Ltd.
TWC Group Co., Ltd.
Western Securities Co., Ltd.
Xizang Jinmeihua Investment Co., Ltd
Zhejiang Zhongtai Chuangzhan Enterprise

**Judges/Court Staff**
Hon. Brendan L. Shannon
Hon. Christopher S. Sontchi
Hon. Kevin Gross
Hon. Kevin J. Carey
Hon. Laurie Selber Silverstein
Hon. Mary F. Walrath
Hon. Karen S. Owens
Hon. John T. Dorsey
Brady, Claire
Cavello, Robert
Farrell, Catherine
Gadson, Danielle
Haney, Laura
Johnson, Lora
Lopez, Marquietta
Scaruzzi, Sherry
Strupczewski, Karen
Szymanski, Cheryl
Walker, Jill
Werkheiser, Racherl

**U.S. Trustee/U.S. Trustee Staff**
Attix, Lauren
Buchbinder, David
Casey, Linda
Dice, Holly
Dortch, Shakima
Fox, Timothy
Giordano, Diane
Green, Christine
Hackman, Benjamin
Heck, Jeffrey
Leamy, Jane
McCollum, Hannah
O'Malley, James
Panacio, Michael
Richenderfer, Linda
Sarkessian, Juliet
Schepacarter, Richard
Serrano, Edith
Starr, Karen
Tinker, T. Patrick
Vara, Andy
Vinson, Ramona
Wynn, Dion

2

## **SCHEDULE 2**

## **CURRENT/FORMER REPRESENTED PARTIES**

None.