## EXHIBIT A

**Engagement Agreement**

CONSULTANCY AGREEMENT

This "CONSULTANCY AGREEMENT" is made on the 17th day of November 2019

BETWEEN:

Yueting Jia, as debtor and debtor in possession ("YT");

and

PQBDN LLC ("Consultant").

**WHEREAS:**

(A) YT holds interests in certain businesses, including YT's direct businesses and respective affiliated or associated entities. Including subordinated or controlling entities, subordinated or controlling companies, shareholders, persons, trusties, beneficiaries, staff, employees and management of YT's direct businesses and affiliated and associated entities, in total all of related parties and beneficiaries to YT (in combination defined as the "**Group**");

(B) The Consultant is an independent advisory company and provides financial, bankruptcy and restructuring advice (which shall include the Consultant or its designates acting in the position of Chief Restructuring Officer of YT and will also include a liquidation analysis, as needed) (the "**Services**") as requested;

YT wishes to engage the Consultant to provide the Services and the Consultant, which is an independent contractor, has agreed to provide the Services upon the terms of this Consultancy Agreement.

**NOW IT IS HEREBY AGREED** as follows:

1. **Definitions and Interpretation**

1.1 In this Consultancy Agreement, the following terms have the following meanings:

"**Commencement Date**" means November 17, 2019;

"**Service Fee**" shall be $90,000 (USD) for the period from the Commencement Date to November 30, 2019, $50,000 (USD) for December 2019, $40,000 (USD) for January 2020, and $25,000 (USD) per month thereafter for the Services for the period from February 2020 until the Termination Date, provided, however, that with respect to the Service Fees payable for March 2020 and subsequent months, the parties may mutually agree to revise the amount. The first three months Service Fees shall be paid on the later of (a) the Commencement Date and (b) the date Consultant's retention as set forth herein is approved by the Bankruptcy Court:

1.2 References to clauses and schedules are, unless otherwise stated, to clauses of and schedules to this Consultancy Agreement.

1.3 The headings to the clauses are for convenience only and shall not affect the construction or interpretation of this Consultancy Agreement.

2. **Engagement**

2.1 YT hereby engages the Consultant to provide the Services and the Consultant hereby agrees to provide the Services to YT on the terms and conditions contained in this Consultancy Agreement.

2.2 The Services provided by the Consultant shall be provided by Mr. Robert Brent Moon and the Consultant shall not assign or sub-contract such Services to any other person, firm, company or organization without the prior written consent of YT.

2.3 The advice given by Consultant engaged by YT under this "Consultancy Agreement" is given on a best efforts basis and is taken on by YT and the Group on behalf of YT and the Group at YT's risk and there shall not be any financial recourse by YT or the Group against the Consultant or any of its independent consultants or contractors for any fault other than any willful gross misconduct intended to defraud YT or the Group.

2.4 The Consultant shall report to YT or any employee of YT designated by YT.

2.5 This Consultancy Agreement does not constitute a guarantee of work, but any work offered by the

Consultant shall be covered by this Consultancy Agreement.

3. **Term**

3.1 This Consultancy Agreement shall commence on the Commencement Date and shall, subject to the provisions for termination hereinafter provided, be for a period of six months ("**Termination Date**") and shall be continuable thereafter if both YT and the Consultant mutually agree in writing to an extension of this Consultancy Agreement, as amended if necessary.

3.2 Prior to the Termination Date (as extended pursuant to Clause 3.1 above), YT may terminate this Consultancy Agreement by giving the Consultant one month's advance notice in writing.

3.3 Prior to the Termination Date (as extended pursuant to Clause 3.1 above, but no sooner than two months from the Commencement Date), the Consultant may terminate this Consultancy Agreement by giving YT one month's advance notice in writing.

4. **Duties**

4.1 YT has requested that Consultant perform the following services in connection with YT's chapter 11 case pending in the United States Bankruptcy Court for the District of Delaware ("**Bankruptcy Court**"), bearing Case No. 19-12220 (KBO):

   (a) assist YT in reviewing and negotiating any debtor in possession financing;

   (b) review YT's statements of financial affairs and schedules of assets and liabilities and, if necessary, assist YT with the preparation of any amendments to such statements and schedules;

   (c) serve as YT's foreign representative in any judicial or other proceedings in the British Virgin Islands or the Cayman Islands;

   (d) assist YT with any reporting required by the U.S. Trustee's office, including monthly operating reports;

   (e) investigate the acts, conduct, assets, liabilities, and financial condition of YT, any other matter relevant to the chapter 11 case or to the formulation and confirmation of a plan;

   (f) prepare a liquidation analysis in connection with any plan of reorganization proposed in the chapter 11 case. Such liquidation analysis may be used in a disclosure statement or referenced in any declarations and related matters;

   (g) as necessary, provide expert advice, analysis, evidence, and testimony (including valuation testimony) regarding financial matters related to the chapter 11 case;

   (h) meet with creditor groups, official constituencies, and other interested parties as YT and the Consultant mutually agree; and

   (i) provide such other financial advisory and restructuring services in connection with the chapter 11 case as the Consultant and YT may mutually agree upon.

4.2 During the term of this Consultancy Agreement, the Consultant shall:

   (a) use all reasonable endeavors to give priority to the work offered or requested by YT and so far as reasonably possible to accept assignments arranged by YT;

   (b) immediately disclose to YT any conflict of interest which arises in relation to the provision of the Services as a result of any present or future appointment, employment or other interest of the Consultant;

3

(c) travel to such places on such occasions as YT may from time to time reasonably require (as agreed with four weeks' notice) in connection with the provision of the Services;

5. **Consultant's Fees and Expenses**

5.1 Subject to approval by the Bankruptcy Court, in consideration for the provision of the Services, YT will pay the Consultant the Service Fee monthly in advance at the beginning of every monthly period of the engagement (on or before the 24th of each calendar month), with the exception that the first three months Service Fees shall be paid on the later of (a) the Commencement Date and (b) the date Consultant's retention as set forth herein is approved by the Bankruptcy Court and are not refundable due to early termination pursuant to Clause 3.2.

5.2 YT will reimburse to the Consultant such out of pocket expenses and travel expenses, necessarily incurred in the provision of the Services within 14 (fourteen) days of receipt of reasonably satisfactory evidence of expenditure.

6. **Other Activities**

During the term of this Consultancy Agreement, nothing in this Consultancy Agreement shall prevent the Consultant from providing its services to, or undertaking, any other business or profession or being or becoming a consultant or agent for some person, company or firm other than YT, or assisting or having any financial interest in any other business or profession provided that such activity does not cause a breach of any of the Consultant's obligations under this Consultancy Agreement.

7. **Confidentiality**

7.1 The Consultant acknowledges that in the ordinary course of performing the Services pursuant to this Consultancy Agreement he will be exposed to information about YT's or the Group's business and that of its clients or customers which amounts to a trade secret, is confidential or is commercially sensitive and which may not be readily available to others engaged in a similar business to that of YT or other members of the Group or to the general public.

7.2 The Consultant shall keep secret and shall not at any time either during this Consultancy Agreement, or after its termination, for whatever reason, use, communicate or reveal to any person for his own or another's benefit, any secret or confidential information concerning the business, finances or organization of YT or the Group, or their respective clients or customers which shall have come to his knowledge during the course of this Consultancy Agreement. The Consultant shall also use his best endeavors to prevent the publication or disclosure of any such information.

7.3 For the purposes of this Clause 7 and by way of illustration and not limitation, information will prima facie be secret and confidential if it is not in the public domain and relates to:

(a) methodology;

(b) business format;

(c) reporting templates;

(d) research and developments;

(e) clients and details of their particular requirements;

(f) pricing, profit margins, and other financial information; or

(g) marketing activities and current and future plans of YT and of entities in which YT holds a direct or indirect interest.

4

7.4 The restrictions contained in this Clause 7 shall not apply to:

    (a) disclosure authorized by YT or the Group or required in the ordinary and proper course of the implementation of this Consultancy Agreement or as required by the order of a court of competent jurisdiction or an appropriate regulatory authority; or

    (b) any information which the Consultant can demonstrate was known to the Consultant prior to the commencement of this Consultancy Agreement or is lawfully obtained by the Consultant after that date, from a source which is, as far as the Consultant is aware, unconnected with YT or the Group or is in the public domain otherwise than as a result of a breach of this clause;

    (c) any information that is identified in writing at the time of delivery as non-confidential by YT, the Group or its advisers.

7.5 Other than information to which the restrictions in this Clause 7 do not apply, all documents, materials, records, correspondence, papers, notes, memoranda, and information on whatever media and wherever located and whether or not confidential or a trade secret made by the Consultant relating to the business of YT or the Group or its clients, any magnetic discs on which information relating to the business of YT or the Group or its clients is stored and any keys or other property of YT or the Group or its clients shall be and remain the property of YT or the Group and the Consultant shall hand over to YT immediately on request in writing and in any event upon the termination of this Consultancy Agreement all such documents, information and other materials referred to in this Clause 7.5 if requested by YT in writing.

7.6 The Consultant shall, if requested in writing by YT, irretrievably delete (other than information to which the restrictions in this Clause 7 do not apply) any information relating to the business of YT or the Group or its clients stored in any magnetic or optical disc or memory and all matters derived from them which are in his possession, custody, care or control outside the premises of YT or the Group and in each case shall produce such evidence of deletion as YT may reasonably require.

## 8. Authority and Relationship of the Parties

8.1 The relationship of the Consultant to YT will be that of independent contractor. The Consultant shall not assume, create or incur any liability or obligation on behalf of YT (and acknowledges that the Consultant has no right to do so) save as specifically authorized in writing by YT.

8.2 The Consultant shall not, at any time after the termination of this Consultancy Agreement, either personally or by an agent directly or indirectly represent himself as being in any way connected with or interested in the business of YT save except that Consultant may describe himself as having worked on projects with YT.

8.3 This Consultancy Agreement constitutes a contract for the provision of services and not a contract of employment and accordingly the Consultant will be fully responsible for any tax and mandatory provident fund contributions and any other liability, deduction, contribution, assessment or claim arising from or made in connection with the performance by the Consultant of the Services.

8.4 None of the parties to this Consultancy Agreement is the partner of each other and nothing in this Consultancy Agreement shall render the Consultant an employee or a partner of YT.

## 9. Termination

9.1 Either party to this Consultancy Agreement shall have the right to terminate this Consultancy Agreement immediately by notice in writing to the other party if there is a material breach by the other party of any of the covenants obligations or stipulations to be performed or observed under this Consultancy Agreement;

9.2 YT shall have the further right to terminate this Consultancy Agreement forthwith by notice in writing to the Consultant upon the happening of any of the following events namely (but in no way as a result of

5

actions by YT or the Group):

(a) if the Consultant is convicted of any criminal offense other than a traffic offense or an offense which in the reasonable opinion of YT does not affect the Consultant's position under this Consultancy Agreement;

(b) if the Consultant becomes permanently incapacitated by accident or ill health from performing the Consultant's duties under this Consultancy Agreement and for the purposes of this sub-clause incapacity for three consecutive months shall be deemed to be permanent incapacity.

10. **Indemnity**

Subject to Bankruptcy Court approval, YT agrees to indemnify and keep indemnified without limit in point of time the Consultant in full form and against any and all liabilities, losses, damages, claims actions, proceedings, cost and expenses (including legal costs and expenses on a full indemnity basis) suffered or incurred by the Consultant in connection with or arising directly or indirectly from the performance by the Consultant of the Services or of his obligations under this Consultancy Agreement (but excluding any such liabilities, losses or damages arising directly from the gross negligence or willful default of the Consultant).

Each party shall indemnify and keep indemnified the other party from and against:

10.1 all costs, expenses, penalties, claims, demands and liabilities which the other party may incur or become liable by reason of any neglect or default of the indemnifying party; and

10.2 all actions, suits, proceedings, claims or demands of any nature whatsoever which may be taken or made against the other party arising from or in any way connected with the Services or performance of obligations under this Consultancy Agreement and which are caused by any neglect or default of the indemnifying party, however in no case shall the Consultant be liable for an amount in excess of the Service Fees received by the Consultant under the Consultancy Agreement

11. **Notices**

Any notice to be given by one party to the other shall be validly given if:

11.1 posted by prepaid registered post and correctly addressed to the party to be served, and shall be deemed served on the third working day after posting if it is a local mail or seventh day after posting if it is an international airmail;

11.2 For these purposes, the parties' details for service are as follows:

| | |
|---|---|
| YT's service address: | Faraday Future, 18455 S Figueroa St. Los Angeles, CA 90248 |
| With copy to: | Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 Attn: Richard M. Pachulski, Jeffrey W. Dulberg, Malhar S. Pagay |
| Consultant's service address: | PQBDN LLC 2801 E Chevy Chase Dr. Glendale, CA 91206 |

12. **Miscellaneous**

12.1 No term or provision of this Consultancy Agreement shall be varied or modified by any prior or subsequent statement, conduct or act of any party, except that hereafter the parties may amend this Consultancy Agreement only by letter or written instrument signed by all of the parties.

12.2 This Consultancy Agreement is the entire agreement and understanding between the parties in connection

with this Consultancy Agreement, subject to approval of the Bankruptcy Court.

12.3    This Consultancy Agreement may be entered into in any number of counterparts and by the parties to it on separate counterparts, each of which when so executed and delivered shall be an original, but all the counterparts shall together constitute one and the same instrument.

12.4    If at any time any term or provision in this Consultancy Agreement shall be held to be illegal, invalid or unenforceable, in whole or in part, under any rule of law or enactment, such term or provision or part shall to that extent be deemed not to form part of this Consultancy Agreement, but the enforceability of the remainder of this Consultancy Agreement shall not be affected.

12.5    This Consultancy Agreement is governed by the laws of The United States of America and the parties hereto hereby irrevocably submit for all purposes in connection with this Consultancy Agreement to the non-exclusive jurisdiction of the Bankruptcy Court.   .

IN WITNESS whereof this Consultancy Agreement has been duly executed by the parties hereto on the date of this document.

*[signature]*

YT
_____
Yueting Jia, debtor and debtor in possession

Consultant

*[signature]*
_____
Robert B Moon