IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12220-KBO<br><br>Hearing Date: December 18, 2019 at 10:00 a.m. (ET)<br>Obj. Deadline: December 2, 2019 at 4:00 p.m. (ET)<br><br>Re: D.I. 90 |

### SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S OBJECTION TO THE DEBTOR'S APPLICATION TO RETAIN O'MELVENY & MYERS LLP, AS SPECIAL CORPORATE, LITIGATION, AND INTERNATIONAL COUNSEL TO THE DEBTOR

Creditor Shanghai Lan Cai Asset Management Co, Ltd. submits this objection to Yueting Jia's ("Jia" or the "Debtor") *Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain O'Melveny & Myers LLP, as Special Corporate, Litigation and International Counsel to the Debtor Nunc Pro Tunc to the Petition Date* (the "Application") [Dkt. No. 90], and respectfully represents as follows:

The Debtor's proposed retention of O'Melveny & Myers LLP ("OMM") under Section 327(e) of the Bankruptcy Code should be rejected because the proposed scope of OMM's representation broadly covers matters relating to this bankruptcy case and the Debtor's proposed restructuring, taking the proposed retention well outside the purview of Section 327(e). Indeed, OMM's proposed retention significantly overlaps with the function that the Debtor's proposed bankruptcy counsel, Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), is supposed to serve.[1]

---

[1] *See* Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession *Nunc Pro Tunc* to the Petition Date [Dkt. No. 18].

{00027062. }    1

OMM's services, therefore, would not be for "a specified special purpose"—as Section 327(e) requires—and the Application must be subject to the more stringent requirements of Section 327(a) (under which it would fail).

The Application fails to meet the critical threshold requirement of Section 327(e) that retentions thereunder are limited to a "specified special purpose" that "*must not be related to the Debtor's reorganization* since this is tantamount to representing the Debtor in the conduct of the case." *See In re Camann*, No. 00-11090-JMD, 2000 WL 33679428, at *6 (Bankr. D.N.H. May 2, 2000) (emphasis added) (denying Section 327(e) retention because scope of representation included work in "representing the debtor in possession 'in conducting the case'").[2] Here, handling matters "related to the Debtor's reorganization" is precisely what Jia proposes OMM do. Not only did OMM play a core role in putting together his proposed plan of reorganization, but the firm would continue to do so under its proposed retention.[3] And OMM has demonstrated that it is directly handling other matters clearly relating to this bankruptcy case. For example, OMM, on behalf of the Debtor, threatened Shanghai Lan Cai and its counsel with an action for a claimed "willful and ongoing violation" of the automatic stay, if Shanghai Lan Cai did not affirmatively contact each non-debtor third-party recipient of pre-petition subpoenas to instruct them not comply

---

[2]     *See also In re Neuman*, 138 B.R. 683, 686 (S.D.N.Y. 1992) (holding that "among specified special purposes, those that involve representing the trustee in conducting the case *are ruled out for § 327(e)*" (emphasis added)); *In re Woodfield Gardens Assocs.*, No. 97 B 26706, 1998 WL 276453, at *14 (Bankr. N.D. Ill. May 28, 1998) ("[Section 327(e)] does not authorize the employment of the debtor's attorney to represent the estate generally or to represent the trustee in the conduct of the bankruptcy case." (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 328 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 38–39 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5824–25, 6284–85)); *In re Tidewater Mem'l Hosp., Inc.*, 110 B.R. 221, 228 (Bankr. E.D. Va.1989) (similar).

[3]     Specifically, "OMM has . . . worked *closely* with the Debtor and his other professionals on *various aspects of the restructuring of his debts* prior to the Petition Date, *including the formulation of* the exchange offer, *the creditor trust, the plan of reorganization, and the disclosure statement.*" *See* Application ¶ 9 (emphasis added).  Moreover, the Application proposes that OMM, going forward, "*will advise and counsel the Debtor in connection with any contemplated restructuring* in conjunction with PSZ&J, including the drafting of appropriate corporate documents with respect thereto, including *revisions of the plan of reorganization and disclosure statement*, which were drafted by OMM in connection with the prepetition exchange offer, and *counseling the Debtor in connection with the closing of such restructuring.*" *Id.* ¶ 11(b) (emphasis added).

with those subpoenas even though the non-debtor third-parties had already been notified of the stay.  *See* e-mail correspondence between OMM and Shanghai Lan Cai's counsel, Kobre & Kim LLP, a true and correct copy of which is attached hereto as Exhibit 1.

The Debtor's improper reliance on Section 327(e)'s less stringent retention requirements as a back-door method to retain secondary general restructuring counsel should be rejected.  *See In re Tidewater Mem'l Hosp., Inc.*, 110 B.R. 221, 228 (Bankr. E.D. Va.1989) (holding that proposed counsel who represented the debtor in the reorganization process cannot "bypass" the Section 327(a) disinterestedness requirement "through employment as special counsel"); *see also In re Neuman*, 138 B.R. 683, 686 (S.D.N.Y. 1992) ("[T]he fact that § 327(a) appointments must be disinterested suggests that disinterestedness is a requirement for anyone representing the trustee in conducting any part of the case.").  At a minimum, therefore, the Application must be subject to the requirements of Section 327(a).

Fatally, however, the Application cannot satisfy those requirements.  To start, OMM received the bulk of its fees—over $1 million—very shortly before the petition date.  *See* Declaration of Suzzanne Uhland in Support of the Application, Ex. B to the Application [Dkt No. 90-4] (hereinafter, the "Uhland Decl.") ¶ 7 (payments of $120,000, $179,668.97, and $1,196,246.71 on September 9, 2019, October 4, 2019 and October 14, 2019, respectively).  Only a "disinterested person"—that is, a person that "is not a creditor" and "does not have an interest materially adverse to the interest of the estate . . . for any other reason"—can be authorized as an estate professional under Section 327(a).  11 U.S.C. § 327(a); 11 U.S.C. § 101(14).  Controlling Third Circuit precedent holds that avoidable preference payments made to a debtor's Chapter 11 bankruptcy counsel pre-petition can disqualify that counsel from serving as Section 327(a) counsel because such payments result in a conflict between counsel and other creditors.  *See In re*

*Pillowtex, Inc.*, 304 F.3d 246, 247, 254 (3d Cir. 2002) (rejecting the effectiveness of a post-retention waiver of pre-petition fees incurred in the preference period).  In addition, OMM purports to simultaneously represent the majority ultimate shareholder of the Debtor's Faraday Future company that is at the heart of funding Jia's proposed reorganization plan, *see* Application ¶ 15, and OMM has received payments from a non-debtor entity seemingly controlled by the Debtor, *see* Uhland Decl. ¶ 7.

Indeed, the source of funding for payments totaling $1,575,915.68 that OMM has received to date is opaque and, accordingly, full disclosure concerning that source may give rise to impermissible conflicts of interest.  While OMM identifies the source of funding for OMM's retainer and fees paid to date as a secured loan issued to Jia by an entity called Pacific Technology Holding LLC ("Pacific Tech."),[4] and PSJ&Z has provided certain information to Shanghai Lan Cai concerning Pacific Tech,[5] Jia's notoriety with using entities held by nominees to hide assets is well-documented.  *See* Shanghai Lan Cai Asset Management Co, Ltd.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively (II) to Transfer Venue to the Central District of California [Dkt. No. 89], at 6–7; *see also* Shanghai Lan Cai Asset Management Co, Ltd.'s Preliminary Response to the Debtor's Chapter 11 Filing [Dkt. No. 22], at 5–6.  It is therefore not possible based on the limited information provided to confirm that OMM does not "hold an interest

---

[4]     *See* Uhland Decl. ¶ 7; *see also* Schedules of Assets and Liabilities and Statement of Financial Affairs [Dkt. No. 28], at 30.  The Debtor's Statement of Financial Affairs describes Pacific Tech. as an "investment holding company" whose bookkeeper/accountant is "unknown" and who paid almost $2.4 million to OMM and Jia's proposed bankruptcy counsel, PZS&J, in the year prior to the filing. *See id.* at 107, 112.  The loan of over $2 million for fees related to the restructuring, *see* Amended Disclosure Statement with Respect to Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Dkt. No. 94], at 40, came at a time when the Debtor had over $110 million in judgments/arbitration awards pending against him.

[5]     More specifically, PZS&J advised that Pacific Tech. received its funds from FF Global Partners LLC, which holds an 80% interest in Pacific Tech., through a promissory note secured by various property interests of Jia's.  Based on the information provided by PZS&J, moreover, the pledge of certain assets as collateral under the note appears to violate court order.  *See* Am. Civil Minutes Order, *Shanghai Lan Cai Asset Management Co, Ltd. v. Jia Yueting*, No. 18-cv-10255 SJO (MRWx) [Dkt. No. 79] (prohibiting Jia from "encumber[ing] . . . non-exempt assets").  Shanghai Lan Cai reserves all rights in this regard.

adverse to the debtor or to the estate with respect to the matter on which [it] is to be employed," 11 U.S.C. § 327(e), let alone confirm that OMM is a "disinterested person" within the meaning of Section 327(a), 11 U.S.C. § 327(a).

For the foregoing reasons, Shanghai Lan Cai respectfully requests that this Court deny the Application and grant such other and further relief as is just and proper.

Dated:   December 2, 2019

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Zhao Liu*
Frederick B. Rosner (DE # 3995)
Zhao (Ruby) Liu (DE# 6436)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email:  rosner@teamrosner.com
liu@teamrosner.com

-     and     -

**KOBRE & KIM LLP**

Daniel J. Saval, Esq.
Daniel.Saval@kobrekim.com
John Han, Esq.
john.han@kobrekim.com
Dong Ni (Donna) Xu, Esq.
Donna.Xu@kobrekim.com
800 Third Ave, Floor 6
New York, NY 10022
Tel: +1 212 488 1200
Fax: +1 212 488 1220

*Counsel for Shanghai Lan Cai Asset Management Co, Ltd.*