**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12220 (KBO)<br><br>**Hearing Date: December 18, 2019 at 10:00 a.m. (ET)**<br>**Objection Deadline: December 5, 2019 at 4:00 p.m. (ET)[2]**<br><br>Re: Docket No. 89 |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE TO
SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S MOTION (I) TO DISMISS
THE DEBTOR'S CHAPTER 11 CASE OR, ALTERNATIVELY, (II) TO TRANSFER
VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

The Official Committee of Unsecured Creditors (the "Committee") objects to the *Motion to Dismiss the Debtor's Chapter 11 Case or, Alternatively, to Transfer Venue to the Central District of California* (the "Motion") [D.I. 89] filed by Shanghai Lan Cai Asset Management Co, Ltd.'s ("SLC") and respectfully requests that the Motion be denied without prejudice.

**Background**

1. On October 14, 2019, the Debtor, Yueting Jia ("Jia") filed his chapter 11 petition and a "prepackaged" bankruptcy plan (the "Plan") [D.I. 4]. The Plan proposes to create and provide pro rata interests in a creditor trust that would hold Jia's sole disclosed asset, an indirect interest in an electric vehicle company founded by Jia, Faraday&Future, Inc. ("Faraday"). Jia holds indirect equity interests in Faraday through a chain of domestic and foreign entities, including Pacific Technology Holding LLC, West Coast LLC, and Smart King Limited. Pursuant to the Plan, unsecured creditors would receive interests in a creditor trust that would hold Jia's

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

[2] Extended for the Committee by agreement.

indirect economic interests in Faraday, but would have no control or influence over Faraday. Rather, creditors would only receive value from the trust upon the occurrence of an initial public offering (or other liquidity event, such as a sale) by Faraday. However, Faraday purportedly requires $850 million of incremental financing before it can begin even low-volume manufacturing of its halo product, the FF91 electric vehicle, much less reach the level of commercialization necessary to support an IPO.

2. Jia speculates that the cloud of his personal debt, totaling over three billion dollars, is preventing Faraday from securing additional financing and is the primary reason for this bankruptcy filing. Jia further speculates that he will run out of funding for this chapter 11 case and Faraday will be forced into liquidation unless he is able to quickly confirm a plan and receive a full discharge for himself and a third party release for his wife, Wei Gan, within the next several months. To that end, Jia initially sought to impose a remarkably abbreviated timeline in this chapter 11 case, including a November 8, 2019 deadline to submit votes on the Plan. Notably, Jia's 341(a) meeting will not even take place until December 6, 2019.

3. According to Jia's Status Report [D.I. 73], Jia abandoned the proposed voting deadline upon learning that the Plan would not have the support of the Committee and many of his creditors. Jia then filed an amended disclosure statement [D.I. 94] that is scheduled for hearing on the same day as SLC's Motion, December 18, 2019. As of the filing of this response, Jia has not filed an amended plan.

4. Jia is asking the creditor body to take a giant leap of faith and pin all of its hopes for recovery on the success of Faraday, a company that may have little or no present value. Jia asserts that he has no other assets to include in the creditor trust, and his Plan boldly seeks to release any and all claims the estate may have under section 544, 547, 548, 549, and 550 of the

Bankruptcy Code, with little or no explanation or valuation of any such causes of action in his Disclosure Statement.

5. Even assuming, *arguendo*, that Jia's stake in Faraday is legitimately the sole asset available for the creditor trust, it is imperative the Committee perform a financial analysis into Faraday's present and potential value and determine the likelihood that Faraday can secure additional financing if Jia's Plan is confirmed. Moreover, the Committee does not believe that chapter 5 causes of action can be waived or a third party release can be granted to Jia's wife unless and until an independent valuation of the potential claims and causes of action that are being released is completed and the Plan is modified to the extent necessary to either eliminate the proposed releases or ensure that the estate receives fair consideration for any releases that do remain in the Plan.

6. The Committee has repeatedly emphasized to Jia's counsel that an investigation into potential claims for the estate and a financial analysis of Faraday Future requires sufficient funding for the Committee to perform its fiduciary duties and complete transparency and cooperation by Jia and relevant third parties.

### Status of the Committee's Investigation

7. As of the filing of this response, the Committee's investigation is in a holding pattern due to Jia's failure to cooperate fully and promptly with the Committee's targeted discovery requests and substantial delays in providing adequate funding for the Committee.

8. The Committee was formed on October 25, 2019. On the same date, the undersigned counsel was selected to represent the Committee. Committee counsel immediately reached out to Jia's professionals to begin a discussion with respect to adequate funding for the

Committee's investigation and an overview of discovery the Committee would be seeking from Jia and related entities.

9. Despite Jia's promises to provide adequate funding and complete transparency, the Committee has yet to receive adequate funding or responses to outstanding discovery requests. Since the Committee's appointment, Jia repeatedly asked the Committee to immediately visit the Faraday Future facilities for a tour and face-to-face meetings with Jia, his professionals, and the executive team at Faraday. In good faith, prior to finalizing any funding for Committee expenses and professional fees, members of the Committee and Committee professionals traveled to Gardena, California for meetings on November 22, 2019. A Committee contingent also stayed for meetings on November 25, 2019 that were open to all creditors. Only after those meetings occurred was the first $50,000 of funding wired into escrow, which essentially covered the expenses related to that trip.

10. On December 2, 2019, more than a month after the Committee was formed, an additional $450,000 contribution was placed in escrow. To the best of the Committee's knowledge, these funds originated from Pacific Technology Holding LLC, an entity that Jia owns and controls. The parties continue to discuss additional piecemeal funding that may carry the investigation through the end of 2019. However, Jia has not yet filed a motion to approve debtor-in-possession financing, leaving the escrowed funds essentially inaccessible for the time being.

11. In the same vein, on November 6, 2019, the Committee sent to Jia a formal request for documents and information that had mostly already been discussed in prior conversation. Since then, documents have slowly trickled into the data room but insufficient documents have been produced to date for the Committee to assess the value of Faraday or its prospects for obtaining sufficient funding to bring its vehicle to market, or to assess the value of claims and causes of

action being waived and released under the Plan.  The lack of document production continues to stymie the Committee's investigation and has now made it impossible for the Committee to comply with the extremely tight timeline proposed by Jia for approval of his Disclosure Statement and solicitation of votes on the Plan.

12. The adequacy of Jia's Disclosure Statement cannot be considered and solicitation of votes on the Plan cannot commence until the Committee is given a reasonable opportunity and resources to complete its investigation into Faraday and what, if any, other assets, including chapter 5 claims, are available to the estate.  This is especially true given that Jia's Plan seeks a full release of claims not just against himself, but also those that may exist against his wife, Wei Gan.  Jia cannot realistically expect the Court to approve non-consensual third-party releases without Jia and his wife fully disclosing what claims are being released and what consideration is being provided for the release.

### Response to SLC's Motion

13. The Committee objects to SLC's request for dismissal or a transfer of venue to the Central District of California.

14. SLC's Motion for dismissal of this case was filed purely out of self-interest. Whereas a chapter 11 plan of reorganization would ensure equality of distribution among similarly situated creditors, dismissal would allow SLC to jump ahead of all other creditors and satisfy its arbitral award of approximately $11 million from Jia's assets, to the exclusion of all other creditors. This arbitral award, which may be avoidable in bankruptcy under the estate's avoidance powers, is only a fraction of a percent of the billions of dollars of claims against Jia.  The self-interest of SLC cannot outweigh the interest of the creditor body writ large.  Should it become clear that Jia will not commit to providing the funding and transparency necessary to run a chapter 11 case that

will maximize recoveries to creditors and ensure equality of distribution to similarly situated creditors, the Committee will likely seek dismissal or conversion of this chapter 11 case at the appropriate time. At this stage, however, such a request is premature.

15. Similarly, SLC's request to transfer venue should be denied. Jia's interest in Faraday Future, the principal asset in this case, exists through West Coast LLC, a Delaware entity, which creates a legitimate nexus for the District of Delaware to be the proper venue for this case. Notably, SLC, the holder of a modest claim against Jia, is *the only creditor* seeking a transfer of venue.[3] SLC's desire to move this case to California does not outweigh the Debtor's choice of venue, the preference of the remainder of Jia's creditor body, or the interests of all other stakeholders that have chosen to not contest properly laid venue in Delaware.

## Conclusion

16. The Court should deny SLC's Motion without prejudice, reserving the rights of all parties in interest to seek dismissal or conversion if Jia ultimately fails to cooperate with the Committee's ongoing investigation. The Committee believes a successful plan of reorganization is possible if Jia immediately commits to transparency and complies with the Committee's reasonable requests for adequate funding and appropriate, targeted discovery. A thorough investigation of assets that may be available to the estate and into Faraday Future is unquestionably in the best interest of creditors. Dismissal or conversion to chapter 7 at this point would be premature, and granting any of the relief SLC seeks through the Motion would drastically reduce the odds of any meaningful recovery by any of Jia's unsecured creditors other than SLC

---

[3] On December 5, 2019, Nancheng O-Film Photoelectric Technology Co., Limited and Nancheng O-Film Global (HK) Trading Limited filed a joinder to SLC's Motion [Docket No. 110], but did not join in the Motion with respect to the transfer argument.

| | |
|---|---|
| Dated: December 5, 2019<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Aaron H. Stulman*<br>Christopher M. Samis (No. 4909)<br>L. Katherine Good (No. 5101)<br>Aaron H. Stulman (No. 5807)<br>POTTER ANDERSON & CORROON LLP<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801-3700<br>Telephone:  (302) 984-6000<br>Facsimile:  (302) 658-1192<br>Email:  csamis@potteranderson.com<br>           kgood@potteranderson.com<br>           astulman@potteranderson.com<br><br>– and –<br><br>Jeffrey D. Prol, Esq.<br>Andrew D. Behlmann, Esq.<br>Jeremy D. Merkin, Esq.<br>LOWENSTEIN SANDLER LLP<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Telephone: (973) 597-2500<br>Facsimile:  (973) 597-2400<br>Email:  jprol@lowenstein.com<br>           abehlmann@lowenstein.com<br>           jmerkin@lowenstein.com<br><br>*Proposed Counsel for the Official Committee of Unsecured Creditors* |