IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YUETING JIA,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 19-12220-KBO<br><br>Hearing Date: 12/18/2019 @ 10:00 a.m. (ET)<br><br>RE: D.I. 89 |

**JOINDER IN
SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S MOTION
(I) TO DISMISS THE DEBTOR'S CHAPTER 11 CASE OR, ALTERNATIVELY,
(II) TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership) ("SQ") hereby joins in Shanghai Lan Cai Asset Management Co, Ltd.'s *Motion (I) To Dismiss The Debtor's Chapter 11 Case Or, Alternatively, (II) To Transfer Venue To The Central District Of California* [D.I. 89] (the "Motion to Dismiss"). SQ joins for several reasons set forth in the Motion:

1. Jia's principal U.S. connections are in California, and specifically within the Central District of California. He resides in Rancho Palos Verdes. Likewise, it is his *California*-domiciled electric car company, Faraday Future ("Faraday"), that he proposes in his Plan as the source of recovery for his creditors. He also intends to remain in an executive management role at Faraday, *in California*.

2. Jia's claimed "reorganization purpose" for this case revolves around the financial and operational rehabilitation of *Faraday,* which is not a debtor in this case. *See* Disclosure Statement [D.I. 5], at 7-8 (noting that Jia "believes that it is imperative to consummate the Restructuring as swiftly as possible in order to enable [Faraday] to obtain the necessary financing and reestablish normal relationships with suppliers and other parties that do business with . . .

[Faraday]"). There is plainly no authority for this Court to turn these proceedings into a *de facto* Chapter 11 case for Faraday, and this Court should decline Jia's request that it do so.

3. His creditors are overwhelmingly located in China—*including all of the creditors on the Debtor's list of the largest 20 unsecured claims.*[1] Those creditors' claims are overwhelmingly governed by Chinese law. Nevertheless, the Debtor seeks to use a U. S. Chapter 11 proceeding—in a legal system unfamiliar to his creditors, in a language unfamiliar to his creditors, and in a court halfway around the world from his creditors—to discharge of all of his debts.

For all the reasons set forth in the Motion, SQ joins in the Motion.

Dated: December 10, 2019

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Zhao Liu*
Frederick B. Rosner (DE # 3995)
Zhao (Ruby) Liu (DE# 6436)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email: rosner@teamrosner.com
liu@teamrosner.com

-and-

**DENTONS US LLP**

Jinshu John Zhang, Esq.
John A. Moe, Esq.
john.zhang@dentons.com
john.moe@dentons.com
601 S. Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Telephone: +1 213.623.9300
Facsimile: +1 213.623.9924

*Counsel to Shanghai Qichengyueming Investment Partnership Enterprise (Limited Partnership)*

---

[1] *See* Official Form 101 Voluntary Petition for Individuals Filing for Bankruptcy [D.I. 1], at 9-13.