IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> YUETING JIA,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 19-12220-KBO <br><br> Hearing Date:  December 18, 2019 at 10 a.m. (ET) <br> Obj. Deadline:  December 11, 2019 at 4 p.m. (ET) <br><br> Re:  D.I. 18 |

### SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S OBJECTION TO THE DEBTOR'S APPLICATION TO RETAIN PACHULSKI STANG ZIEHL & JONES LLP

Creditor Shanghai Lan Cai Asset Management Co, Ltd. submits this objection to Yueting Jia's ("Jia" or the "Debtor") *Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession* Nunc Pro Tunc *to the Petition Date* (the "Application") [Dkt. No. 18] and respectfully submits as follows:

The Application suffers from a critical flaw that must be addressed as required by Section 327(a) of the Bankruptcy Code:  the lawfulness and mechanics behind the funding for Pachulski Stang Ziehl & Jones LLP's ("PSZ&J") substantial $1 million retainer which appears to have been funded by the Debtor in a manner in violation of a federal district court order.  The Application should therefore be denied or otherwise held in abeyance unless and until PSZ&J and/or the Debtor are able to provide additional information concerning that loan and the security interest granted thereunder.

---

[1]  The last four digits of the Debtor's federal tax identification number are 8972.  The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

{00027190. }

The source of funding for PSZ&J's retainer is a secured loan Jia obtained in October 2019 (shortly before the bankruptcy filing) from an entity over which he appears to have control called Pacific Technology Holding LLC ("Pacific Tech."). *See* Application 6 n. 3.[2]  The underlying promissory note for the loan[3] grants Pacific Tech. a security interest in "all" of Jia's interests in an exhaustive laundry list of personal property.  In addition, the actual UCC Financing Statement that documented the security grant identified as the security interest "*[a]ll assets of Debtor*, whether now or hereafter existing, whether tangible or intangible, whether now owned or hereafter acquired, wherever the same may be located."[4]  Likewise, Jia's schedules of assets and liabilities similarly identify a broad swath of collateral securing the Pacific Tech. loan.  *See* Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs [Dkt. No. 28], at 27.[5]

Jia's grant of this security interest – which encumbers the *entirety* of Jia's assets – and his subsequent transfer of the loan proceeds to PSZ&J clearly violated a September 3, 2019 order entered by the U.S. District Court for the Central District of California in the pre-petition enforcement proceeding brought by Shanghai Lan Cai against Jia (the "September 3, 2019 Order").[6]  The September 3, 2019 Order expressly *enjoined* Jia from "transfer[ring]",

---

[2]  The Debtor's Statement of Financial Affairs describes Pacific Tech. as an "investment holding company" whose bookkeeper/accountant is "unknown" and who paid almost $2.4 million to PSZ&J and Jia's other proposed lead counsel, O'Melveny & Myers LLP, in the year prior to the filing.  *See* Schedules of Assets and Liabilities and Statement of Financial Affairs [Dkt. No. 28] at 107, 112.

[3]  A true and correct copy of the October 18, 2019 promissory note between Jia and Pacific Tech (the "Note") is attached as **Exhibit 1.**  Shanghai Lan Cai received a copy of the Note from PSZ&J in late November after requesting certain information from PZS&J concerning the loan.

[4]  A true and correct copy of the UCC Financing Statement is attached as **Exhibit 2**.

[5]  Identifying the collateral as "[a]ccounts; chattel paper; money; deposit accounts; documents; general intangibles; goods, instruments; investment property; letter-of-credit rights; records; commercial tort claims; proceeds."  *Id.*  In addition, the "date the debt was incurred" appears erroneously identified as "10/11/18" rather than, as PSZ&J noted during the Section 341(a) meeting, the correct date of "10/11/19."

[6]  A true and correct copy of the September 3, 2019 Order is attached as **Exhibit 3** (emphasis added).  Assets that are considered "exempt" under California state law include only modest sums, such as, for example, a homestead exemption up to the amount of $175,000 depending on the circumstances, *see* Cal. Civ. Proc. § 704.730(a), or up to

"encumber[ing]" or "otherwise mak[ing] unavailable—either personally or through instructions to another—*any* non-exempt assets up to the value of the Court's judgment." Exhibit 3, at 3-4. The proceeds of the loan, therefore, seemingly were obtained in violation of the September 3, 2019 Order. At a minimum, this puts PZS&J as the recipient of a potentially unlawful transfer and conflicted in investigating the circumstances surrounding the loan and the relationship between Pacific Tech. and Jia (which, at the Section 341 meeting, PSZ&J attorneys described as "confidential" in nature), and being adverse to that entity. PSZ&J thus has not demonstrated – as Section 327(a) requires – that the firm qualifies as a "disinterested person" within the meaning of Section 101(14). *See* 11 U.S.C. § 327(a) (limiting retentions to "disinterested persons"); 11 U.S.C. § 101(14) (limiting definition of "disinterested person" to exclude those who have "an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of . . .[an] indirect relationship to, connection with, or interest in, the debtor, or for any other reason").

Therefore, Shanghai Lan Cai respectfully requests that the Application be denied, or, alternatively, be held in abeyance unless and until PSZ&J provides an explanation as to why the funding for this Chapter 11 case was not unlawfully obtained.

---

$2,300 in the aggregate equity in motor vehicles, *see id*. § 704.010(a). The promissory note evidencing the loan states that the security interests provided by Jia are purportedly subject to the September 3, 2019 Order. However, the Order's restrictions on Jia's encumbrance of assets contain no carve-outs beyond that for "exempt" assets, and Jia neither apprised the California federal court of the pledge of assets nor requested that the Court grant relief from the terms of the September 3, 2019 Order in order to provide that pledge.

{00027190. }                                    3

Dated:  December 11, 2019

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Zhao Liu*
Frederick B. Rosner (DE # 3995)
Zhao (Ruby) Liu (DE# 6436)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email:  rosner@teamrosner.com
liu@teamrosner.com

-    and    -

**KOBRE & KIM LLP**

Daniel J. Saval, Esq.
Daniel.Saval@kobrekim.com
John Han, Esq.
john.han@kobrekim.com
Dong Ni (Donna) Xu, Esq.
Donna.Xu@kobrekim.com
800 Third Ave, Floor 6
New York, NY 10022
Tel: +1 212 488 1200
Fax: +1 212 488 1220

*Counsel for Shanghai Lan Cai Asset Management Co, Ltd.*