# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12220-KBO<br><br>Hearing Date: December 18, 2019 at 10 a.m. (ET)<br>Obj. Deadline: December 11, 2019 at 4 p.m. (ET)<br><br>Re: D.I. 104, 105 |

**SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S OBJECTIONS TO (A) THE DEBTOR'S MOTION TO (I) RETAIN PQBDN LLC TO PROVIDE THE DEBTOR A CHIEF RESTRUCTURING OFFICER AND (II) DESIGNATE ROBERT MOON AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTOR *NUNC PRO TUNC* TO NOVEMBER 17, 2019 AND (B) THE DEBTOR'S MOTION FOR AN ENTRY TO AN ORDER AUTHORIZING ROBERT MOON TO ACT AS FOREIGN REPRESENTATIVE PURSUANT TO SECTION 1505 OF THE BANKRUPTCY CODE**

Creditor Shanghai Lan Cai Asset Management Co, Ltd. submits this objection to Yueting Jia's ("Jia" or the "Debtor") *Motion to (I) Retain PQBDN LLC to Provide the Debtor a Chief Restructuring Officer and (II) Designate Robert Moon as Chief Restructuring Officer for the Debtor Nunc Pro Tunc to November 17, 2019* (the " Retention Motion") [Dkt. No. 104] and to the *Debtor's Motion for Entry of an Order Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of the Bankruptcy Code* (the "Foreign Representative Motion" and, together with the Retention Motion, the "Motions") [Dkt. No. 105], and respectfully represents as follows:

In a belated attempt to imbue his bankruptcy filing with legitimacy, Jia filed the Retention Motion, seeking this Court's approval of his engagement of a chief restructuring officer ("CRO")

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

{00027189. }

under Section 363(b) of the Bankruptcy Code. The appointment, however, accomplishes no such goal and, in any event, such approval would be premature. For the reasons set forth in Shanghai Lan Cai's pending motion to dismiss Jia's case, *see* Shanghai Lan Cai Asset Management Co, Ltd.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively (II) to Transfer Venue to the Central District of California [Dkt. No. 89], and, as a matter of judicial efficiency and economy, the Court should first determine whether this case should be dismissed or, alternatively, transferred to the Central District of California.

Moreover, the Motions further underscore that, through his individual Chapter 11 process, Jia is seeking to restructure and salvage corporate entities *that could have but did not file for bankruptcy protection*, either here in the U.S. *or* in China, and therefore are not subject to the disclosure requirements and transparency required under the Bankruptcy Code. *See id.* ¶ 19 (pointing out that Jia's claimed reason for filing for bankruptcy protection is to procure financing for *Faraday*). Indeed, the engagement letter itself makes clear that the advice by Mr. Moon will be given not only to Jia but also to various entities he controls, related parties and beneficiaries,[2] and also permits Jia, among other things, to request in writing that Mr. Moon destroy certain documents related to such entities and individuals.[3] None of authority cited by either Motion involves a CRO appointed for the purpose of overseeing the business operations and finances of an *individual* who has filed for Chapter 11—indeed, such a retention would be unprecedented. *See* Retention Motion ¶ 30 (cases applying section 363(b) for the retention of professions such as CROs

---

[2]   *See* Ex. A to the Motion [Dkt. No. 104-2] at 3 (defining the "Group" to include "direct businesses and respective affiliated or associated entities," as well as "subordinated or controlling entities, subordinated or controlling companies, shareholders, persons, trusties, beneficiaries, staff, employees and management of [Jia's] direct businesses and affiliated and associated entities, in total all of related parties and beneficiaries to [Jia]"); *id.* (noting that advice from Mr. Moon will be "taken on by the Group").

[3]   *See id.* § 7.6 (Mr. Moon "shall, if requested in writing by [Jia], irretrievably delete . . . any information [to which the confidentiality provisions apply] relating to the business of [Jia] or the Group or its clients . . . and in each case shall produce such evidence of deletion as [Jia] may reasonably require.").

in the context of *corporate debtors* only); Foreign Representative Motion ¶ 11 (foreign representatives appointed in corporate entities' bankruptcy proceedings).  Likewise, Mr. Moon's expertise appears to be in the corporate and M&A arena.  *See* Retention Motion ¶ 10 (experience in, among other things, mergers and acquisitions and operational restructuring).  Jia's back-door attempt to obtain the benefits of the Bankruptcy Code for entities that he controls but are not themselves debtors in bankruptcy should be rejected.[4]

For these reasons, Shanghai Lan Cai respectfully requests that this Court deny the Motions or, alternatively, at a minimum, hold the Motions in abeyance until the gating issues concerning dismissal and transfer are first decided, and that this Court grant any other relief as the Court deems just and proper.  Shanghai Lan Cai otherwise reserves all rights concerning Jia's proposed retention of Mr. Moon and his role in this Chapter 11 case.

Dated:   December 11, 2019

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Zhao Liu*
Frederick B. Rosner (DE # 3995)
Zhao (Ruby) Liu (DE# 6436)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email:  rosner@teamrosner.com
liu@teamrosner.com

---

[4]     Indeed, courts have cautioned against the use of Section 363(b) as a means to retain professionals in a manner that is intended to immunize them from Court oversight.  *See, e.g.*, *In re Copenhaver, Inc.*, 506 B.R. 757, 762 (Bankr. C. D. Ill. 2014) (noting that "of particular concern is the suggestion that retention under § 363(b) may limit a court's oversight of the conduct and compensation of the employed person" and that therefore "the procedures required by § 327 should be followed in order to further the policies of ensuring that employed persons are impartial and that the costs and administrative expenses of a case remain subject to judicial oversight").  This is particularly true, where, as here, the apparent purpose of the bankruptcy filing is to protect not just Jia himself but the corporate entities he controls.

- and -

**KOBRE & KIM LLP**

Daniel J. Saval, Esq.
Daniel.Saval@kobrekim.com
John Han, Esq.
john.han@kobrekim.com
Dong Ni (Donna) Xu, Esq.
Donna.Xu@kobrekim.com
800 Third Ave, Floor 6
New York, NY 10022
Tel: +1 212 488 1200
Fax: +1 212 488 1220

*Counsel for Shanghai Lan Cai Asset Management Co, Ltd.*