**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Yueting Jia,<br><br>          Debtor. | Chapter 11<br><br>Case No. 19-12220-KBO<br><br>Hearing Date:  December 18, 2019 @ 10:00 a.m.<br>Objection Deadline:  December 11, 2019 @ 4:00 p.m. |

**UNITED STATES TRUSTEE'S RESPONSE TO MOTION OF SHANGHAI LAN CAI ASSET MANAGEMENT CO. LTD'S MOTION TO (I) DISMISS THE DEBTOR'S CHAPTER 11 CASE OR, ALTERNATIVELY, (II) TO TRANSFER VENUE TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA (D.E. 89, "MOTION")**

Andrew R. Vara, the Acting United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, responds to Shanghai Lan Cai Asset Management Co. Ltd's Motion to (I) Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the United States Bankruptcy Court for the Central District of California (D.E. 89, "Motion").  The U.S. Trustee respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.     The Court may transfer venue of a case to another proper district in the interests of justice or for the convenience of the parties. The U.S. Trustee respectfully submits that both of these factors favor transferring venue to the United States Bankruptcy Court for the Central District of California.  Venue in California is in the interests of justice because substantially all of the Debtors' assets and employees appear to be located there. Creditors and parties in interest will be able to be heard and to exercise their rights more efficiently and cost-effectively in California.

2.     Upon information and belief, the Debtor has never done business in Delaware;

1

none of the Debtors' assets are located in Delaware; few, if any, of the Debtors' books and records are kept in Delaware; and Delaware has little, if any, interest in the Debtor's activities or this case. Not one single entity listed in the Creditor Matrix has an address in Delaware. There are virtually no addresses in the Creditor Matrix that are not in China or the Central District of California. The Debtor's primary business activities are located in California. In short, when the relevant factors are considered, substantially all strongly favor the transfer of these cases to the United States Bankruptcy Court for the Central District of California.[1]

## JURISDICTION

3. Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this objection.

4. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307 gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

5. The U.S. Trustee has standing to be heard on this matter pursuant to 11 U.S.C. § 307.

## BACKGROUND

6. On October 14, 2019, the Debtor filed his chapter 11 petition in this Court. The Debtor is acting as a Debtor-in-Possession. The Debtor filed his Chapter 11 Prepackaged Plan of

---

[1] The U.S. Trustee reserves the right to take a position on the movan't request for dismissal of the bankruptcy case based on they evidentiary record established at the hearing on the Motion.

Reorganization Under Chapter 11 of the Bankruptcy Code ("Plan", D.E. 4) on the Petition date, along with an accompanying Disclosure Statement ("Disclosure Statement, D.E. 5).  November 5, 2019 was set as a hearing date on a Motion for a Combined Hearing but this was withdrawn on November 8, 2019 at D.E. 77.  On November 8, 2019, the Debtor withdrew the matters originally noticed.  On November 15, 2019, the Debtor filed an Amended Disclosure Statement ("Amended Disclosure Statement or "ADS", D.E. 94) and re-noticed the hearing for December 18, 2019.  On December 4, 2019, the Debtor filed a plan solicitation procedures motion (D.E. 109).  On October 17, 2019, the Debtor filed his Statements and Schedules (D.E. 28, "Statements and Schedules").

7. On October 25, 2019 the U.S. Trustee appointed an Official Committee of Unsecured Creditors.

8. On December 6, the U.S. Trustee presided at the Meeting of Creditors held pursuant to Section 341(a) of the Bankruptcy Code. This meeting has been adjourned to January 7, 2020.

9. According to paragraph 7 of the Omnibus Declaration of Yueting Jia in Support of the retention applications (D.E. 19, "Jia Declaration"), the Debtor is: "… the founder of several technology companies.  I am the current CEO and majority shareholder of the Company, an American start-up technology company focused on the development of electric vehicles (Jia Declaration at ¶ 7).

10. Faraday & Future, Inc. was incorporated in the State of California in May 2014. Headquartered in Los Angeles, California, the Company was formed to design and develop smart electric vehicles and mobility ecosystem (Disclosure Statement at page 42).[2]  The address of Faraday & Future, Inc., is 18455 S. Figueroa Street, Gardena, CA  90248 (Statements and

---

[2] Page references to docketed pleadings are to the page number of the docket entry unless otherwise noted.  This same statement appears on page 20 of the ADS.

Schedules at page 97). The Company has not generated revenues since its inception in 2014 and has not commenced production of any model as of the Petition Date as set forth on page 48 of the Disclosure Statement and 54 of the ADS where the Debtor states: "FF is in its development stage. It has not generated revenue since its inception in 2014 and has not commenced production of any model as of the date of this Disclosure Statement."

11. Two Delaware entities allegedly hold interests in Faraday & Future, Inc. (Disclosure Statement at page 39; ADS at page 24.) FF Global Partners, LLC was formed on December 27, 2018. The U.S. Trustee has learned that the Debtor has no interest in this entity. West Coast, LLC. was formed on July 23, 2019. On page 102 of the Disclosure Statement, the Debtor states: "YT has entered into a nominee agreement with Ms. Bossert pursuant to which Ms. Bossert is the record owner of all the membership interests in West Coast and has all the voting rights associated with such membership interests. YT retains the economic interest with respect to all of the membership interests of West Coast."[3] Thus, as of the filing date, the Debtor himself had record title to no assets in Delaware.

12. The Debtor resides in the State of California. The Debtor's principal assets in the United States are located in California.

13. The Debtor's residence, located at 91 Marguerite Drive, Rancho Palos Verdes, California, is about 32 miles from the U.S. Bankruptcy Court for the Central District of California in downtown Los Angeles while it is more than 2700 miles from the U.S. Bankruptcy Court for the District of Delaware. Thus, appearing in California is more convenient for the parties than appearing in Delaware.

---

[3] The U.S. Trustee has learned that Bossert is the daughter of an employee of the Debtor.

14. Pages 117 through 125 of the Debtor's Statements and Schedules identify 56 pending or concluded litigations. Forty of the listed litigations are identified as concluded or settled. The pending matters are taking place primarily in the United States or China. All but one of the pending U.S. litigations is taking place in California.

## ARGUMENT

### I. Delaware is an Improper Venue for this Case

15. 28 U.S.C. § 1408 sets forth where venue of bankruptcy cases may be laid:

> Except as provided in section 1410 of this title [pertaining to cases ancillary to foreign proceedings], a case under title 11 may be commenced in the district court for the district—
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
>
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408.

16. Federal Rule of Bankruptcy Procedure 1014 provides:

> If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

5

17.     Delaware is not a proper venue for this case. The Debtor is neither domiciled or is a resident of Delaware. The Debtor's principal assets are located in California. Of the two entities that appear to have been formed in Delaware, the Debtor has advised the U.S. Trustee he has no interest in FF Global Partners and does not hold legal title to the entity newly formed on the eve of bankruptcy, West Coast LLC.

A.     **Transferring the Chapter 7 Cases to the United States Bankruptcy Court for the Central District of California Would be in the Interest Of Justice**

18.     If venue is proper in multiple districts under Section 1408, a party-in-interest may seek to have the case transferred to another proper venue. *See* 28 U.S.C. § 1412 ("A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."); *see also In re Statewide Theatres Corp.*, 4 F.Supp. 86, 87 (D. Del. 1933) (finding expansive standing for parties to challenge venue when noting "'parties in interest' include not only general unsecured creditors but secured creditors, the bankrupt, and every other party whose pecuniary interest is affected by the proceedings").

19.     The Court may transfer venue where: (a) the transfer is in the interest of justice; or (b) for the convenience of the parties. *See* 28 U.S.C. § 1412; *see also In re Northfield Labs. Inc.,* 467 B.R. 582, 590 (Bankr. D. Del. 2010) (Shannon, J.) ("Section 1412 is phrased in the disjunctive and a proceeding is subject to transfer upon a sufficient showing that either the interest of justice or the convenience of the parties is met."); *and In re LaGuardia Assocs., L.P.*, 316 B.R. 832, 837 (Bankr. E.D. Pa. 2004) ("It has been observed that § 1412 is [ ] written in the disjunctive, making transfer of venue appropriate *either* in the interest of justice *or* for the convenience of parties, and that statutory provision creates two distinct analytical bases upon which transfer of venue may be grounded.") (citation omitted) (emphasis in original).

20. Both parts of this disjunctive test are satisfied. The Debtor's residence and principal assets are located in Los Angeles County, California, where the United States Bankruptcy Court for the Central District of California is located. The United States Bankruptcy Court for the Central District of California is as well-suited, or better-suited, to handle the numerous California-specific issues that will inevitably arise in these cases, such as his exemptions, community property issues, issues relating to the real property in which the Debtor resides.

21. Delaware courts consider a host of factors, weighing those factors differently based on the facts and circumstances of each case: (1) plaintiff's original choice of forum; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) location of books and records and/or the possibility of viewing premises, if applicable; (5) convenience of the parties as indicated by their relative physical and financial condition; (6) convenience of the witnesses; (7) enforceability of the judgment; (8) practical considerations that would make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two *fora* resulting from congestion of the courts' dockets; (10) the public policies of the *fora*; (11) the familiarity of the judge with the applicable state law; and (12) the local interest in deciding local controversies at home. *See Zazzali v. 1031 Exch. Grp. (In re DBSI, Inc.)*, 478 B.R. 192, 194-95 (Bankr. D. Del. 2012); *see also Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995) (listing factors within the context of 28 U.S.C. § 1404(a)); *In re Innovative Commc'n Co., LLC*, 358 120, 126-27 (Bankr. D. Del. 2006) (holding the *Jumara* factors relevant to transfers of venue in the context of section 1412). In addition, courts also have "discretion to consider other private and public interest factors." *In re Qualteq, Inc.*, No. 11-12572, 2012 WL 527669, at *5 (Bankr. D. Del. Feb. 16, 2012) (KJC). Considered both individually and collectively, these factors

overwhelmingly weigh in favor of granting the relief requested in the Motion.

22. Of the factors that Courts consider, "[i]t is oft-repeated that the factor accorded the most weight is promotion of the economic and efficient administration of the estate." *Id.,* at *6; *see DBSI,* 478 B.R. at 198 (noting that the forum in which the debtor has its primary operations is favored); *DHP Holdings II Corp. v. The Home Depot, Inc. (In re DHP Holdings II Corp.),* 435 B.R. 264, 275 (Bankr. D. Del. 2010) (transferring venue after noting that "[u]ltimately, however, the most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate") (citation and quotations omitted). Promotion of the economic and efficient administration of the estate is also the central factor considered when evaluating the interest of justice. *See Qualteq*, 2012 WL 527669, at *6; *see Laguardia Assocs.,* 316 B.R. at 837 ("[T]he 'interest of justice' component of § 1412 is a broad and flexible standard which must be applied on a case-by-case basis. It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness ......") (*quoting Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.*), 896 F.2d 1384, 1391 (2d Cir. 1990)); *see also Northfield Labs.,* 467 B.R. at 590 (listing the factors typically considered in relation to the "interests of justice" test to "include: (i) whether transfer promotes the economic and efficient administration of the bankruptcy estate; (ii) whether transfer facilitates judicial efficiency; (iii) whether the parties will receive a fair trial in either venue; (iv) whether either forum has an interest in deciding the controversy; (v) whether transfer would affect enforceability of any judgment rendered; and (vi) whether the plaintiff's original choice of forum should be disturbed"). In applying this test, a court "must consider what will promote the efficient administration of the estate, judicial economy, timeliness and fairness." *Qualteq,* 2012 WL 527669, at *6 (citation

omitted).

23. At the very least, efficiency and fairness dictate this case be transferred to the Central District of California. Substantially all of the Debtors' principal assets are located in California, most if not all of the material witnesses are located in California, a fact that weighs heavily in favor of transferring these cases to the Central District of California. *See In re Lakota Canyon Ranch Dev.*, LLC, No. 11 03739-8, 2011 WL 5909630, at *3 (Bankr. E.D.N.C. June 21, 2011).

24. Although some of the Debtors' professionals may have to travel farther, or participate telephonically, the Debtor's professionals all have offices in California. Three members of the California Bar who are members of the firm representing the Debtor have filed *Pro Hac Vice* applications with this court. If venue is transferred, these professionals would not need to incur travel expenses to appear in Delaware, saving the estate thousands of dollars for even a single court appearance. Since the Debtor has indicated that the estate may be administratively insolvent, it is essential to economize administrative expenses in this case.[4]

25. The vast majority of the creditor body in this case is located in the People's Republic of China ("PRC"). Not one single creditor listed on the creditor matrix has an address in Delaware. Of the identified litigations pending on the Petition Date, all but one in the United States is located in a court in California.

---

[4] No Monthly Operating reports are on file. The October report due on November 20 has not been filed. Pages 11-12 of the Schedules (DE 28) disclose cash assets on hand of $110,634.68. Of this total, $29,719.75 is reported frozen in China. $65,585.34 has been claimed exempt, leaving unencumbered cash as of the filing date of $15,329.59. Page 33 of DE 94, the Amended Disclosure Statement contains a paragraph entitled DIP Facility: "In the near term, the Debtor will be filing a motion for approval of postpetition financing. After the commencement of the chapter 11 case, the Debtor and his advisors contacted several potential lenders regarding the Debtor's postpetition financing needs. Ultimately, the Debtor determined that obtaining financing from Pacific Technology, an affiliate of the Debtor (the "DIP Facility"), provided the most favorable terms to the Debtor under the circumstances. With the liquidity available from the DIP Facility, the Debtor can stabilize his affairs and pay his postpetition expenses, including administrative expense claims. Please review the motion to approve the DIP Facility for further details regarding the DIP Facility." As of December 10, 2019, no DIP Motion has been filed.

26.     The effect of transfer on the ability for the parties to receive a fair trial is, at best, neutral. While the U.S. Trustee is confident both courts would fairly apply the uniform laws of the Bankruptcy Code, a California bankruptcy court will have at least as much experience applying the California state laws that will most likely arise in these cases. Also, based on the Debtor's substantial connections to the State of California, California is the forum that has a clear interest in adjudicating this case .

27.     While the Debtors' venue choice may be given some weight, all of the remaining relevant factors overwhelmingly favor transfer. Accordingly, the "Court [should] accord [ ] little weight to [the Debtors'] chosen forum . . . ." *Northfield Labs.,* 467 B.R. at 591; *see Clark v. Chrysler Grp., LLC*, No. 10-3030, 2010 WL 4486927, at *9 (Bankr. E.D. Pa. Nov. 5, 2010) ("consider[ing] Plaintiff's choice of forum and the convenience afforded to Plaintiff in allowing the parties to litigate the matter in Pennsylvania" but nevertheless transferring the action to the Bankruptcy Court for the Southern District of New York because plaintiff's choice of forum was "outweighed by" those factors that promoted venue transfer in the interest of justice and for the convenience of the parties); *Doehler-Jarvis L.P. v U.S. Die Casting & Devel. Co.,* 1993 WL 96528, at *2 (noting that "[s]ome deference must be given" to plaintiff's forum choice, but, where "nearly every other factor which enters into the transfer of venue equation favors" transfer, the court will transfer venue); *In re Ocean Props. of Del., Inc.,* 95 B.R. 304, 305 (Bankr. D. Del. 1988) (granting motion to transfer venue after explaining that, although "the debtor's choice of forum is entitled to 'great weight'" where venue is proper, a venue transfer motion "requires balancing this factor with several others," including "the proximity of the court to interested parties as well as the location of assets, the economics of administering the estate and the relative economic harm to debtor and other interested parties").

28. Additionally, an element of judicial economy is whether either court has an advantage on the "learning curve" relevant to the case. *See In re EB Capital Mgmt.* LLC, No. 11-12646, 2011 WL 2838115, at *5-6 (Bankr. S.D.N.Y. July 14, 2011) (granting motion to transfer venue after finding, *inter alia*, that "there has been no 'learning curve' in this case because this is the first motion pending before the Court."). This case is more than two months old but the December 18 hearing in this case will be the first hearing. This Court likely has not yet had the opportunity to familiarize itself with the complexities of the Debtor's financial affairs. As such, in the interest of promoting judicial economy, the U.S. Trustee submits that these cases should be transferred to California as soon as possible to avoid unnecessary expenditures of this Court's time and resources.

29. The United States Bankruptcy Court for the Central District of California is the local court for the Debtor, his assets, his business interests, and employees. These cases would benefit from being in "a venue where the judge presiding would more likely have active familiarity with the community and the milieu in which the [Debtors operate]. *See In re B.L. of Miami, Inc.,* 294 B.R. 325, 332 (Bankr. D. Nev. 2003).

30. Considering all of the relevant factors, and focusing on promotion of the economic and efficient administration of the estates, which Delaware courts consider the most important factor in weighing the interest of justice, these cases should be transferred to the Central District of California.

**B.     Convenience of Parties Favors Transferring Chapter 7 Cases to Central District of California**

31. While the U.S. Trustee believes the "interest of justice" test is satisfied and justifies transfer of the Debtors' case to the Central District of California, the "convenience of the parties" test provides an independent basis for transferring the Chapter 7 Cases to the Central

District of California. When evaluating whether a transfer of venue would further the convenience of the parties, courts in this district typically consider: "(i) the location of the plaintiff and defendant; (ii) the ease of access to necessary evidence; (iii) the convenience of witnesses; (iii) the availability of subpoena power; and (iv) the expense of obtaining unwilling witnesses." *Northfield Labs.,* 467 B.R. at 591 (focusing on where the causes of action arose, the company's primary place of business, the location of the company's business records, and the location of the parties to the action when determining the "convenience of the parties"); *see CORCO,* 596 F.2d at 1242 (articulating what has been come to be known as the "CORCO factors"); *Qualteq*, 2012 WL 527669, at *6, n.8 (noting that courts have adopted the "wellworn 'six-factor' test" that considers (a) proximity of creditors of every kind to the court; (b) proximity of the debtor; (c) proximity of witnesses who are necessary to the administration of the estate; (d) the location of the debtor's assets; (e) the economic administration of the estate; and (f) the necessity for ancillary administration in the event of liquidation).

32.     Despite the Debtor's tenuous at best connections with Delaware, his residence, principal assets in the United States, business activities, books and records exist almost exclusively in California, as do witnesses.

33.     That two of the entities related to the Debtor were formed in Delaware should bear little weight in determining the convenience of the parties. *See Innovative Commc'n*, 358 B.R. at 127-28 (granting motion to transfer venue after weighing the interest of justice and convenience factors and explaining that "the place of incorporation is not the controlling factor" in the court's analysis); *In re Ofia Realty Corp.*, 74 B.R. 574, 577 (Bankr. S.D.N.Y. 1987) (granting motion to transfer after finding that the debtor's only connection to New York was its corporate registration and the residence of the debtor's sole shareholder and president, meaning

Dallas was the proper venue, since its "managing agent, its assets and its creditors are located [in Dallas] and [that is] where its business transactions were conducted").

34. The Debtor's residence and principal assets in the United States are located in California. There is pending litigation in California. Given that substantially all of the Debtor's assets, business operations, books and records, residence, and employees are located in California, the convenience of the parties weighs in favor of transferring the Chapter 7 Cases to the Debtors' home state, where parties to the pending actions can participate in the bankruptcy proceedings. *See Northfield Labs*., 467 B.R. at 590 (determining that convenience of the parties is best served by trying cases in the forum where the alleged misconduct giving rise to those claims occurred, especially where a number of parties to the proceedings were residents of that forum, the defendant's principal place of business and business records were located there, and many of the defendants were present in that forum); *In re Cont'l Airlines, Inc.,* 133 B.R. 585, 588 (Bankr. D. Del. 1991) (considering the "inconvenience and additional expense in defending [a] suit in a distant forum" as factors favoring venue transfer).

35. Based on the location of the Debtors' assets, residence, employees, books and records, and potential witnesses, the convenience of the parties overwhelmingly favors granting the relief requested in this Motion.

## CONCLUSION

WHEREFORE, for the reasons stated herein, the U.S. Trustee respectfully requests that this Court enter its Order, pursuant to 28 U.S.C. §§ 1408 and 1412, Bankruptcy Rule 1014, and Section 105(a) of the Bankruptcy Code transferring this case to the United States District Court for the Central District of California; and (ii) granting the U.S. Trustee such other and further

relief as this Court may deem just and proper.

                Respectfully submitted,

                A**NDREW R. VARA**
                **ACTING UNITED STATES TRUSTEE**
                **REGION 3**

                By: */s/ David L. Buchbinder*
                David L. Buchbinder, Esq. Office
                of the United States Trustee
                J. Caleb Boggs Federal Building
                844 N. King Street, Room 2207, Lockbox 35
                Wilmington, DE 19801
                (302) 573-6491 (Tel.)
Dated:  December 11, 2019      (302) 573-6497 (Fax)
                Email: David.l.Buchbinder@usdoj.gov