# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YUETING JIA,[1] | Case No. 19-12220 (KBO) |
| Debtor. | Re: Docket No. 100 |

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO OCTOBER 30, 2019

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an order pursuant to sections 328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Alvarez & Marsal North America, LLC (together with its and its affiliates' and wholly owned subsidiaries' respective agents, independent contractors, and employees, "A&M"), as financial advisor to the Committee, effective as of October 30, 2019; and upon the Newman Declaration; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that A&M does not represent any adverse interest in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; it is hereby

ORDERED that:

1. The Application is approved as set forth therein.

---

[1] The last four digits of the Debtor's federal tax identification number is 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

IMPAC 6487277v.2

2.      In accordance with Bankruptcy Code sections 328 and 1103, the Committee shall employ and retain A&M *nunc pro tunc* to October 30, 2019, as its financial advisor on the terms set forth in the Application without the need for any further action on the part of A&M or the Committee to document such retention.

3.      The terms of A&M's engagement, as set forth in the Application, including, without limitation, the compensation provisions and the indemnification provisions, are reasonable terms and conditions of employment and are hereby approved. However, any of the Debtor's obligations to indemnify A&M are subject to the following:

(a) all requests by A&M for the payment of indemnification as set forth in this Order shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Application and this Order and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall A&M be indemnified in the case of its own bad faith, gross negligence or willful misconduct (including self-dealing);

(b) in no event shall A&M be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order (which final order is no longer subject to appeal) that such claim arose out of A&M's own bad faith, self-dealing, gross negligence or willful misconduct; and

(c) in the event A&M seeks reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to this Order, the invoices and supporting time records from such attorneys shall be included in A&M's own applications, both interim and final, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the

Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4. A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court.

5. To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

6. The Committee is authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order or A&M's services for the Committee.

Dated: December 12th, 2019
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

IMPAC 6487277v.2