IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YUETING JIA,[1] | ) | Case No.: 19-12220 (KBO) |
| | ) | |
| Debtor. | ) | **Related Docket Nos. 18, 128** |

**DEBTOR'S REPLY TO SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S OBJECTION TO THE DEBTOR'S APPLICATION TO RETAIN PACHULSKI STANG ZIEHL & JONES LLP**

Yueting Jia, the debtor and debtor in possession (the "Debtor" or "YT") in the above-captioned chapter 11 case (the "Chapter 11 Case") hereby replies to *Shanghai Lan Cai Asset Management Co, Ltd.'s Objection to the Debtor's Application to Retain Pachulski Stang Ziehl & Jones LLP* [Docket No. 128] (the "SLC Objection"), filed by Shanghai Lan Cai Asset Management Co., Ltd. ("SLC"), in response to the Debtor's *Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 18] (the "Application"), pursuant to which the Debtor seeks to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as general bankruptcy counsel for the Debtor *nunc pro tunc* to the Petition Date (as defined therein).

In support of the Application, the Debtor relies on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, and (ii) the *Declaration of Richard*

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

*Pachulski in Support of Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* (the "<u>Pachulski Declaration</u>"), which were submitted concurrently with the Application.

In response to the Objection and in support of the Application, the Debtor respectfully states the following:

1.  SLC's sole complaint over PSZJ's retention as general insolvency counsel for the Debtor relates to the Firm's receipt of its prepetition retainer which SLC alleges "appears to have been funded by the Debtor in a manner in violation of a federal district court order." SLC Objection, 1.

2.  With respect to its prepetition retainer, as set forth in the Application and Pachulski Declaration, PSZJ represented: "In the one year preceding the Petition Date, PSZJ has received payments from Pacific Technology Holding LLC ("<u>PTH</u>") on behalf of the Debtor, totaling $1 million, which amount is inclusive of the Debtor's filing fees for this Chapter 11 Case." and "The Debtor is a borrower under that certain Secured Promissory Note (as amended and restated) with PTH, pursuant to which, prior to the Petition Date, the Debtor caused certain proceeds of such loan to be paid directly to his insolvency professionals, including PSZJ. PTH is indirectly owned by the Debtor." Application, 6 at ¶ 12 and n. 3.

3. In the Objection, SLC references the Order Granting Petitioner's Application for Preliminary Injunction, dated September 3, 2019 (the "<u>SLC Injunction Order</u>"), entered in SLC's prepetition litigation against the Debtor, which states in relevant part:

> The Court GRANTS [SLC's] Motion and issues a preliminary injunction, enjoining [the Debtor] from taking any step to transfer, conceal, reduce, encumber, or otherwise make unavailable – either personally or through instructions to another – any non-exempt assets up to the value of this Court's judgment against [the Debtor]. The property that is subject to this injunction includes:
>
> 1. Jia's beneficial interest in Faraday & Future Inc., of which the immediate owner is FF Top Holding Limited;
> 2. Jia's beneficial interest in the property located at [address redacted], of which the immediate owner is Ocean View Drive, Inc.;
> 3. Jia's beneficial interest in the property located at [address redacted], of which the immediate owner is Ocean View Drive, Inc.;
> 4. Jia's beneficial interest in the property located at [address redacted], of which the immediate owner is Ocean View Drive, Inc.;

SLC Objection, Ex. 3, III. at 4.[2]

4. By definition, the Debtor's incurrence of debt via the loan obtained from PTH does not constitute an act to "transfer, conceal, reduce, encumber, or otherwise make unavailable … any non-exempt assets" of the Debtor.

5. However, SLC contends, the Debtor's granting of a security interest to PTH constitutes such an act because it "encumbered" the Debtor's assets. Despite it being explicitly set forth in the note that SLC attaches to its own papers,[3] SLC fails to recognize that

---

[2] SLC's judgment against the Debtor is in the amount of RMB 83,337,726.91, plus interest as of April 1, 2019, of RMB 32,510,958.91, for an aggregate amount of RMB 115,848,685.82 (or US$16,501,485.65 at today's exchange rate), plus post-judgment interest.

[3] The note attached as Exhibit 1 to the SLC Objection is not a postpetition loan to the Debtor. It is intended to correct an erroneous amount set forth on the Amended and Restated Secured Promissory Note between the Debtor and PTH, dated October 13, 2019, attached hereto as **Exhibit "A"**.

3

the note from PTH was made explicitly, clearly and conspicuously subject to the SLC Injunction Order:

> **This security grant is subject in all respects to the Minute Order entered September 3, 2019 in Case No: 2:18-CV-10255 SJO (MRWx) in the United States District Court for the District Court of the Central District of California.**

SLC Objection, Ex. 1, 4 at III(a) (Emphasis in the original).

      6.      Therefore, the Debtor's loan from PTH and any security interest purported to be granted in connection therewith does not violate the SLC Injunction Order. Indeed, to the contrary, the encumbrance created by the security interest granted to PTH explicitly recognizes and is subject to the SLC Injunction Order.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached to the Application, (i) overruling the SLC Objection, (ii) approving the retention of PSZJ and (iii) granting the Debtor and PSZJ such other and further relief as is just and proper.

Dated: December 13, 2019
      Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

  */s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Tel:   (302) 652-4100
Fax:  (302) 652-4400
Email: rpachulski@pszjlaw.com
        jdulberg@pszjlaw.com
        mpagay@pszjlaw.com
        joneill@pszjlaw.com

Proposed Attorneys for Debtor and Debtor in Possession