## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
                                          :
In re:                                    :   Chapter 11
                                          :
YUETING JIA,[1]                           :   Case No. 19-12220 (KBO)
                                          :
                            Debtor.       :   Hearing Date: December 18, 2019 at 9:00 a.m. (ET)
                                          :
                                          :   Re: Docket No. 90
                                          :
------------------------------------------------------------ x
```

**REPLY IN SUPPORT OF DEBTOR'S APPLICATION PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1 FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF O'MELVENY & MYERS LLP, AS SPECIAL CORPORATE, LITIGATION, AND INTERNATIONAL COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Yueting Jia, the debtor and debtor in possession (the "Debtor") in the above-captioned Chapter 11 Case (the "Chapter 11 Case") submits this reply in support of the *Debtor's Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, And Local Rule 2014-1 for An Order Authorizing the Retention And Employment of O'Melveny & Myers LLP, as Special Corporate, Litigation, And International Counsel to the Debtor Nunc Pro Tunc to the Petition Date* [Docket No. 90] (the "Application")[2] and in response to *Shanghai Lan Cai Asset Management Co, Ltd.'s Objection to the Application* [Docket No. 106] (the "SLC Objection"). The Debtor respectfully requests that the Court overrule the SLC Objection and grant the Application for the reasons set forth below.

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

[2] All capitalized terms used but not defined in this reply shall have the meanings used in the Application.

## PRELIMINARY STATEMENT

1.     The Debtor seeks Court approval to retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as general bankruptcy counsel and O'Melveny & Myers ("OMM") as special corporate, litigation, and international counsel. This dual-firm structure brings efficiency to the Debtor's Chapter 11 Case, the purpose of which is to implement the transfer of the Debtor's assets to a liquidating trust for the benefit of his creditors. Due to the uniquely corporate driven nature of the Debtor's proposed restructuring, OMM, as prepetition corporate, litigation, and international counsel to the Debtor, played a large role in working through the myriad trust, tax, and securities law issues that had to be resolved before the plan of reorganization could be formulated. The majority of this work was done prepetition in connection with the exchange offer that preceded the filing of the Chapter 11 Case. OMM also represented the Debtor in prepetition litigation filed by certain creditors, including Shanghai Lan Cai Asset Management Co, Ltd. ("SLC"), and has familiarity with many of the issues that are now arising in this Chapter 11 Case. OMM's employment during the pendency of this Chapter 11 Case is a continuation of the work performed by OMM prepetition. To deny the Application and replace OMM would increase, as opposed to decrease, costs. Among other things, it would require PSZ&J to duplicate work already performed by OMM to get up to speed on certain issues, thereby unnecessarily depleting the limited resources of the Debtor's estate, and reducing creditor recoveries.

2.     To be clear, OMM has made all required disclosures with respect to the prepetition payments received by OMM and the sources of such payments. As provided in the Uhland Declaration, OMM is not a creditor, equity holder, or insider of the Debtor, nor does it hold any interests adverse to the Debtor. Thus, OMM satisfies not only the requirements of section 327(e) of the Bankruptcy Code but also section 327(a).

## ARGUMENT

I. **OMM IS NOT SEEKING TO BYPASS SECTION 327(A) OF THE BANKRUPTCY CODE**

3.      SLC argues that the Debtor seeks to evade the more stringent requirements for retention of OMM under section 327(a) of the Bankruptcy Code by moving under section 327(e). SLC Objection at 3. This is simply not true. While OMM's retention satisfies the requirements of section 327(a), the Debtor is seeking to retain OMM under section 327(e) to continue the corporate, litigation, and international work that OMM performed prepetition for the Debtor in connection with the formulation of the Debtor's plan of reorganization. The Debtor could have sought to retain OMM as its main bankruptcy counsel under section 327(a) of the Bankruptcy Code; however, the Debtor chose to limit OMM's retention for efficiency purposes and as a cost-saving endeavor.

4.      Unlike section 327(e) of the Bankruptcy Code, section 327(a) requires a professional to be "disinterested." 11 U.S.C. § 327(a). A disinterested person is someone who "is not a creditor, an equity security holder, or an insider." 11 U.S.C. § 101(14)(a). As disclosed in the Uhland Declaration, because the Debtor does not owe OMM any money for services rendered prepetition, OMM is not a creditor of the Debtor. *See* Uhland Declaration ¶ 8. Moreover, none of OMM's attorneys is an equity security holder or an insider of the Debtor. *Id.* ¶ 16.

5.      SLC objects to OMM's retention on the basis that OMM received fees prior to the Petition Date and that such payments could constitute an avoidable preferential transfer, which would make OMM a creditor of the Debtor. SLC Objection at 3. SLC's reliance on *In re Pillowtex, Inc.*, 304 F.3d 246, 247, 254 (3d Cir. 2002) in support of its objection is misplaced. In *Pillowtex*, the Third Circuit held that "where there has been a facially plausible claim of a substantial preference, the [bankruptcy court] cannot . . . [approve] retention conditional on a later determination of the preference issue." *Pillowtex*, 304 F.3d at 255. Critically, the holding in

*Pillowtex* does not prohibit appointment of counsel on the mere specter of a preference claim; instead, there must be a "facially plausible claim of a substantial preference." *Id.* Notably, in *Pillowtex*, the Court noted that "[t]he U.S. Trustee maintained before the District Court that 'professionals entering bankruptcy cases protect themselves from the preference issue by obtaining a retainer, and they . . . draw down on the retainer during the 90 day period so as to avoid raising the issue of whether or not they received preferential payments.'" *Id.* Further, as discussed in *In re Lackawanna Med. Group, P.C.*, "a law firm that bills regularly and is paid in the ordinary course of its business and the business of the debtor, would obtain its fees as part of a contemporaneous exchange." 323 B.R. 626, 634 (Bankr. M.D. Pa. 2004) (citation omitted); *see also In re Rockaway Bedding, Inc.*, No. 07-14898, 2007 WL 1461319, at *4 n.4 (Bankr. D.N.J. May 14, 2007) (finding that a prepetition payment from a retainer for prospective case-related services "cannot constitute avoidable preferential transfers as they were not made on account of an antecedent debt").

6.      Neither SLC nor any other party has asserted a facially plausible claim of a substantial preference against OMM. That is because no such claims exist against OMM. Unlike the debtor's proposed counsel in *Pillowtex*, OMM disclosed all payments received from all parties on behalf of the Debtor within the past year. *See* Uhland Declaration ¶ 7. As set forth in the Uhland Declaration, OMM received (i) $80,000 as a retainer from the Debtor and Wei Gan on August 29, 2019; (ii) $120,000 as a retainer from Pacific Technology Holding LLC ("Pacific Technology"), on behalf of YT, on September 9, 2019; (iii) $179,668.97 from Pacific Technology, on behalf of YT, as a contemporaneous payment on October 4, 2019 for services rendered from August 8, 2019 to September 19, 2019; and (iv) $1,196,246.71 from the Debtor as a contemporaneous payment on October 14, 2019 for services rendered from August 26, 2019 to October 9, 2019. *See id.* OMM received these fees contemporaneously for services rendered in the ordinary course of its business

and its business with the Debtor. And most importantly, as of the Petition Date, OMM was not owed any money by the Debtor for prepetition fees. As such, the Debtor's prepetition payments to OMM are not avoidable transfers under section 547(c) of the Bankruptcy Code.

7.      Additionally, SLC challenges OMM's disinterestedness due to OMM's purported simultaneous representation of the Debtor and Pacific Technology. *See* SLC Objection at 3. OMM has never represented Pacific Technology. As disclosed in the Uhland Declaration, since April 2019, OMM has advised FF Global Partners LLC ("FF Global") on internal corporate governance matters unrelated to the Chapter 11 Case or the Debtor's estate. FF Global is the managing member of Pacific Technology, a member managed LLC. As a result, OMM has previously drafted documents regarding Pacific Technology matters on behalf of FF Global. However, Pacific Technology was not represented by OMM in connection with its prepetition loan to the Debtor, and another law firm—MagStone, LLP—serves as Pacific Technology's corporate counsel, including with respect to the loan between Pacific Technology and the Debtor and the proposed debtor in possession loan to be made to the Debtor.

## II.    OMM'S REPRESENTATION IS FOR A "SPECIFIED SPECIAL PURPOSE" AND FALLS WITHIN THE AMBIT OF SECTION 327(E) OF THE BANKRUPTCY CODE

8.      Under section 327(e) of the Bankruptcy Code, a debtor may retain special counsel if: (1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, and (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. *See* 11 U.S.C. § 327(e); *Meespierson, Inc. v. Strategic Telecom, Inc.*, 202 B.R. 845, 847 (D. Del. 1996). When evaluating the retention of special counsel under section 327(e) of the Bankruptcy Code,

> the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest and the role of general counsel.

*In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005 (citing *In re First Am. Health Care of Ga., Inc.*, 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr.18, 1996)). In its objection, SLC does not challenge OMM's retention under section 327(e) based on the second and fourth factors of section 327(e). Rather, SLC contends that OMM's representation is not for a "specified special purpose" because OMM "played a core role in putting together [Debtor's] proposed plan of reorganization." SLC Objection at 2. Further, SLC asserts that OMM's role amounts to "conducting the case" and thus, the Court should reject OMM's retention under section 327(e). *Id.*

9.      In making its objection, SLC ignores the underpinnings of this case and that the Debtor's efforts to restructure his debt obligations originated as an out-of-court exchange offer. The exchange offer and the subsequently filed plan of reorganization hinge on a single, complex transaction that entailed extensive corporate, securities, and tax work—the transfer of the Debtor's assets to a liquidating trust for the benefit of his creditors. As special corporate, litigation, and international counsel, OMM was retained by the Debtor for the "specified special purpose" of implementing the creditor trust transaction through either an out-of-court exchange offer or an in-court restructuring. As a result of its prepetition work with respect to the exchange offer, OMM became intimately familiar with the Debtor's affairs and is uniquely qualified to continue representing the Debtor in the Chapter 11 Case with respect to the formulation of the plan of reorganization within the scope of section 327(e) of the Bankruptcy Code. Moreover, in light of the majority of the Debtor's creditors being located in China, the Debtor requires counsel with a China-based office and Mandarin speakers to provide international expertise to the Debtor and

communicate (in Mandarin) with his creditors in China. OMM's China practice, based out of Hong Kong, coupled with its Los Angeles and New York offices uniquely enables OMM to provide the Debtor with the international counsel required to effectuate the creditor trust transaction and confirm the plan of reorganization.[3]

10.    SLC also contends that OMM's representation is not for a "specified special purpose" because OMM is "directly handling other matters clearly relating to this bankruptcy case," such as asserting that SLC's counsel has willfully violated the automatic stay. SLC Objection at 2. As an initial matter, as demonstrated by the correspondence attached to SLC's objection, SLC has mischaracterized OMM's action. In connection with its representation as lead counsel to the Debtor in the prepetition SLC litigation, the purpose of the email correspondence between OMM and SLC's counsel was to remind SLC of its affirmative duty to ensure that the automatic stay is respected. As set forth in the Application, one of OMM's specified special purposes is to represent the Debtor with respect to the SLC litigation. *See* Application ¶ 9. Accordingly, OMM's actions were in furtherance of such specified special purpose and do not rise to the level of conducting the case on the Debtor's behalf.

11.    Contrary to SLC's assertion that OMM and PSZ&J perform duplicative functions, the two firms have rendered legal services under a clear division of labor. PSZ&J, rather than OMM, represents the Debtor in conducting the Chapter 11 Case. PSZ&J's services include (i) providing legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued management of his property; (ii) preparing on behalf of the Debtor any necessary applications, motions, answers, orders, reports, and other legal papers; and (iii) appearing in Court

---

[3] Will Pao, the lead litigation partner based in Los Angeles, Li Han and Jhe-Yu Su, based in Hong Kong, and TJ Li, based in New York, all speak Mandarin. Further, an important aspect of this case will be obtaining recognition of the Chapter 11 Case in the BVI and the Cayman Islands to address the freezing injunctions against the Debtor's assets in those jurisdictions. OMM has experience with these matters and will be leading this strategy on behalf of the Debtor.

on behalf of the Debtor. *See Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession* Nunc Pro Tunc *to the Petition Date* [Docket No. 18] ¶ 8. These services are distinct from OMM's responsibilities that are outlined in the Application, which are primarily corporate in nature and international in scope. As discussed above, OMM's services are focused on implementing the complex corporate based transaction underlying the Debtor's plan of reorganization (including the execution of the creditor trust transaction), facilitating diligence and analysis with respect to the Debtor's complex ownership and financial structure of his US assets and the Debtor's pre-filing transactions, and addressing any prepetition litigation issues. In connection therewith, OMM is providing the Debtor with corporate, securities, tax, and international counsel that is distinct from the general bankruptcy counsel that PSZ&J is providing the Debtor. Thus, the Court should reject SLC's characterization that OMM's proposed retention significantly overlaps with the function of PSZ&J.

## **CONCLUSION**

12.     At its core, SLC's objection is just another meritless attempt to drag the Debtor through unnecessary motion practice and derail his Chapter 11 Case to the detriment of the creditor body as a whole. The record before the Court, including the Application, the Jia Declaration, the Uhland Declaration, and this reply, clearly establishes that OMM does not hold or represent an interest adverse to the Debtor or his estate and is a disinterested person within the meaning of section 101(14)(a) of the Bankruptcy Code.

13.     The Debtor is at a critical juncture in this Chapter 11 Case, evaluating all options to maximize recoveries for his creditors. OMM has an important role to play in that process, and the Debtor has demonstrated that OMM's retention is in the Debtor's best interests. Accordingly,

for the reasons described above, the Debtor respectfully requests that the Court overrule the SLC

Objection and approve the Application to retain OMM as the Debtor's special corporate, litigation,

and international counsel under section 327(e) of the Bankruptcy Code.

Dated:    December 13, 2019                    PACHULSKI STANG ZIEHL & JONES LLP
          Wilmington, Delaware

                                               */s/ James E. O'Neill*
                                               Richard M. Pachulski (CA Bar No. 90073)
                                               Jeffrey W. Dulberg (CA Bar No. 181200)
                                               Malhar S. Pagay (CA Bar No. 189289)
                                               James E. O'Neill (DE Bar No. 4042)
                                               919 N. Market Street, 17th Floor
                                               Wilmington, DE 19801
                                               Tel:    (302) 652-4100
                                               Fax:    (302) 652-4400
                                               Email: rpachulski@pszjlaw.com
                                                       jdulberg@pszjlaw.com
                                                       mpagay@pszjlaw.com
                                                       joneill@pszjlaw.com


                                               *Proposed Attorneys for the Debtor and Debtor in
                                               Possession*