**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---

| | |
|---|---|
| In re: | Chapter 11 |
| YUETING JIA,[1] | Case No. 19-12220 (KBO) |
| Debtor. | **Hearing Date: December 18, 2019 at 9:00 a.m. (ET)** |
| | Re: Docket No. 105 |

---

**REPLY IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING ROBERT MOON TO ACT AS FOREIGN REPRESENTATIVE PURSUANT TO SECTION 1505 OF THE BANKRUPTCY CODE**

Yueting Jia, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") submits this reply in support of the *Debtor's Motion for Entry of An Order Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of The Bankruptcy Code* [Docket No. 105] (the "Motion")[2] and in response to (i) *United States Trustee's Omnibus Objection to Debtor's Motion to Retain (i) PQBDN LLC to Provide the Debtor a Chief Restructuring Officer and (ii) Designate Robert Moon as Chief Restructuring Officer for the Debtor Nunc Pro Tunc to November 17, 2019, and Debtor's Motion for Entry of an Order Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of the Bankruptcy Code* [Docket No. 131] (the "UST Objection") and (ii) *Shanghai Lan Cai Asset Management Co, Ltd.'s Objections to (A) the Debtor's Motion to (i) Retain PQBDN LLC to Provide the Debtor a Chief Restructuring Officer and (ii) Designate Robert Moon as Chief Restructuring Officer for the Debtor Nunc Pro Tunc to November 17, 2019 and (B) the Debtor's*

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

[2] Capitalized terms used but not defined in this reply shall have the meanings used in the Motion.

*Motion for An Entry to An Order Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of the Bankruptcy Code* [Docket No. 129] (the "SLC Objection," and together with the UST Objection, the "Objections"). The Debtor respectfully requests that the Court overrule the Objections and grant the Motion for the reasons set forth below.

## REPLY

**I.  SECTION 1505 AUTHORIZES AN INDIVIDUAL CHAPTER 11 DEBTOR TO RETAIN A FOREIGN REPRESENTATIVE**

1. In its objection to the Motion, Shanghai Lan Cai Asset Management Co, Ltd. ("SLC") contends that the retention of a foreign representative on behalf of an individual chapter 11 debtor would be "unprecedented" and improper without providing any authority in support of its conclusory argument. SLC Objection at 2-3. SLC's interpretation of section 1505 creates an unnecessary conflict with the actual plain language of the statute. "[W]hen [a] statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004). The plain language of section 1505 of the Bankruptcy Code provides that, "[a] trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of *an estate* created under section 541." 11 U.S.C. § 1505 (emphasis added). Under section 541 of the Bankruptcy Code, upon the commencement of an individual chapter 11 case under section 301 of the Bankruptcy Code, including this Chapter 11 Case, a bankruptcy estate is created. 11 U.S.C. § 541.

2. Here, the Debtor's bankruptcy estate was created under section 541 of the Bankruptcy Code upon the commencement of the Chapter 11 Case. Thus, in accordance with the plain language of section 1505, the Debtor may appoint Mr. Moon as his foreign representative to act in the British Virgin Islands (BVI) and the Cayman Islands on behalf of the Debtor's estate.

As discussed in the Motion, the appointment of a foreign representative is necessary to assist the Debtor in seeking to lift the freezing injunction and any other restrictions on the Debtor's assets in the BVI and the Cayman Islands so that these assets may be contributed to the creditor trust for the benefit of the Debtor's creditors. The removal of these restrictions is critical to the success of the Debtor's Chapter 11 Case. To that end, Mr. Moon's responsibilities as foreign representative for the Debtor include "protecting the property of the Debtor's estate" and seeking "appropriate relief . . . in furtherance of the protection of the Debtor's estate." Motion ¶ 6. Because the Debtor's estate was created under section 541, and because Mr. Moon—with Court authorization—will act on behalf of the Debtor's estate in a foreign country, the Motion satisfies the requirements of section 1505, and Mr. Moon's appointment as foreign representative for the Debtor is entirely proper and appropriate.

## II.   SECTION 1505 DOES NOT CONTAIN A FIDUCIARY REQUIREMENT

3.   In its objection to the Motion, the U.S. Trustee argues that the language of section 1505 of the Bankruptcy Code "contemplates that the foreign representative should be an estate fiduciary such as a trustee or examiner." UST Objection ¶ 24. The U.S. Trustee's interpretation of section 1505 ignores the plain language of such statute, which clearly does not require that a foreign representative be a fiduciary of the estate, and the U.S. Trustee offers no authority to support its contention. Indeed, section 1505 specifically provides that a "trustee or *another entity*" may be authorized to act a foreign representative on behalf of the Debtor's estate. 11 U.S.C. § 1505 (emphasis added). If Congress wanted to limit foreign representatives to fiduciaries of the Debtor, Congress could have added such a limitation instead of including the broad language permitting "another entity" to serve as a foreign representative. *See N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 522-23 (1984) ("Obviously, Congress knew how to draft an exclusion for collective-bargaining agreements when it wanted to; its failure to do so in this instance indicates

3

that Congress intended that § 365(a) apply to all collective-bargaining agreements covered by the NLRA.").

4.  In the corporate chapter 11 context, it is not unusual for the debtor to seek authorization to appoint its chief restructuring officer or another officer of the debtor as the foreign representative of the debtor's estate under section 1505 of the Bankruptcy Code. *See, e.g.*, *In re OAS S.A.*, 533 B.R. 83, 83 (Bankr. S.D.N.Y. 2015) (holding that legal officer of the debtor was qualified to act as foreign representative); *In re Avanti Commc'n Grp. PLC*, 582 B.R. 603, 614 (Bankr. S.D.N.Y. 2018) (same); *Ad Hoc Grp. of Vitro Noteholders v. Vitro, S.A.B. de C.V.(In re Vitro, S.A.B. de C.V.)*, 470 B.R. 408, 411 (N.D. Tex. 2012), *aff'd*, 701 F.3d 1031 (5th Cir. 2012) (same). Because courts in the BVI and Cayman Islands are unfamiliar with individual debtors in possession, it is necessary for the Debtor to appoint Mr. Moon as foreign representative on behalf of the Debtor's estate to ensure the recognition of the Chapter 11 Case. The Debtor consulted with BVI counsel who advised that an English speaking foreign representative, such as Mr. Moon, would facilitate recognition of the Chapter 11 Case in the BVI and the Cayman Islands.

5.  Even if the U.S. Trustee's contention were correct (which it is not) that section 1505 imposes a fiduciary requirement, the relief sought in the Motion satisfies this requirement. As stated in the Motion, the Debtor requests that the Court authorize Mr. Moon to

> (i) seek recognition of the chapter 11 case in any BVI or Cayman Islands proceeding, (ii) request that the BVI and Cayman Islands courts lend assistance to this Court in protecting the *property of the Debtor's estate*, and (iii) seek any other appropriate relief from the BVI and Cayman Islands courts that he deems just and proper in furtherance of the *protection of the Debtor's estate*.

Motion ¶ 6 (emphasis added). This language makes clear that Mr. Moon will protect and act on behalf of the Debtor's estate rather than to the Debtor's personal benefit. *See Fulton State Bank v. Schipper (In re Schipper),* 109 B.R. 832, 835 (Bankr. N.D.Ill. 1989) (fiduciary duties include the

duty to protect and conserve property), *aff'd* 933 F.2d 513 (7th Cir.1991); *In re Intermagnetics America, Inc.,* 926 F.2d 912, 917 (9th Cir. 1991) (officers of a debtor-in-possession should act in the best interests of the estate as a whole and fulfill the accompanying fiduciary duties).

## **CONCLUSION**

6. The ability of the Debtor to lift any restrictions on his assets in the BVI and the Cayman Islands is instrumental to moving this case forward and confirming the Debtor's proposed plan of reorganization. Without the appointment of a foreign representative to act on behalf of the Debtor's estate in the BVI and the Cayman Islands, the Debtor will be unable to obtain this relief and the Debtor's restructuring will be jeopardized. Accordingly, for the reasons described above, the Debtor respectfully requests that the Court overrule the Objections and grant the Motion.

Dated: December 13, 2019  
    Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*  
Richard M. Pachulski (CA Bar No. 90073)  
Jeffrey W. Dulberg (CA Bar No. 181200)  
Malhar S. Pagay (CA Bar No. 189289)  
James E. O'Neill (DE Bar No. 4042)  
919 N. Market Street, 17th Floor  
Wilmington, DE 19801  
Tel: (302) 652-4100  
Fax: (302) 652-4400  
Email: rpachulski@pszjlaw.com  
    jdulberg@pszjlaw.com  
    mpagay@pszjlaw.com  
    joneill@pszjlaw.com

*Proposed Attorneys for Debtor and Debtor in Possession*