IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| YUETING JIA,[1] ) | Case No.: 19-12220 (KBO) |
| ) | |
| Debtor. ) | **Re: Docket Nos.: 89 and 130** |

### DEBTOR'S MOTION FOR LEAVE TO FILE SUR-REPLY TO THE UNITED STATES TRUSTEE'S RESPONSE TO SHANGHAI LAN CAI MANAGEMENT CO, LTD.'S MOTION (I) TO DISMISS THE DEBTOR'S CHAPTER 11 CASE OR, ALTERNATIVELY, (II) TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA

The above-captioned debtor and debtor in possession (the "Debtor" or "YT"), hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), granting the Debtor leave to file a sur-reply (the "Sur-Reply") in response to *The United States Trustee's Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California* [Docket No. 130] (the "UST Response"). The Sur-Reply is attached hereto as **Exhibit B**. In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C.

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

§ 157(b)(2), and the Debtor confirms their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein is sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

**Background**

4. On November 13, 2019, Shanghai Lan Cai Management Co, LTD ("Shanghai") filed the *Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California* [Docket No. 89] (the "Motion to Dismiss").

5. On December 5, 2019, O-Film Global (HK) Trading Limited and Nancheng O-Film Photoelectric Technology Co., LTD. ("O-Film") filed the *O-Film Global (HK) Trading Limited and Nancheng O-Film Photoelectric Technology Co., LTD.'s Joinder in Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California* [Docket No. 110].

6. On December 5, 2019, the Official Committee of Unsecured Creditors (the "Committee") filed *The Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California* [Filed: 12/5/19]

(Docket No. 111) and the Debtor filed the *Debtor's Opposition to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California* [Docket No. 112].

7.  On December 5, 2019, the Tibet Jinmeihua Investment Co. LTD. ("Tibet") filed the *Joinder of Tibet Jinmeihua Investment Co. LTD. to Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California* [Docket No. 113].

8.  On December 10, 2019, Shanghai filed the *Joinder in Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California* [Docket No. 121].

9.  On December 11, 2019, nine days after the deadline for responses to the Motion to Dismiss, the Office of the United States Trustee (the "UST") filed *The United States Trustee's Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California* [Docket No. 130] (the "UST Response") supporting the transfer of venue of this case. The UST Response in untimely and contains certain inaccuracies which the Debtor seeks to correct in the Sur-Reply.

### Relief Requested

10. The Debtor respectfully request entry of the Order granting the Debtor leave to file the Sur-Reply to the UST Response.

### Basis for Relief

11. Pursuant to 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), "[r]eply papers by the movant, or any party that has joined the movant, may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Del. Bankr. L.R. 9006-1(d). While the Local Rules for motions in the main bankruptcy case do not prohibit sur-replies, the Local Rules in adversary proceedings prohibit sur-replies without leave of court.

12. Rule 7007-1(a) of the Local Rules provides for an opening brief, an answering brief, and a reply brief, and Rule 7007-1(b) provides that "[n]o additional briefs, affidavits or other papers in support of or in opposition to the motion shall be filed without prior approval of the Court . . . ." Del. Bankr. L.R. 7007-1.

13. In an abundance of caution, the Debtor seeks leave of Court to file the Sur-Reply. The Debtor believes the Sur-Reply will assist the Court in its consideration of the Motion.

### Notice

14. Notice of this Motion shall be given by email or overnight mail to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the Official Committee of Unsecured Creditors and (c) all parties who have filed a notice of appearance and request for service of papers pursuant to

Bankruptcy Rule 2002. Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests entry of the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 13, 2019                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tel:    (302) 652-4100
Fax:   (302) 652-4400
Email: rpachulski@pszjlaw.com
          jdulberg@pszjlaw.com
          mpagay@pszjlaw.com
          joneill@pszjlaw.com

Proposed Attorneys for Debtor and Debtor in Possession