IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YUETING JIA,[1]<br><br>　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 19-12220 (KBO)<br><br>Related Docket No. 89 |

**Hearing Date: December 18, 2019, at 10:00 a.m. (ET)**

**DEBTOR'S SUR-REPLY TO UNITED STATES TRUSTEE'S RESPONSE TO SHANGHAI LAN CAI ASSET MANAGEMENT CO, LTD.'S MOTION (I) TO DISMISS THE DEBTOR'S CHAPTER 11 CASE OR, ALTERNATIVELY, (II) TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA (D.E. 89, "MOTION")**

Yueting Jia, the debtor and debtor in possession (the "Debtor" or "YT") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby files his sur-reply[2] to address certain statements contained in the United States Trustee's ("UST") response [Docket No. 130] (the "UST Response") to *Shanghai Lan Cai Asset Management Co, Ltd.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California* [Docket No. 89] (the "Motion"), and states as follows:

1. The UST Response stakes out an impossible position that reads away key elements of 28 U.S.C. § 1408 and technically would, if followed, eliminate most chapter 11 filings in this jurisdiction. Despite the fact that the Committee and the Debtor each have opposed the Motion, and movant Shanghai Lan Cai Asset Management Co., Ltd. ("SLC"), has repeatedly shown itself to be oblivious to the concerns of other creditors holding billions of

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, California 90275.
[2] As set forth in the accompanying motion seeking permission to file this sur-reply, the UST Response was untimely filed on December 11, 2019.

dollars in claims (as witnessed by its all-out assault on the Chapter 11 Case in an effort to get the case dismissed so it may try and enforce its prepetition lien), the UST now insists that SLC's narrative must prevail and that the Debtor's selected forum is either improper or inconvenient.

2.    The UST argues that it will be more convenient for *the Debtor* to administer his Chapter 11 Case in California, even though it was the Debtor who selected Delaware as the venue for this Chapter 11 Case in the first instance.[3] The Debtor's principal assets are membership interests in Delaware limited liability companies valued at approximately $1.2 billion. The transfer of these interests to a creditor trust for the benefit of all creditors is the foundation of the Debtor's proposed plan of reorganization. As the Debtor's previously-filed Opposition to the Motion makes clear, 28 U.S.C. § 1408 permits the Debtor to select this venue based upon the value of those membership interests as his principal, if not sole material, assets in the United States.

3.    In making assertions about the Debtor's ability to select Delaware as a venue in the first place, the UST conflates the Debtor's assets with those of entities in which the Debtor holds an interest. As already presented in his Opposition, and as set forth in his Schedules, the Debtor is an individual whose principal asset in the U.S. is his interest in Pacific

---

[3] The Debtor's choice of this forum is entitled to great weight. *See e.g., In re Restaurants Acquisition I, LLC*, 2016 Bankr. LEXIS 684, at *7 (Bankr. D. Del. Mar. 4, 2016) ("movant bears the burden of demonstrating that the factors strongly weigh in favor of a transfer as courts will generally grant substantial deference to a debtor's choice of forum"); *In re Ocean Properties of Delaware, Inc.*, 95 B.R. 304, 305 (Bankr. D. Del. 1988) (same). Therefore, a court considering a venue-transfer motion "should exercise its power to transfer cautiously, and the party moving for the transfer must show by a preponderance of the evidence that the case should be transferred." *CORCO*, 596 F.2d at 1241 (citations omitted); *accord, In re Fairfield Puerto Rico, Inc.*, 333 F. Supp. 1187, 1989 (D. Del. 1971) ("This Court should not freely abandon to any other district its duty to determine a matter clearly within its jurisdiction."); *In re Rehoboth Hospitality, LP*, 2011 2011 Bankr LEXIS 3992, at *10 (Bankr. D. Del. 2011) ("The burden of proof is on the moving party requesting transfer."). "A party seeking to have a case transferred pursuant to 1412, must 'overcome the presumption that the debtor is entitled to file and maintain his case in the venue in which he filed it.'" *Acor*, 510 B.R. at 592 (quoting *In re Ginco, Inc.*, 70 B.R. 2, 4 (Bankr. D.N.M. 1986)).

2

Technology Holding LLC ("Pacific Technology"), a portion of which is held through West Coast LLC ("West Coast" and, together with Pacific Technology, the "Delaware LLCs"). The UST Response instead discusses FF Global Partners LLC, an entity in which the Debtor has no interest (and, consequently, does not include in his Schedules), and makes no mention of Pacific Technology, a Delaware limited liability company that was formed on July 26, 2018.[4]

4. As set forth in the Debtor's Amended Disclosure Statement, the Debtor's interest in Pacific Technology is the cornerstone of the Plan and is the primary mechanism for transferring value to creditors as anticipated in the Plan:

> Under the Plan, YT is proposing to satisfy his debts by contributing his interests in Smart King Ltd. ("Smart King"), the parent company of FF [Faraday Future], which consist of all of his legally recognized personal assets ... to a liquidating trust (the "Trust") for the benefit of his creditors as "Trust Assets."
> ...
>
> Specifically, YT's interests consist of:
>
> • The right to direct **Pacific Technology** ... to direct FF Top to transfer 147,048,823 Class B shares of Smart King currently owned by FF Top, representing 10% of Smart King's equity interests, to a creditor trust at the direction of YT; and
> • 100% of the preferred units of **Pacific Technology**, which entitle YT to (1) a priority distribution of up to $815.7 million (subject to certain adjustments) from **Pacific Technology's** 30.8% of Smart King's equity interest, after the return of capital to the management, (2) a special distribution of 10% of the remaining amounts from **Pacific Technology's** 30.8% of Smart King's equity interest, and (3) thereafter a distribution based on YT's 20% percentage interest of the units of **Pacific Technology**.

Amended Disclosure Statement, 1 at I (Emphasis added).

---

[4] A true and correct copy of the Certificate of Formation for Pacific Technology is attached to the Debtor's Opposition as Exhibit "A".

5. As is apparent from the Plan and as described in the Amended Disclosure Statement, Delaware corporate and legal organizational matters surrounding the transfer of equity interests – including those of the Delaware LLCs – to a trust to be created for the benefit of creditors, will be issues likely to be encountered in connection with the Debtor's reorganization. Contrary to what the UST Response implies, neither this Court nor any other bankruptcy court would be called upon to address operational or other geographically-based issues relating to Faraday Future, the California technology and automotive company in which the Debtor holds indirect interests.[5]

6. As noted, with respect to the Delaware LLCs, each of them is registered in the State of Delaware. For purposes of determining the location of principal assets as part of a venue determination, the location of a debtor's membership interests in a limited liability company is the state in which such limited liability company is registered. *See, e.g., Montana Dep't of Revenue v. Blixseth (In re Blixseth)*, 484 B.R. 360, 370-71 (BAP 9th Cir. 2012) (holding that, for venue purposes, a debtor's principal assets consisting of intangible equity interests in a limited liability company and limited liability limited partnership were located in the state where they were formed, not in the state of the debtor's residence). *See also In re Global Ocean Carriers Ltd.*, 251 B.R. 31, 37 (Bankr. D. Del. 2000) (the owner of stock in a corporation incorporated in Delaware has property in Delaware for purposes of satisfying section 109(a) of the Bankruptcy Code). *Accord, In re Silicon Valley Innovation Co.*, 2012 Bankr. LEXIS 4034 (Bankr. N.D. Cal. Aug. 30, 2012) (stock of corporation located in state of incorporation, not state

---

[5] As the parties themselves have pointed out, Faraday Future is not a debtor in chapter 11.

where it had its headquarters). Accordingly, it is indisputable that the Debtor's selection of Delaware as a venue at the outset was a valid choice – beyond it being the soundest selection as well.

7. The Debtor's current interests in the Delaware LLCs are valued at approximately $320 million and $862 million,[6] respectively, and, as reflected in the Schedules, are the Debtor's material U.S. assets. The Debtor's interests in the LLCs, therefore, constitute his principal assets for purposes of venue in Delaware under section 1408. Consequently, the UST's assertion that "[t]he Debtor's principal assets in the United States are located in California" is incorrect. UST Response, 4 at ¶ 12.

8. Additionally, the UST Response contains the unsubstantiated assertion that "[t]he United States Bankruptcy Court for the Central District of California is as well-suited, or better-suited, to handle the numerous California-specific issues that will inevitably arise in th[is] case[], such as his exemptions, community property issues, [and] issues relating to the real property in which the Debtor resides." UST Response, 7 at ¶ 20.

9. To the contrary, it's difficult to imagine what these "numerous California-specific issues" might be. First, the Chapter 11 Case does not involve consumer issues and the Debtor is not an owner of real property in California, so it is highly unlikely that the limited and modest exemptions available under applicable law will be material in a case involving at least

---

[6] The values of the Debtor's interests in Pacific Technologies and West Coast are set forth in the Debtor's Schedules of Assets and Liabilities filed with the Court on October 17, 2019 [Docket No. 28] (the "Schedules"), and are based on the valuation of Smart King following a December 21, 2018, Restructuring Agreement with Evergrande Health Industry. West Coast holds a 6.16% interest in Smart King and Pacific Technology holds a 10% interest in Smart King.

5

$3.5 billion in business-related debts. Second, the Debtor's marriage and pending divorce proceedings are governed by, and his spouse resides in, the People's Republic of China – a community property jurisdiction – not California. Finally, there is no indication that any issues will arise in this (or would arise in any other) bankruptcy court relating to the residence leased by the Debtor. Simply stated, there are no California-specific issues likely to arise in this Chapter 11 Case.

10. In sum, the Debtor properly selected the Delaware venue as among the options presented by section 1408, the Chapter 11 Case will involve issues of Delaware law, and the Debtor, not to mention the Committee and other creditors,[7] believes the current venue is most convenient given these elements.

WHEREFORE, the Debtor respectfully requests that the Court enter its order (a) denying the Motion; and (b) granting the Debtor such other and further relief as is just and proper.

---

[7] *See, e.g., Joinder of Tibet Jinmeihua Investment Co. Ltd. to Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Asset Management Co, Ltd.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case, or Alternatively, (II) to Transfer Venue to the Central District of California* [Docket No. 113], filed by Tibet Jinmeihua Investment Co. Ltd.

| | |
|---|---|
| Dated: December 13, 2019<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ James E. O'Neill*<br>Richard M. Pachulski (CA Bar No. 90073)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>Malhar S. Pagay (CA Bar No. 189289)<br>James E. O'Neill (DE Bar No. 4042)<br>919 N. Market Street, 17th Floor<br>Wilmington, DE 19801<br>Tel:    (302) 652-4100<br>Fax:   (302) 652-4400<br>Email: rpachulski@pszjlaw.com<br>           jdulberg@pszjlaw.com<br>           mpagay@pszjlaw.com<br>           joneill@pszjlaw.com<br><br>Proposed Attorneys for Debtor and Debtor in Possession |