IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| YUETING JIA,[1] ) | Case No.: 19-12220 (KBO) |
| ) | |
| Debtor. ) | **Re: Docket No. 156** |

## AMENDED[2] NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON DECEMBER 18, 2019 AT 10:00 A.M. (PREVAILING EASTERN TIME), BEFORE THE HONORABLE KAREN B. OWENS AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, LOCATED AT 824 NORTH MARKET STREET, 6TH FLOOR, COURTROOM NO. 3, WILMINGTON, DELAWARE 19801[3]

## RESOLVED MATTERS:

1. Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Lowenstein Sandler LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of October 25, 2019 [Filed: 11/25/19] (Docket No. 99)

   Response Deadline: December 9, 2019, at 4:00 p.m.

   Responses Received: None.

   Related Documents:

   a. [Signed] Order Authorizing and Approving the Employment and Retention of Lowenstein Sandler LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of October 25, 2019 [Filed: 12/12/19] (Docket No. 132)

   Status: The Court has entered an order on this matter.

2. Application of the Official Committee of Unsecured Creditors of the Debtor, Yeuting Jia, for Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisor *Nunc Pro Tunc* to October 30, 2019 [Filed: 11/25/19] (Docket No. 100)

---

[1] The last four digits of the Debtor's federal tax identification number are 8972. The Debtor's mailing address is 91 Marguerite Drive, Rancho Palos Verdes, CA 90275.

[2] Amended items are in bold.

[3] Any party who wishes to attend telephonically is required to make arrangements through CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946).

Response Deadline: December 9, 2019, at 4:00 p.m.

Responses Received: None.

Related Documents:

a. [Signed] Order Authorizing Employment and Retention of Alvarez & Marsal North America, LLC as Financial Advisor *Nunc Pro Tunc* to October 30, 2019 [Filed: 12/12/19] (Docket No. 133)

Status: The Court has entered an order on this matter.

3. Application of the Official Committee of Unsecured Creditors of Yeuting Jia, for Entry of an Order Authorizing the Employment and Retention of Potter Anderson & Corroon LLP as Delaware Counsel *Nunc Pro Tunc* to October 25, 2019 [Filed: 11/25/19] (Docket No. 101)

Response Deadline: December 9, 2019, at 4:00 p.m.

Responses Received: None.

Related Documents:

a. [Signed] Order Authorizing the Employment and Retention of Potter Anderson & Corroon LLP as Delaware Counsel *Nunc Pro Tunc* to October 25, 2019 [Filed: 12/12/19] (Docket No. 135)

Status: The Court has entered an order on this matter.

**CONTINUED MATTER:**

4. Debtor's Motion for an Order (I) Approving Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines and (IV) Granting Related Relief [Filed: 12/4/19] (Docket No. 109)

Response Deadline: Extended to December 20, 2019, at 4:00 p.m.

Responses Received:

a. Shanghai Lan Cai Asset Management Co, LTD's Objection to and Reservation of Rights in Connection with the Debtor's Motion for an Order (I) Approving Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines and (IV) Granting Related Relief [Filed: 12/4/19] (Docket No. 139)

b. O-Film Global (HK) Trading Limited and Nanchang O-Film Photoelectric Technology Co., LTD.'s Preliminary Objection to the Debtor's Motion for an Order (I) Approving Disclosure Statement, (II) Approving Voting and Tabulation

2

Procedures, (III) Setting Confirmation Hearing and Related Deadlines and (IV) Granting Related Relief [Filed: 12/13/19] (Docket No. 140)

c. Chongqing Strategic Emerging Industry Leeco Cloud Special Equity Investment Fund Partnership's Objection to Debtor's Motion for an Order (I) Approving Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines and (IV) Granting Related Relief [Filed: 12/13/19] (Docket No. 142)

Related Documents:

a. Debtor's Prepackaged Plan of Reorganization [Filed: 10/14/19] (Docket No. 4)

b. Disclosure Statement for a Prepackaged Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code [Filed: 10/14/19] (Docket No. 5)

c. Amended Disclosure Statement with Respect to Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Filed: 11/15/19] (Docket No. 94)

d. Blackline of Disclosure Statement for a Prepackaged Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code [Filed: 11/15/19] (Docket No. 95)

e. Notice of Hearing to Consider Approval of Debtor's Proposed Amended Disclosure Statement for Debtor's Plan of Reorganization [Filed: 11/15/19] (Docket No. 96)

f. [Proposed] Order (I) Approving Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines and (IV) Granting Related Relief [Filed: 12/4/19] (Docket No. 109, Exhibit A)

g. Notice of Rescheduled Hearing Regarding Debtor's Motion for an Order (I) Approving Disclosure Statement, (II) Approving Voting and Tabulation Procedures, (III) Setting Confirmation Hearing and Related Deadlines and (IV) Granting Related Relief [Filed 12/13/19] (Docket No. 147)

Status: This matter has been continued to January 8, 2020 at 2:30 p.m.

## CONTESTED MATTERS GOING FORWARD:

5. Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor In Possession *Nunc Pro Tunc* to the Petition Date [Filed: 10/17/19] (Docket No. 18)

Response Deadline: November 8, 2019, at 4:00 p.m. *(Extended until November 11, 2019 at 4:00 p.m. (ET) for Shanghai Lan Cai Asset Management Co, LTD)*

3

Responses Received:

a. Shanghai Lan Cai Asset Management Co, LTD's Objection to the Debtor's Application to Retain Pachulski Stang Ziehl & Jones LLP [Filed: 12/11/19] (Docket No. 128)

Reply Deadline: December 13, 2019 at 4:00 p.m.

Replies Received:

a. Debtors' Reply to Shanghai Lan Cai Asset Management Co, LTD.'s Objection to the Debtor's Application to Retain Pachulski Stang Ziehl & Jones LLP [Filed: 12/13/19] (Docket No. 141)

Related Documents:

a. [Proposed] Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor In Possession *Nunc Pro Tunc* to the Petition Date [Filed: 10/17/19] (Docket No. 18)

b. Omnibus Declaration of Yueting Jia in Support of (A) Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor In Possession *Nunc Pro Tunc* to the Petition Date; (B) Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Epiq Corporate Restructuring, LLC as Administrative Advisor for the Debtor, *Nunc Pro Tunc* to the Petition Date; and (C) Application of Debtor for Entry of Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of Petition Date [Filed: 10/17/19] (Docket No. 19)

c. Interpreter-Translator Declaration of Shan He Re: Omnibus Declaration of Yueting Jia in Support of (A) Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor In Possession *Nunc Pro Tunc* to the Petition Date; (B) Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Epiq Corporate Restructuring, LLC as Administrative Advisor for the Debtor, *Nunc Pro Tunc* to the Petition Date; and (C) Application of Debtor for Entry of Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of Petition Date [Filed: 10/18/19] (Docket No. 30)Notice of Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor

4

and Debtor In Possession *Nunc Pro Tunc* to the Petition Date [Filed: 10/18/19] (Docket No. 30)

    d.    Declaration of James E. O'Neill in Support of Debtor's Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor In Possession *Nunc Pro Tunc* to the Petition Date [Filed: 10/25/19] (Docket No. 46)

    e.    Declaration of Yueting Jia in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor In Possession *Nunc Pro Tunc* to the Petition Date [Filed: 10/25/19] (Docket No. 47)

Status: The matter will go forward.

6.    Debtor's Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for an Order Authorizing the Retention and Employment of O'Melveny & Myers LLP, as Special Corporate, Litigation, and International Counsel to the Debtor *Nunc Pro Tunc* to the Petition Date [Filed: 11/14/19] (Docket No. 90)

Response Deadline: December 2, 2019, at 4:00 p.m.

Responses Received:

    a.    Informal Response from the Office of the United States Trustee

    b.    Shanghai Lan Cai Asset Management Co, LTD.'s Objection to the Debtor's Application to Retain O'Melveny & Myers LLP, as Special Corporate, Litigation, and International Counsel to the Debtor [Filed: 12/2/19] (Docket No. 106)

Reply Deadline: December 13, 2019 at 4:00 p.m.

Replies Received:

    a.    Reply in Support of Debtor's Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for an Order Authorizing the Retention and Employment of O'Melveny & Myers LLP, as Special Corporate, Litigation, and International Counsel to the Debtor *Nunc Pro Tunc* to the Petition Date [Filed: 12/13/19] (Docket No. 144)

5

Related Documents:

a.  [Proposed] Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of O'Melveny & Myers LLP, as Special Corporate, Litigation, and International Counsel [Filed: 11/14/19] (Docket No. 90, Exhibit A)

Status: This matter will go forward.

7.  Debtor's Motion to (I) Retain PQBDN LLC to Provide the Debtor a Chief Restructuring Officer and (II) Designate Robert Moon as Chief Restructuring Officer for the Debtor *Nunc Pro Tunc* to November 17, 2019 [Filed: 11/27/19] (Docket No. 104)

    Response Deadline: December 11, 2019, at 4:00 p.m.

    Responses Received:

    a.  Shanghai Lan Cai Asset Management Co, LTD.'s Objection to (A) The Debtor's Motion to (I) Retain PQBDN LLC to Provide the Debtor a Chief Restructuring Officer and (II) Designate Robert Moon as Chief Restructuring Officer for the Debtor *Nunc Pro Tunc* to November 17, 2019 and (B) Debtor's Motion for Entry of an Order Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of the Bankruptcy Code [Filed: 12/11/19] (Docket No. 129)

    b.  United States Trustee's Omnibus Objection to Debtor's Motion to (I) Retain PQBDN LLC to Provide the Debtor a Chief Restructuring Officer and (II) Designate Robert Moon as Chief Restructuring Officer for the Debtor *Nunc Pro Tunc* to November 17, 2019 ("Motion", D.E. 104), and Debtor's Motion for Entry of an Order Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of the Bankruptcy Code (D.E. 105, "Foreign Representative Motion") [Filed: 12/11/19] (Docket No. 131)

    Related Documents:

    a.  [Proposed] Order Granting Debtor's Motion to (I) Retain PQBDN LLC to Provide the Debtor a Chief Restructuring Officer and (II) Designate Robert Moon as Chief Restructuring Officer for the Debtor *Nunc Pro Tunc* to November 17, 2019 [Filed: 11/27/19] (Docket No. 104, Exhibit C)

    Status: This matter will go forward.

8.  Debtor's Motion for Entry of an Order Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of the Bankruptcy Code [Filed: 11/27/19] (Docket No. 105)

    Response Deadline: December 11, 2019, at 4:00 p.m.

Responses Received:

a.  Shanghai Lan Cai Asset Management Co, LTD.'s Objection to (A) The Debtor's Motion to (I) Retain PQBDN LLC to Provide the Debtor a Chief Restructuring Officer and (II) Designate Robert Moon as Chief Restructuring Officer for the Debtor *Nunc Pro Tunc* to November 17, 2019 and (B) Debtor's Motion for Entry of an Order Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of the Bankruptcy Code [Filed: 12/11/19] (Docket No. 129)

b.  United States Trustee's Omnibus Objection to Debtor's Motion to (I) Retain PQBDN LLC to Provide the Debtor a Chief Restructuring Officer and (II) Designate Robert Moon as Chief Restructuring Officer for the Debtor *Nunc Pro Tunc* to November 17, 2019 ("Motion", D.E. 104), and Debtor's Motion for Entry of an Order Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of the Bankruptcy Code (D.E. 105, "Foreign Representative Motion") [Filed: 12/11/19] (Docket No. 131)

Reply Deadline: December 13, 2019 at 4:00 p.m.

Replies Received:

a.  Reply in Support of Debtor's Motion for Entry of An Order Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of The Bankruptcy Code [Filed: 12/13/19] (Docket No. 146)

Related Documents:

a.  [Proposed] Order Authorizing Robert Moon to Act as Foreign Representative Pursuant to Section 1505 of the Bankruptcy Code [Filed: 11/27/19] (Docket No. 105, Exhibit A)

Status: This matter will go forward.

9.  Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 11/13/19] (Docket No. 89)

    Response Deadline: December 2, 2019, at 4:00 p.m. *(extended for the Debtor)*

    Responses Received:

    a.  O-Film Global (HK) Trading Limited and Nancheng O-Film Photoelectric Technology Co., LTD.'s Joinder in Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/5/19] (Docket No. 110)

7

b.  The Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/5/19] (Docket No. 111)

c.  Debtor's Opposition to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/5/19] (Docket No. 112)

d.  Joinder of Tibet Jinmeihua Investment Co. LTD. To Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/5/19] (Docket No. 113)

e.  Joinder in Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/10/19] (Docket No. 121)

f.  United States Trustee's Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/11/19] (Docket No. 130)

g.  Beijing Haidian Technology Financial Capital Holding Group Co., LTD.'s Joinder in Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/12/19] (Docket No. 136)

h.  Joinder in Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/13/19] (Docket No. 138)

i.  Joinder of China Minsheng Trust Co., LTD. to Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/15/19] (Docket No. 151)

j.  Joinder of Jiangyin Hailan Investment Holding Co., LTD. to Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/15/19] (Docket No. 152)

k.  Joinder of Shanghai Leyu Chuangye Investment Management Center LP to Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or,

Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/16/19] (Docket No. 153)

l. Han's San Jose Hospitality LLC's Joinder in Shanghai Lan Cai Asset Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/16/19] (Docket No. 155)

m. **Ningbo Hanzhou Bay New Area Leran Investment Management Partnership (Limited Partnership)'s Joinder to Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California and to Debtor's Opposition to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/17/19] (Docket No. 165)**

n. **Linfen Investment Group, LTD.'s Joinder to Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California and to Debtor's Opposition to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/17/19] (Docket No. 166)**

o. **China Consumer Capital Fund II, L.P.'s Joinder to Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California and to Debtor's Opposition to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/17/19] (Docket No. 167)**

p. **Chian Soft Growing Investment (WUXI) Partnership's Joinder to Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California and to Debtor's Opposition to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/17/19] (Docket No. 168)**

q. **Weidong Zhu's Joinder to Official Committee of Unsecured Creditors' Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California and to Debtor's Opposition to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the**

Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/17/19] (Docket No. 169)

r.  Letter Response of Huizhou Shibei Second Curve Capital Management Center Limited Partnership to Shanghai Lan Cai Management Co, LTD.'s Motion to Dismiss Case [Filed: 12/17/19] (Docket No. 170)

s.  Interpreter-Translator Declaration of Shan He Re: Certain Creditors' Letters in Opposition to the Motion (I) to Dismiss the Debtor's Chapter 11 Case Or, Alternatively (II) to Transfer Venue to the Central District of California [Filed: 12/17/19] (Docket No. 172)

Reply Deadline: December 13, 2019 at 4:00 p.m.

Replies Received:

a.  Reply in Further Support of Shanghai Lan Cai Asset Management Co, Ltd.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/13/19] (Docket No. 148)

b.  Debtors' Motion for Leave to File Sur-Reply to the United States Trustee's Response to Shanghai Lan Cai Management Co, Ltd.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/13/19] (Docket No. 149)

   (i)   [Proposed] Order Granting Debtor's Motion for Leave to File Sur-Reply to the United States Trustee's Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/13/19] (Docket No. 149, Exhibit A)

   (ii)  Debtor's Sur-Reply to United States Trustee's Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/13/19] (Docket No. 149, Exhibit B)

   (iii) [Signed] Order Granting Debtor's Motion for Leave to File Sur-Reply to the United States Trustee's Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/16/19] (Docket No. 158)

   (iv)  Debtor's Sur-Reply to United States Trustee's Response to Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 12/17/19] (Docket No. 159)

Related Documents:

a. [Proposed] Order Granting Shanghai Lan Cai Management Co, LTD.'s Motion (I) to Dismiss the Debtor's Chapter 11 Case or, Alternatively, (II) to Transfer Venue to the Central District of California [Filed: 11/13/19] (Docket No. 89)

Status: This matter will go forward.

Dated: December 17, 2019         PACHULSKI STANG ZIEHL & JONES LLP

/s/ *James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Jeffrey W. Dulberg (CA Bar No. 181200)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tel:   (302) 652-4100
Fax:   (302) 652-4400
Email: rpachulski@pszjlaw.com
       jdulberg@pszjlaw.com
       mpagay@pszjlaw.com
       joneill@pszjlaw.com

Proposed Attorneys for Debtor and Debtor in Possession